IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



FILED

JAN 17 2008

USDC WP SDNY

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

               Plaintiff,

    - vs -

JAMES R. DUGAN, II, STEPHEN B.
MURRAY d/b/a THE MURRAY LAW FIRM,
RAWLINGS AND ASSOCIATES, PLLC,
GREG MURPHY, MORAIN & MURPHY, LLC,
WALLACE JORDAN RATLIFF & BRANDT,
LLC, ELWOOD S. SIMON & ASSOCIATES,
P.C., KERSHAW, CUTTER & RATINOFF,
LLP, BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, MARK
FISCHER, GEORGE RAWLINGS,

               Defendants.

Case No. **08 CIV. 0461**

HONORABLE

**ECF CASE**

# JUDGE KARAS

## COMPLAINT AND BILL IN THE NATURE OF AN INTERPLEADER

1.    Plaintiff, Lowey Dannenberg Cohen, P.C. (formerly known as Lowey Dannenberg

Bemporad Selinger & Cohen, P.C.) ("Lowey Dannenberg"), in its role as account holder of, and

party with interest in, Citibank Account No. 009977643705, titled "Lowey Dannenberg

Bemporad Selinger & Cohen, P.C. as Attorneys for the Rezulin Settlement Fund," hereby files

this *in rem* statutory interpleader action pursuant to 28 U.S.C. § 1335 to determine the relative

interests of Plaintiff and Defendants in a disputed portion of such fund.

2.    The fund was created through a settlement of two categories of claims:  (a)

discontinuance of litigation between two health benefit providers (the "litigating insurers") and

Warner Lambert Company ("Warner Lambert") concerning purchases of the prescription drug

Rezulin (the "Rezulin Litigation"); and (b) various claims relating to any and all Pfizer products

which could be asserted at any time prior to June 30, 2012 by (i) the two litigating insurers and

(ii) 64 other non-litigating insurers against Warner Lambert or its parent company Pfizer

(collectively "Pfizer") or Pfizer's affiliates.

3.     Plaintiff had primary responsibility for the litigation and settlement of this matter

over the course of the last seven years, and has a substantial fee interest in the Fund.  Pursuant to

the terms of the settlement agreements, all monies due and owing to the clients have been paid,

and all remaining funds in the Rezulin Settlement Fund represent monies which are payable to

legal counsel to reimburse disbursements and to pay attorneys' fees incurred in connection with

the settlement and in connection with the litigation.

4.     Because a dispute has arisen among certain of the counsel claiming interests in the

Rezulin Settlement Fund, Lowey Dannenberg hereby interpleads the sum of $4,555,657.02,

representing the entire amount of the Rezulin Settlement Fund, into the registry of the Clerk of

the Court.

5.     By this action, Lowey Dannenberg seeks  (a) a disposition concerning the

entitlement of the Plaintiff and the Defendants to share in the Rezulin Settlement Fund among

interested claimant counsel, and (b) *pendente lite*, an injunction, pursuant to 28 U.S.C. § 2361,

against Defendants James R. Dugan II and Stephen B. Murray, d/b/a The Murray Law Firm from

prosecuting a Petition they filed in the Civil District Court of the Parish of Orleans in New

Orleans, Louisiana to determine its entitlement to money from the Rezulin Settlement Fund.

## I.    THE PARTIES

6.      Plaintiff Lowey Dannenberg is a law firm organized as a professional corporation under the law of the State of New York.  Lowey Dannenberg's principal place of business is located in White Plains, New York.  Lowey Dannenberg is suing in its capacity as the holder of a fund, the Rezulin Settlement Fund, to which there are competing claims, and as a claimant to a substantial portion of the Rezulin Settlement Fund.  Lowey Dannenberg has no office in Louisiana, no lawyers admitted to practice in Louisiana and is not subject to the personal jurisdiction of the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

7.      Defendant Rawlings & Associates, PLLC ("Rawlings & Associates"), is a law firm organized as a professional limited liability corporation under the law of the State of Kentucky.  Rawlings & Associates' principal place of business is located in LaGrange, Kentucky. Defendants Mark Fischer and George Rawlings are principals with the firm of Rawlings & Associates.  Rawlings & Associates and Fischer are subject to the jurisdiction of this Court, having appeared in the Rezulin Litigation, and Mr. Rawlings consents to the jurisdiction of this Court for purposes of this action.

8.      Defendant Greg Murphy ("Murphy") is a natural person residing in East Baton Rouge, Louisiana.  Mr. Murphy is an attorney licensed to practice law in Louisiana and is a shareholder in Defendant Morain & Murphy, LLC.  Mr. Murphy is subject to the personal jurisdiction of this Court as he entered his appearance in the Rezulin Litigation and has attended court conferences in the Rezulin Litigation in this District.

9.      Defendant Morain & Murphy, LLC ("Morain & Murphy") is a law firm organized as a limited liability company under the laws of the State of Louisiana.  Morain & Murphy's

2027 / CMP / 00086267.WPD v3                   3

principal place of business is located in Baton Rouge, Louisiana. Morain & Murphy is subject to the personal jurisdiction of this Court as it entered its appearance in the Rezulin Litigation and its shareholder, Murphy, attended conferences in this Court in the Rezulin Litigation.

10. Defendant James R. Dugan II ("Dugan") is an attorney who resides in, and is licensed to practice law in, Louisiana. Mr. Dugan is subject to the personal jurisdiction of this Court as he entered his appearance in this Court in the Rezulin Litigation, filed intervention motions before the Second Circuit Court of Appeals in the appeal from the dismissal of the Rezulin Litigation, and attended conferences in this Court in the Rezulin Litigation.

11. Defendant Stephen B. Murray, d/b/a The Murray Law Firm ("Murray"), is a natural person who resides in, and is licensed to practice law in, Louisiana. Mr. Murray is subject to the personal jurisdiction of this Court as he has entered his appearance in this Court on behalf of his clients in Rezulin-related litigation, continues to prosecute such claims in this Court, filed intervention motions before the Second Circuit Court of Appeals in the appeal from the dismissal of the Rezulin Litigation, and claims an interest in the Rezulin Settlement Fund.

12. Defendant Wallace Jordan Ratliff & Brandt, LLC ("Wallace Jordan") is a law firm organized as a limited liability partnership under the laws of the State of Alabama. Wallace Jordan's principal place of business is located in Birmingham, Alabama. Wallace Jordan is subject to the personal jurisdiction of this Court as it has an interest in the Rezulin Settlement Fund, as it was exclusive legal counsel to several of the non-litigating insurers whose settlements were responsible in part for the creation and funding of the Rezulin Settlement Fund. Its partner in charge of this matter, Kim West, has informed Plaintiff it consents to the jurisdiction of this Court to determine the relative rights of the various claimants to the Rezulin Settlement Fund.

Wallace Jordan is not subject to the personal jurisdiction of the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

13.     Defendant Elwood S. Simon and Associates, P.C. ("Elwood Simon") is a law firm organized as a professional corporation under the laws of Michigan. Elwood Simon is subject to the personal jurisdiction of this Court as it appeared in this Court in the Rezulin Litigation. Elwood Simon is not subject to the personal jurisdiction of the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

14.     Defendant Kershaw, Cutter & Ratinoff, LLP ("Kershaw Cutter") is a law firm organized as a limited liability partnership under the laws of California. Kershaw Cutter is subject to the personal jurisdiction of this Court as it appeared in this Court in the Rezulin Litigation. Kershaw Cutter is not subject to the personal jurisdiction of the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

15.     Defendant Berman DeValerio Pease Tobacco Burt & Pucillo ("Berman DeValerio") is a law firm organized as a partnership under the laws of California. Berman DeValerio is subject to the personal jurisdiction of this Court as it appeared in this Court in the Rezulin litigation. Berman DeValerio is not subject to the personal jurisdiction of the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

## II.     JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because (a) the property, amount of money, or obligation to pay money involved is in excess of $500 and (b) two or more adverse claimants of diverse citizenship as defined by 28 U.S.C. § 1332, who are citizens of different states, are claiming or may claim to be entitled to

such property, money, or obligation to pay money.

17.    Venue is appropriate in this Court under 28 U.S.C. § 1397 as the Rezulin

Settlement Fund is situated in this District, and Plaintiff Lowey Dannenberg, the account holder

and principal claimant to the fund, resides in this District.  Indeed, this is the only venue where a

court has jurisdiction over all parties and has jurisdiction over the Rezulin Settlement Fund.

18.    This Court has personal jurisdiction over all claimants, including all Defendants.

III.    **FACTS**

19.    Plaintiff served as counsel of record for Eastern States Health and Welfare Fund

(Eastern States) and Louisiana Health Services Indemnity Company, d/b/a BlueCross BlueShield

of Louisiana (BCBSLA) in Rezulin Litigation proceedings before this Court and in the United

States Court of Appeals for the Second Circuit from 2001 until 2007.  BCBSLA and Eastern

States sued Warner Lambert, seeking damages and restitution incident to their purchases of the

prescription drug Rezulin.

20.    Defendants Murphy, Morain & Murphy, Rawlings and Associates, Elwood

Simon, Kershaw Cutter and Berman DeValerio appeared in the Rezulin Litigation and assisted

Plaintiff in representing BCBSLA and Eastern States during this period and incurred attorney's

fees and expenses.

21.    Plaintiff Lowey Dannenberg and Defendants Rawlings & Associates and Wallace

Jordan represented numerous non-litigating health insurers who were not parties to the Rezulin

Litigation, but were parties to the settlement from which the Rezulin Settlement Fund was

created.

22.    In 2007, Pfizer made a proposal to litigating and non-litigating health insurers to

reach a long-term mechanism to resolve various types of claims which health insurers have historically asserted against prescription drug manufacturers. Pfizer's prerequisite to such an agreement was the enrollment in the settlement of insurers covering a major share of privately-insured Americans. Pfizer expressed no interest in settling with only the two litigating insurers, since their collective market share was minuscule.

23.     In connection with such settlement proposal, if a sufficient quantum of insurers agreed, Pfizer would pay into a settlement fund to be maintained by Plaintiff, an aggregate amount computed by (a) multiplying the number of covered lives represented by all participating insurers times an agreed-upon amount per life, plus (b) $5,000,000 to cover (i) payments to the two litigating insurers, (ii) all settling insurers' legal fees and disbursements. In consideration for such payments, the 64 non-litigating health insurers and the two litigating insurers entered into 5-year agreements not to sue Pfizer with respect to specified claims covering any type of product, to establish a predetermined mechanism for settling certain other types of claims, and to release claims related to Rezulin. In further consideration of Pfizer's payment, the two litigating insurers agreed to dismiss a pending appeal to the Second Circuit from the judgment of dismissal of their claims by this Court.

24.     In or about September 2007, Pfizer agreed to proceed with the settlement with approximately 66 health insurers. In connection therewith, the Rezulin Settlement Fund was established in this District, in an account opened by Plaintiff at Citibank, and the appeal from the dismissal of the Rezulin Litigation was dismissed.

25.     Defendants Dugan and Murray did not assist Plaintiff is representing BCBSLA and Eastern States during this period. Instead, Defendants Dugan and Murray were prosecuting

two other "competing" Rezulin-related actions in this Court. One of the cases, *Millner v. Warner-Lambert LLC*, Case No. 05-CV-6673 (S.D.N.Y.) ("*Millner* Rezulin Class Action"), is a putative class action making claims identical to the claims advanced by BCBSLA and Eastern States.

26.    As of the date of this filing, the *Millner* Rezulin Class Action remains an active case, which Defendants Dugan and Murray continue to litigate.

27.    Moreover, on September 18, 2007, Defendants Dugan and Murray tried to prevent the settlement from occurring and prevent the creation of the Rezulin Settlement Fund, the same settlement fund from which they are now seeking fees, by filing a brief with the United States Court of Appeals for the Second Circuit seeking to block the two litigating insurers' voluntary dismissal of their appeal from this Court's judgment dismissing their claims and seeking to enjoin the settlement. *See* Exhibit 1.

28.    On September 18, 2007 the Second Circuit rejected Defendants Dugan and Murray's application and dismissed the appeal. *See* Exhibit 2.

29.    The Rezulin Settlement Fund, from which Defendants Dugan and Murray now seek fees, came into being in spite of, not because of, the actions of Defendants Dugan and Murray.

30.    Lowey Dannenberg and all Defendants other than Dugan and Murray are entitled to compensation from the Rezulin Settlement Fund for their respective efforts which led to its creation.

31.    Following settlement of the case, Defendant Dugan contended that he and his firm were entitled to attorney's fees from the Rezulin Settlement Fund. There is a dispute among the

claimants concerning whether and to what extent Defendant Dugan and Murray are entitled to compensation from the Rezulin Settlement Fund.

32.    In July 2007, Defendants Dugan and Murray sued Murphy, Lowey Dannenberg (then known as Lowey Dannenberg Bemporad Selinger & Cohen, P.C.), Fischer, Rawlings, and Rawlings & Associates in the Civil District Court of the Parish of Orleans in New Orleans, Louisiana seeking a portion of the Rezulin Settlement fund (the "Louisiana Action").[1]  None of Lowey Dannenberg, Fischer, Rawlings nor Rawlings & Associates has sufficient contacts with the Parish of Orleans to be subject to its personal jurisdiction.  Such firms are subject to the jurisdiction of this Court.

33.    On August 10, 2007, defendants removed the Louisiana Action to the United States District Court for the Eastern District of Louisiana.  On August 22, 2007, Defendants Dugan and Murray filed a motion to remand the Louisiana Action back to state court.  The Louisiana Action was stayed by the Eastern District of Louisiana by Order entered September 12, 2007.

34.    On December 12, 2007, the Judicial Panel on Multi-District Litigation transferred the Louisiana Action to Judge Kaplan of this Court, and the stay remained in place.

35.    On January 16, 2008, this Court issued an order remanding the Louisiana Action to  the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

36.    Prior to the stay, Dugan and Murray in their complaint asked the Louisiana state court for injunctive relief barring litigation of claims to the Rezulin Settlement Fund.  Absent injunctive relief by this Court, Dugan and Murray may proceed to obtain such an injunction, the

---

[1]Attached hereto as Exhibit 3.

effect of which would be to prosecute only certain parties' entitlement to the Rezulin Settlement Fund.

37.     Each of Defendants Elwood Simon, Kershaw Cutter, Wallace Jordan and Berman DeValerio has an interest in the Fund, but none of these law firms was named or joined as a party to the Louisiana lawsuit and none of them is subject to the personal jurisdiction of that court. Every one of these firms is subject to the jurisdiction of this Court.

38.     Plaintiff and every Defendant other than Dugan and Murray are stakeholders in the Rezulin Settlement Fund and have asserted claims to a portion thereof.

39.     Defendants Dugan and Murray are not stakeholders in the Rezulin Settlement Fund, but have nevertheless asserted a claim to a portion thereof.

40.     This Court is the only tribunal with jurisdiction over all claimants to the Rezulin Settlement Fund and the Fund itself, and is the only court with power to adjudicate the claims of all parties to the Rezulin Settlement Fund.

41.     Lowey Dannenberg, as account holder of, and party with interest in, the Rezulin Settlement Fund, cannot safely determine all of the various claims to the Fund by the Defendants and itself without great hazard and possible multiple liability and does not know how much of the Fund it should pay to which of said Defendants or itself.

42.     Pursuant to Federal Rule of Civil Procedure 67  and Local Civil Rule 67.1, Lowey Dannenberg is in the process of depositing with the Clerk of Court the Rezulin Settlement Fund (conditioned upon compliance with the future order or judgment of the Court with respect to the Rezulin Settlement Fund).

43.     Under the provisions of 28 U.S.C. § 1335, Lowey Dannenberg is entitled to join

10

all persons asserting claims against the Rezulin Settlement Fund in a single proceeding so that

Lowey Dannenberg and Defendants may avoid duplicative litigation and the possibility of

multiple or inconsistent liability on the conflicting and adverse claims of Defendants.

### IV.    PRAYER FOR RELIEF

WHEREFORE, Lowey Dannenberg prays for judgment that:

1.    Defendants be required to interplead and assert in this proceeding and settle

between themselves and Plaintiff any and all claims which each or any of them have to the

Rezulin Settlement Fund;

2.    That Lowey Dannenberg, in its capacity as account holder of, and party with

interest in, the Rezulin Settlement Fund, be discharged from all liability relating to such benefits

except to the party or parties whom the Court shall judge entitled to the Rezulin Settlement Fund;

3.    Defendants, and each of them, be permanently restrained from commencing or

continuing to prosecute any action for the recovery of the Rezulin Settlement Fund or any part

thereof, or any claims thereto, as against Lowey Dannenberg or the other parties named herein;

4.    Pursuant to 28 U.S.C. § 2361, Dugan and Murray be permanently restrained from

instituting, prosecuting, or continuing to prosecute any proceeding in any other state or United

States court, including *Dugan, et al. v. Murphy, et al.*, (filed July 18, 2007), affecting the Rezulin

Settlement Fund until further order of this Court;

5.    Lowey Dannenberg recover out of the Rezulin Settlement Fund its costs and

attorneys' fees incurred in this action and all actions connected to the Rezulin Settlement Fund;

and

6.    Awarding such other relief as the Court may deem just and equitable.


Respectfully submitted this 17th day of January, 2008.
White Plains, NY


                              LOWEY DANNENBERG COHEN, P.C.

                              *Richard W. Cohen*

                              Stephen Lowey (SL-7677)
                              Richard W. Cohen (RC-5220)
                              Peter St. Phillip (PS-0726)
                              Thomas Skelton, Esq. (TS-7908)
                              Todd S. Garber, Esq. (TG-4620)
                              One North Broadway, Suite 509
                              White Plains, NY 10601
                              Telephone:  (914) 997-0500
                              Telecopier: (914) 997-0035

# 05-6249

00-8064-cv; 01-2466-cv

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

In Re: Rezulin Litigation

Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of
Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund,

*Plaintiffs-Appellants,*

v.

Warner-Lambert Company

*Defendant-Appellee,*

On Appeal from the United States District Court
for the Southern District of New York
No. 00-cv-8064

## OPPOSITION TO VOLUNTARY DISMISSAL OF PUTITIVE CLASS ACTION APPEAL

Douglas R. Plymale
James R. Dugan, II
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
Murray Law Firm
Suite 1100, Poydras Center
650 Poydras Street
New Orleans, Louisiana 70112-4000

# **TABLE OF CONTENTS**

Table of Contents ……………………………………………………………………ii

Table of Authorities ……………………………………………………………………iii

Opposition …………………………………………………………………… 1-6

Verification …………………………………………………………………… 7

Affidavit ……………………………………………………………………8-9

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                          **<u>Page</u>**

*Culver v. City of Milwaukee,*
    277 F.3d 908 (7th Cir. 2002)...………………………………………… 3

*Greenfield v. Villager Industries, Inc.,*
    483 F.2d 824 (3d Cir. 1973)...…………………………………………… 3

*Schick v. Berg,*
    2004 WL 856298 …………………………………………...……….. 4

**<u>Rules</u>**

FED. R. APP. P. 42(b) …………………………………………………… 1

FED. R. CIV. P. 23(e)(1) …………………….………………………… 2, 3, 4, 6

## OPPOSITION TO VOLUNTARY DISMISSAL
## OF PUTATIVE CLASS ACTION APPEAL

MAY IT PLEASE THE COURT:

On September 4, 2007, defendant and named plaintiffs/putative class representatives entered a stipulation of voluntary dismissal of appeal pursuant to Federal Rule of Appellate Procedure 42(b). Undersigned counsel, on behalf of plaintiffs in the matter of *Mary Millner, Anita Kivell, and Allied Services Division Welfare Fund v. Warner-Lambert, L.L.C. and Pfizer, Inc.*, MDL 1348, No. 05-6673 ("Allied Services Plaintiffs"), hereby oppose an entry of an Order of Dismissal pursuant to the stipulation. The Allied Services Plaintiffs are members of the putative class on behalf of whom named plaintiffs voluntary undertook representation and to whom named plaintiffs owe a fiduciary obligation. The Allied Services Plaintiffs, and all other members of the putative class asserted in the above-captioned action will be severely prejudiced by dismissal of this appeal. As a practical matter, the only way to avoid the prejudice to the putative class which would be occasioned by dismissal of the instant appeal is for this Court to decline to enter the dismissal, and to entertain (either under this Court's own auspices, or by remand to the trial court) the question of whether a dismissal of this putative class action at this critical juncture is proper.

In a September 7, 2007 letter to this Court, counsel for named plaintiffs and defendant represented to this Court that no review of the propriety of the dismissal

and settlement is warranted, because the 2003 revisions to Federal Rule of Civil Procedure 23(e)(1) provide that court approval of a class action compromise and dismissal is required only with respect to certified classes.    While the 2003 revisions to Rule 23(e)(1) clarified that court approval of a settlement is *required* only with respect to certified classes, nothing in those revisions relieved putative class representatives of their long-recognized fiduciary duty to absent putative class members, or the courts of their duty to ensure that the putative class representatives fulfill that fiduciary duty.

There is nothing in the 2003 revision to suggest that a court cannot voluntarily exercise its discretion to ensure that a proposed compromise of a class action has not been an abuse of the fiduciary duty of the putative class representatives, or to conduct an inquiry into whether the proposed dismissal acts to the prejudice of absent class members. Rather, the 2003 revisions simply clarify whether a court *must* jump through all of the procedural hurdles imposed for compromise of a certified class, which would be binding on absent class members.

Had Congress intended to relieve putative class representatives of their fiduciary duty to absent class members, then it most certainly would have made that intent clear.    Instead, the 2003 revisions are silent as to compromise of

2

uncertified putative class actions.[1]  It has long been recognized that both putative class counsel and courts overseeing putative class actions owe a fiduciary duty to absent class members to ensure that the actions of the self-appointed putative class representatives do not prejudice absent class members.  *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 (3d Cir. 1973); *Culver v. City of Milwaukee*, 277 F.3d 908, 914-15 (7th cir. 2002).  While court approval of a pre-certification settlement may no longer be *required* in every instance under the 2003 revisions, courts may still exercise discretion to protect the interests of absent class members by reviewing the propriety of such settlements.  Indeed, courts have a fiduciary duty to do so.

More than a year *after* the passage of the 2003 revisions to Rule 23, a district court in the Southern District of New York recognized that the fiduciary duty to absent putative class members is still alive and well, and that courts have means within their discretion, short of formal approval under Rule 23(e)(1), to ensure that duty is fulfilled.  The Southern District held:

---

[1]  Tellingly, the comments to the 2003 revisions to Rule 23(e) state that purpose of the revisions is to "*strengthen* the process of reviewing proposed class action settlements." (emphasis added).  Eliminating a court's authority to ensure that putative class representatives fulfill their duty to the class before dismissing a putative class action would be antithetical to that stated purpose.

[P]re-certification class counsel owe a fiduciary duty not to prejudice the interests that putative class members have in their class action litigation. These duties arise because class counsel acquires certain limited abilities to prejudice the substantive legal interests of putative class members even prior to class certification. In electing to put themselves forward as class counsel, they assume the duty of not harming those rights. After certification, class members have the opportunity to formally state whether they want to be represented by that counsel. Prior to certification, class members have no control over who may come forward as a named plaintiff and class counsel, and so their interests at that stage require protection. Requiring court approval (under Rule 23(e)) is *one* means of ensuring this protection. Imposing limited fiduciary duties upon pre-certification class counsel is yet another.

*Schick v. Berg*, 2004 WL 856298, at p. 6 (emphasis added).

While the 2003 revisions to rule 23(e) may state that court of approval is no longer required, courts continue to have both the power and the obligation to ensure that putative class representatives fulfill their fiduciary duty. The *Schick* court concluded:

Under this analysis, we may venture a few statements about the scope of the fiduciary duty owed by class counsel to putative class members prior to class certification. In short, the scope of those duties is limited to protecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class members on notice and provide them with an opportunity to object.

4

*Id.*

As undersigned counsel have previously noted to this Court, the compromise of this putative class action on the eve of the issuance of an opinion by this Court severely prejudices the interests of absent class members. By agreement, the Allied Services class action was stayed pending resolution of the appeal of the grant of summary judgment in the above-captioned action. The logic behind staying the later filed class action was compelling. First, if the plaintiffs in the instant action were successful in their appeal, presumably their action would be remanded to district court for further proceedings, including consideration of class certification. If the instant action were certified, then that class would subsume the class alleged in the later filed Allied Services action. Second, even assuming that the named plaintiffs in this action elected not to pursue class certification, proceedings in the later filed Allied Services action would be informed by this Court's holdings with respect to the this appeal.

Now that it appears that a decision from this Court which would inform all future actions is imminent, the named plaintiffs in this action are seeking to dismiss their appeal, in effect setting back all proceedings on behalf of absent putative class members by years. Plaintiffs in the still-pending, subsequently filed class action will have to conduct all new discovery, present an entirely new record, be heard on motions to dismiss and summary judgment, and presumably have to

5

seek an appeal of that judgment, just in order to put the putative class action in the posture that it is in today. The delay to be occasioned by dismissal of the pending appeal, to say nothing of the waste of judicial resources, will act as definite detriment to the absent class members who desire to assert their claims.

Regardless of the 2003 revisions to Rule 23(e)(1), this Court and the trial court have both the authority and the duty to prevent putative class representatives from leveraging their roles as plaintiffs in a class action to the detriment of absent putative class members. Prior to allowing self-appointed class representatives to derail the actions of putative class representatives, this Court should either conduct its own inquiry into the propriety of such a course of action, or remand this matter to the trial court for expeditious consideration of whether putative class representatives should be permitted to dismiss this appeal.

DATED: September 18, 2007      Respectfully submitted,
New Orleans, LA

_____
Douglas R. Plymale (La. Bar No. 28409)
James R. Dugan, II (La. Bar No. 24785)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
THE MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 648-0180
Fax: (504) 648-0181

## A F F I D A V I T

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned authority, personally came and appeared:

### DOUGLAS R. PLYMALE

who, after first being duly sworn, did depose and state:

That he is the Attorney in the State of Louisiana; and

That, pursuant to the rules of this Court, a copy of the Opposition to Voluntary Dismissal of Putative Class Action Appeal in the matter entitled *In Re: Rezulin Litigation, Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund v. Warner-Lambert Company*, Docket 05-6249-cv, has been has been filed in the office of the Clerk for the United States Court of Appeals for the Second Circuit, and a true and correct copy of same has been provided to counsel of record listed below via Federal Express on the 19th day of September, 2007.

David  Klingsberg Esq.
Kaye Scholer, LLP
425 Park Ave.
New York , NY , 10022

Peter D. St. Phillip Esq.
Lowey Dannenberg Bemporad &
Selinger, P.C.
One North Lexington Ave.
White Plains , NY , 10601

_____
**DOUGLAS R. PLYMALE**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___18___ DAY OF SEPTEMBER, 2007.

_____
**NOTARY  PUBLIC**

David L. Browne  #20729

**DAVID L. BROWNE**
NOTARY PUBLIC
State of Louisiana
My Commission is issued for Life.

8

## VERIFICATION OF SERVICE

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, personally came and appeared

### DOUGLAS R. PLYMALE

who, after being duly sworn, did depose and declare that he hereby certifies that a copy of the foregoing Opposition to Voluntary Dismissal of Putative Class Action Appeal in the matter entitled *In Re: Rezulin Litigation, Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund v. Warner-Lambert Company*, Docket 05-6249-cv for the United States Court of Appeals for the Second have been served upon the following:

David Klingsberg, Esq.
Kaye Scholer, LLP
425 Park Ave.
New York , NY , 10022

Peter D. St. Phillip, Esq.
Lowey Dannenberg Bemporad &
Selinger, P.C.
One North Lexington Ave.
White Plains , NY , 10601

Dated: September 18, 2007

_____
DOUGLAS R. PLYMALE

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _18th_ DAY OF SEPTEMBER, 2007.

_____
NOTARY PUBLIC
David L. Browne #20729

**DAVID L. BROWNE**
NOTARY PUBLIC
State of Louisiana
My Commission is issued for Life.

7

**MANDATE**

SDNY/NY04
00-cv-2843
Kaplan

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

| | |
|---|---|
| **LOUISIANA HEALTH SERVICES INDEMNITY COMPANY, d/b/a LOUISIANA BLUECROSS BLUESHIELD, and EDGAR ROMNEY, as trustee of EASTERN STATES HEALTH AND WELFARE FUND** | Case No. 05-6249 |
| *Appellants,* | |
| v. | |
| **WARNER LAMBERT COMPANY,** | |
| *Appellee.* | |

### VOLUNTARY DISMISSAL

Appellants, Louisiana Health Services Indemnity Company, d/b/a Louisiana BlueCross BlueShield and Edgar Romney, as trustee of Eastern States Health and Welfare Fund, and

Appellee, Warner Lambert Company, hereby request, pursuant to Fed. R. App. P. 42(b), that the

Clerk of the Court dismiss this appeal. Each party to this appeal shall bear its own costs.

1596 / NOT / 00083891.WPD v1

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by

CERTIFIED:

9/18/2007

Dated: White Plains, New York
       August 29, 2007

                              LOWEY DANNENBERG BEMPORAD
                              SELINGER & COHEN, P.C.

                              By:  _____
                                   Peter D. St. Phillip, Jr.

                              White Plains Plaza – 5th Floor
                              One North Broadway
                              White Plains, New York 10601-2310
                              Telephone:    914-997-0500
                              Facsimile:    914-997-0035
                              pstphillip@lowey.com

                              *Attorneys for Appellants*

                              KAYE SCHOLER, LLP

                              By:  _____
                                   David Klingsberg

                              425 Park Avenue
                              New York, New York 10022-3598
                              Telephone:    212-836-8281
                              Facsimile:    212-836-8689
                              dklingsberg@kayescholer.com

                              *Attorneys for Appellee*

## ORDER

Before: Hon. Sonia Sotomayor, Hon. Robert A. Katzmann, Hon. Barrington D. Parker, *Circuit Judges*

SO ORDERED.

                                   FOR THE COURT:
                                   CATHERINE O'HAGAN WOLFE, Clerk
SEP 1 4 2007                       by _____
_____
    Date                           Howard B. Zakai
                                   Acting Motions Staff Attorney

UNITED STATES COURT OF APPEALS
FILED
SEP 1 4 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

LOUISIANA HEALTH SERVICES
INDEMNITY COMPANY, d/b/a LOUISIANA
BLUECROSS BLUESHIELD, and EDGAR
ROMNEY, as trustee of EASTERN STATES
HEALTH AND WELFARE FUND

               *Appellants,*

v.

WARNER LAMBERT COMPANY,

               *Appellee.*

Case No. 05-6249

CERTIFICATE OF SERVICE

      ANGELA R. VICARI, an attorney associated with the law firm of Kaye
Scholer LLP, does hereby certify that on August 31, 2007, she caused a true copy of the
Voluntary Dismissal to be served by overnight delivery on the following:

Richard W. Cohen
Peter D. St. Phillip, Jr.
Todd S. Garber
Lowey Dannenberg Bemporad & Selinger,
P.C.
One North Lexington Avenue, 11th Floor
White Plains, NY 10601-1714

Mark D. Fisher
Mark M. Sandmann
Rawlings and Associates
1700 Waterfront Plaza
325 West Main Street
Louisville, KY 40201-7427

J. Gregory Murphy
Morain & Murphy
6555 Perkins Road, Suite 200
Baton Rouge, Louisiana 70808

C. Brooks Cutter
Lyle W. Cook
Kershaw, Cutter & Ratinoff, LLP
980 9th Street, 19th Floor
Sacramento, CA 95814

               *Angela R. Vicari*
            ANGELA R. VICARI

31531735.DOC

ATTORNEY'S NAME:  Ciolino, Dane  19311
AND ADDRESS:      526 Pine St 4th Fl,  PO Box 850848
                  New Orleans   LA 70185-0848

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA*

NO:    2007 -- 06907      2                          SECTION:  10    -- F

DUGAN, JAMES R. II  ET AL VERSUS MURPHY, GREG     ET AL

# C I T A T I O N

TO:   LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.

THROUGH:

     WHITE PLAINS PLAZA
     ONE NORTH BROADWAY
     WHITE PLAINS             NY   10601-2310

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the
service hereof under penalty of default

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
·                          ADDITIONAL INFORMATION                                                    ·
·    Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer  ·
·    Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.  ·
·    If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you  ·
·    may call 529 - 1000 for more information.                                                       ·
·    COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE                                           ·
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA         July 18, 2007        .

Clerk's Office, Room 402, Civil Courts Building.         DALE N. ATKINS, Clerk of
421 Loyola Avenue                                       The Civil District Court
New Orleans, LA                                         for the Parish of Orleans
                                                        State of LA
                                                        by _____
                                                                    Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                              SHERIFF'S RETURN
                        (for use of process servers only)

        PERSONAL SERVICE              ·         DOMICILIARY SERVICE

On this _____ day of _____  ·  On this _____ day of _____
_____ served a copy of the w/i petition  ·  _____ served a copy of the w/i petition
PETITION FOR DAMAGES                    ·  PETITION FOR DAMAGES


On  LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.  ·  On  LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.
                                        ·
                                        ·
                                        ·
                                        ·
                                        ·
THROUGH:                                ·  THROUGH:
                                        ·  by leaving same at the dwelling house, or usual place of
                                        ·  abode, in the hands of _____
_____         ·  a person of suitable age and discretion residing therein as
          Returned same day             ·  a member of the domiciliary establishment, whose name
                              No.        ·  and other facts connected with this service I learned by
                                        ·  interrogating  HIM / HER  the said _____
_____         ·  LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.
     Deputy Sheriff of _____  ·
Mileage: $_____               ·
                                        ·  being absent from the domicile at time of said service.
_____/ ENTERED /_____       ·            Returned same day
   PAPER              RETURN             ·                              No.
                                        ·  - - - - - - - - - - - - - - - - - - - - - - - - - -
_____/_____/_____        ·
  SERIAL NO.   DEPUTY    PARISH          ·  Deputy Sheriff of _____

ATTORNEY'S NAME: Ciolino, Dane  19311
AND ADDRESS:      526 Pine St 4th Fl,  PO Box 850848
                  New Orleans   LA  70185-0848

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:    2007 -- 06907    2                          SECTION:  10   -- F

DUGAN, JAMES R. II  ET AL VERSUS MURPHY, GREG    ET AL

## CITATION

TO:  LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.

THROUGH:

    WHITE PLAINS PLAZA
    ONE NORTH BROADWAY
    WHITE PLAINS              NY   10601-2310

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the
service hereof under penalty of default

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
ADDITIONAL INFORMATION
  Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
  Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
  may call 529 - 1000 for more information.
  COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA          July 18, 2007

Clerk's Office, Room 402, Civil Courts Building.          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                          The Civil District Court
New Orleans, LA                                            for the Parish of Orleans
                                                           State of LA
                                                           by _____
                                                                     Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| | |
| On LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C. | On LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C. |
| | |
| THROUGH: | THROUGH: |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM / HER the said _____ |
| _____ Returned same day | LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C. |
| No. | |
| Deputy Sheriff of _____ | being absent from the domicile at time of said service. |
| Mileage: $_____ | Returned same day |
| | No. |
| _____/ ENTERED /_____ | Deputy Sheriff of _____ |
| PAPER          RETURN | |
| _____/_____/_____ | |
| SERIAL NO.    DEPUTY    PARISH | |

FILED

201 JUL 12 P 2 39

CIVIL DISTRICT COURT

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-6907

DIV. 7-D

JAMES R. DUGAN, II, AND STEPHEN B. MURRAY
D/B/A THE MURRAY LAW FIRM

V.

GREG MURPHY, GEORGE RAWLINGS, MARK FISCHER,
RAWLINGS & ASSOCIATES, PLLC, AND LOWEY, DANNENBERG,
BEMPORAD & SELINGER, P.C.

FILED: _____    _____

                                   **DEPUTY CLERK**

## PETITION FOR DAMAGES, QUANTUM MERUIT, CONCURSUS
## AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, come petitioners James R. Dugan, II,

and Stephen B. Murray d/b/a The Murray Law Firm, who file this petition for damages, quantum

meruit, concursus and injunctive relief relating to legal fees to be allocated in the matter of *Louisiana*

*Health v. Warner Lambert Co., et al, USDC-EDLA, 2:00-cv-2566, MDL Panel, M21-85, MDL 1348*

("Rezulin Litigation"). Petitioners further aver as follows:

### PARTIES

1.    Made petitioners in this matter are:

    a.    James R. Dugan, II, a natural person domiciled in Orleans Parish, Louisiana

        ("Dugan"); and,

    b.    Stephen B. Murray d/b/a The Murray Law Firm, a natural person domiciled

        in Orleans Parish, Louisiana ("The Murray Law Firm").

2.    Made defendants in this matter are:

    a.    Greg Murphy ("Murphy"), a natural person domiciled in East Baton Rouge

        Parish, Louisiana, but doing business in Orleans Parish, Louisiana;

    b.    George Rawlings ("Rawlings"), a natural person domiciled in Louisville,

        Kentucky, but doing business in Orleans Parish, Louisiana;

-1-

c.   Mark Fischer ("Fischer"), a natural person domiciled in Louisville, Kentucky, but doing business in Orleans Parish, Louisiana;

d.   Rawlings & Associates, PLLC ("Rawlings & Associates"), a Kentucky corporation domiciled in Louisville, Kentucky, but doing business in Orleans Parish, Louisiana; and

e.   Lowey, Dannenberg, Bemporad and Selinger, P.C. ("Lowey") a law firm domiciled in White Plains, New York, but doing business in Orleans Parish, Louisiana.

3.   Venue is proper in Orleans Parish because:

a.   many of the events giving rise to this petition occurred in Orleans Parish;

b.   much of the work and/or services called for the parties' contract was performed in Orleans Parish; and,

c.   much of the work of the joint venture giving rise to this petition was performed in Orleans Parish.

## FACTS

4.   From 1994 to 2006, Dugan was a lawyer associated with the law firm of Gauthier, Downing, LaBarre, Beiser and Dean ("Gauthier, Downing Firm"). He worked directly with the late Wendell H. Gauthier.

5.   Upon leaving the Gauthier, Downing Firm, Dugan was assigned all right, interest and responsibility for the Rezulin Litigation. Upon joining The Murray Firm, Dugan assigned all right, interest and responsibility for the Rezulin Litigation to The Murray Firm.

6.   On August 28, 2000, Wendell Gauthier, James Dugan, and Mark Fischer of Rawlings & Associates entered into a joint venture agreement to prosecute claims on behalf of Blue Cross Blue Shield of Louisiana, and numerous other clients, against Warner-Lambert (subsequently bought by Pfizer in 2000) ("Pfizer") relating to the drug Rezulin ("Rezulin Litigation"). The Rezulin Litigation joint venture agreement expressly provided for a 50/50 division of all attorney fees generated in the litigation between Gauthier/Dugan and Rawlings & Associates.

7.   Wendell Gauthier and James Dugan had entered into a similar joint venture agreement with Rawlings & Associates in the Phen-Fen litigation on July 14, 1999. The Phen-Fen litigation was

successfully handled by the Gauthier & Rawlings firms, and the firms divided fees 50/50 in accordance with their joint venture agreement.

8.    The original Blue Cross of Louisiana Rezulin case was filed in Federal Court in New Orleans on August 29, 2000. The Blue Cross Blue Shield of Louisiana case was then transferred by way of the Multidistrict Litigation Panel to the Southern District of New York and assigned to the Honorable Judge Kaplan. A similar Rezulin case was filed by Richard Cohen and the Lowey firm in the Southern District of New York on behalf of the Eastern States Health and Welfare Fund. The two cases were subsequently consolidated for pre-trial proceedings.

9.    The lawyers and law firms on the consolidated cases, including the defendants, agreed to work together in a joint venture on the Rezulin Litigation, with the Gauthier Firm handling discovery, the Lowey Firm handling law, pleadings, and motions and Rawlings & Associates handling client relations and inventory. The parties worked jointly on a consolidated complaint. The defendant, Pfizer, filed a Motion to Dismiss the consolidated complaint. The parties worked on a Opposition to the Motion to Dismiss. Judge Kaplan granted the Defendant's Motion to Dismiss. The parties jointly worked on drafts for the appeal of the Motion to Dismiss to the United States Court of Appeals for the 2nd Circuit.

10.    Wendell H. Gauthier died December 11, 2001.

11.    Appeals were filed in the summer of 2002. Despite filing the original Blue Cross Blue Shield Case and diligently working on the case until this point, Dugan was excluded from the briefing at the 2nd Circuit by Rawlings & Associates & the Lowey firm. Upon learning of this, Dugan met with Mark Fischer at his office in Louisville, Kentucky to discuss the matter. Fischer's excuse for excluding Dugan from the 2nd Circuit briefing was that he believed that "Dugan no longer wished to work on the case." Dugan reaffirmed to Fischer his continued interest in handling the Rezulin Litigation. The two then agreed to hire Ken Starr to do the appellate work at the 2nd Circuit in a manner similar to what they had done in Phen-Fen.

12.    The 2nd Circuit reversed Judge Kaplan and remanded the case to the trial court.

13.    Corporate depositions of Blue Cross Blue Shield of Louisiana were taken. Greg Murphy and Peter St. Phillip of the Lowey Firm defended the Blue Cross depositions in Baton Rouge, Louisiana.

-3-

14.     Thereafter, Pfizer filed Motions for Summary Judgment. Plaintiffs filed Oppositions to the Motions for Summary Judgment. Lowey and Rawlings excluded Gauthier and Dugan from the Opposition to Motion for Summary Judgment, despite repeated requests by Dugan to be involved in the briefing. Instead, Lowey and Rawlings & Associates substituted Greg Murphy for Dugan, negligently or intentionally to interfere with Dugan's contract with his client.

15.     Oral Argument was heard on the Motion for Summary Judgment in Judge Kaplan's Court. Peter St. Philip of the Lowey Firm handled the argument and James Dugan was in attendance. Dugan filed a Notice of Supplemental Authority in support of the Motion for Summary Judgment, citing *Local 68 v. Merck*, a favorable decision denying Motion for Summary Judgment in the Vioxx litigation. Judge Kaplan nonetheless granted defendant's Motion for Summary Judgement.

16.     The Lowey firm and Rawlings & Associates filed appeals at the United States Court of Appeal for the 2nd Circuit, again excluding Dugan from the briefing despite his repeated requests to be included. In December of 2006, Oral Argument was heard at the United States Court of Appeal for the 2nd Circuit on the Motion for Summary Judgment Appeals.

17.     In July 2007, Pfizer and the clients represented by the petitioners reached a tentative settlement of the Rezulin Litigation. This settlement will result in the division of a substantial legal fee among the lawyers participating in the Rezulin Litigation, including the parties to this lawsuit. The defendants, however, have denied that the petitioners have any interest in recovering the legal fees in question–despite the existence of a joint venture.

## COUNT I: BREACH OF CONVENTIONAL OBLIGATION

18.     The petitioners and the defendants entered into a conventional obligation (contract) under which they agreed to work together on the Rezulin Litigation and to divide fees among themselves.

19.     The petitioners worked competently and diligently on the Rezulin Litigation from the time of the parties' agreement through the present. In so doing, the petitioners have satisfied all of their conventional obligations to the defendants.

20.     The defendants, however, have breached their conventional obligation to the petitioners by failing to permit the petitioners to share in the fees generated by the Rezulin Litigation.

21.     The petitioners have suffered harm as a result of the defendants acts or omissions.

-4-

## COUNT II: BREACH OF JOINT VENTURE

22.    The petitioners and the defendants entered into a joint venture agreement under which they agreed to work together jointly on the Rezulin Litigation. Through this agreement, they agreed to share the labor and financial risks associated with the venture. They also agreed to share any financial rewards that might result from their joint work through the recovery of legal fees.

23.    The petitioners worked competently and diligently on the Rezulin Litigation from the time of the formation of the parties' joint venture through the present. Furthermore, the petitioners assumed significant out-of-pocket expenses, incurred lost opportunity costs, and bore other risks in undertaking this joint venture work.

24.    The petitioners have satisfied all of their obligations to the joint venture and to their co-venturers.

25.    The defendants, however, have breached their obligations under the joint venture agreement by failing to permit the petitioners to share in the financial rewards of the venture, more particularly, by failing to permit the petitioners to share in the fees generated by the Rezulin Litigation.

26.    The petitioners have suffered harm as a result of the defendants acts or omissions.

## COUNT III: BREACH OF FIDUCIARY DUTIES

27.    The petitioners and the defendants owed each other fiduciary duties, including duties of loyalty and care, in connection with their joint-venture work on the Rezulin Litigation.

28.    In addition, the petitioners and the defendants owed the Rezulin Litigation joint venture fiduciary duties, including duties of loyalty and care, in connection with their joint-venture work.

29.    The petitioners satisfied all of their fiduciary duties to the joint venture and to their co-venturers through working competently diligently on the Rezulin Litigation from the time of the formation of the parties' joint venture through the present.

30.    The defendants, however, have breached their fiduciary obligations to the joint venture and to the petitioners by intentionally self-dealing and by denying the petitioners an opportunity to share in the financial rewards of the Rezulin Litigation, solely in an effort to unjustly enrich themselves at the expense of the petitioners.

### COUNT IV: VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES ACT

31.    The acts and omissions described above have caused the petitioners to suffer ascertainable loss of money or movable property, corporeal or incorporeal: namely, their substantial interest in the legal fee to be distributed in the Rezulin Litigation.

32.    The ascertainable loss of money or movable property suffered by the petitioners was caused by the use or employment by another person, namely the defendants, of an unfair or deceptive method, act or practice, namely the self-serving exclusion and/or attempted exclusion of petitioners from participation in (a) critical stages of the Rezulin Litigation to the potential detriment of various jointly represented clients, and (b) the fee allocation in the Rezulin Litigation. These self-serving actions were predatorily undertaken by the defendants in an effort to take advantage of the death of Wendell Gauthier to the disadvantage of the petitioners.

33.    The acts and omissions by the defendants described above constitute "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

### COUNT V: DELICT

34.    The negligent and/or intentional acts and omissions of the defendants breached a duty of cared owed to the petitioners.

35.    These negligent and/or intentional acts in breach of duty caused harm to the petitioners.

36.    Pursuant to Louisiana Civil Code articles 2315 and 2317, among others, the defendants are obligated to repair the harm caused by their negligent or intentional acts and/or omissions.

### COUNT VI: CONCURSUS

37.    Two or more persons, namely all the parties to this action, have competing or conflicting claims to money, namely the substantial legal fees to be allocated in the Rezulin Litigation.

38.    Pursuant to Louisiana Code of Civil Procedure articles 4651-4662, all of the parties to this action should be required to assert their respective claims contradictorily against all other parties to the proceeding.

39.    Pursuant to Louisiana Code of Civil Procedure article 4660, the defendants should be enjoined and/or prohibited from instituting or prosecuting in any court of this state or of the United States any other action or proceeding on the claim involved in the concursus proceeding

## COUNT VII: QUANTUM MERUIT

40.     In the alternative, the defendants, through the acts and omissions described above, have been unjustly enriched by the petitioners' work in the Rezulin Litigation. More particularly, the legal work performed by the petitioners in the Rezulin Litigation has caused or will cause the defendants to receive substantial legal fees as a result of the risks and work undertaken by the petitioners.

41.     To allow the defendants to retain the uncompensated fruits of the petitioners' efforts would be unjust because doing so would unjustly enrich the defendants. To avoid permitting the defendants to be unjustly enriched, the court should order them to disgorge to the plaintiffs that portion of the Rezulin Litigation fee attributable to the efforts, work and risk undertaken by the petitioners.

42.     To allow the defendants to retain the uncompensated fruits of the petitioners' Rezulin Litigation efforts would be unjust because doing would cause the petitioners to suffer financial damages. To compensate the petitioners for the work and risk they undertook in connection with the Rezulin Litigation, the court should order the defendants to pay to the petitioners that portion of the Rezulin Litigation fee attributable to the efforts, work and risk undertaken by the petitioners.

## PRAYER FOR RELIEF

43.     WHEREFORE, plaintiffs respectfully request that judgment be granted in their favor and against the defendants in the following particulars:

a.      requiring all parties to assert their respective claims to the fees to be allocated in the Rezulin Litigation contradictorily against all other parties to the proceeding, pursuant to Louisiana Code of Civil Procedure articles 4651-4662;

b.      enjoining the defendants, pursuant to Louisiana Code of Civil Procedure article 4660, from instituting or prosecuting in any court of this state or of the United States any other action or proceeding on claim to legal fees in the Rezulin Litigation involved in this concursus proceeding;

c.      awarding damages to the petitioners for harm suffered by them as a result of the defendants' breach of contract, breach of fiduciary duties, violation of the Louisiana Unfair Trade Practices Act and breach of duties under Louisiana Civil Code articles 2315 and 2317;

-7-

d.   in the alternative, awarding the petitioners quantum meruit in the amount of that portion of the Rezulin Litigation fee received by the defendants that is attributable to the efforts, work and risk undertaken by the petitioners;

e.   awarding to the petitioners all attorneys' fees and costs associated with this action; and,

f.   awarding to the petitioners such other relief allowed by law and equity.

Respectfully submitted, in New Orleans, Louisiana on this **18** day of July, 2007.

Dane S. Ciolino, La. Bar No. 19311
DANE S. CIOLINO, LLC
526 Pine Street, Fourth Floor
P.O. Box 850848
New Orleans, LA 70185-0848
Telephone: (504) 834-8519
Fax: (504) 324-0143
E-Mail: dciolino@loyno.edu


Stephen Murray, Sr., Esq.
Stephen Murray, Jr. Esq.
James R. Dugan, II, Esq.
THE MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100

Counsel of Record for Petitioners

PLEASE SERVE:

Greg Murphy, Esquire
6555 Perkins Rd., Suite 200
Baton Rouge, Louisiana 70808

PLEASE SERVE THROUGH THE LOUISIANA LONG ARM STATUTE:

George Rawlings
Mark Fischer
Rawlings & Associates, PLLC
325 West Main Street, Suite 1700
Louisville, Kentucky 40202

Lowey, Dannenberg, Bemporad & Selinger, P.C.
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

-8-

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.