IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, PC, in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND, <br><br>                Plaintiff, <br><br>   - vs - <br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, <br><br>                Defendants. | Case No. 08 CIV 0461 (KMK) <br><br>HONORABLE Kenneth M. Karas <br><br>**ECF CASE** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
<u>**AUTHORIZE PLAINTIFF TO DEPOSIT FUNDS WITH THE CLERK OF THE COURT**</u>

## PRELIMINARY STATEMENT

On January 17, 2008, Plaintiff, Lowey Dannenberg Cohen, P.C. (formerly known as Lowey Dannenberg Bemporad Selinger & Cohen, P.C.) ("Lowey Dannenberg"), in its role as account holder of, and party with interest in, Citibank Account No. 009977643705, titled "Lowey Dannenberg Bemporad & Selinger P.C. as Attorneys for the Rezulin Settlement Fund," (the "Rezulin Settlement Fund") filed an *in rem* action in the nature of a statutory interpleader pursuant to 28 U.S.C. § 1335 to determine the relative interests of Plaintiff and Defendants in the Rezulin Settlement Fund. Lowey Dannenberg respectfully submits this memorandum in support of its motion to authorize Plaintiff to deposit the Rezulin Settlement Fund in an interest bearing account with the Clerk of the Court.

## ARGUMENT

28 U.S.C. § 1335 is a remedial device "designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring*, 452 F. Supp.2d 126, 129-30 (E.D.N.Y. 2006); *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp.2d 173, 177 (S.D.N.Y. 2002). Pursuant to 28 U.S.C. § 1335, this Court is empowered to determine disputes involving adverse claims to a common fund of more that $500 by parties of minimally diverse citizenship, when a common fund is being held by a stakeholder. 28 U.S.C. § 1335; *Hartford Life Ins. Co.*, 452 F. Supp.2d at 129-30.

Here, the requirements of 28 U.S.C. § 1335 are met. The Rezulin Settlement Fund holds approximately $4.5 million to which multiple parties have alleged adverse claims. The Rezulin Settlement Fund is currently being held by Plaintiff, and multiple adverse claimants are of

diverse citizenship.[1]  Thus the claimants to the fund satisfy the minimal diversity requirement of the interpleader statute.  When the requirements of the interpleader statute are met, a Plaintiff should be permitted to deposit funds in dispute with the Clerk of the Court.  *Hartford Life Ins. Co.*, 452 F. Supp.2d at 130.

## CONCLUSION

Plaintiff respectfully requests authority to deposit the entirety of the Rezulin Settlement Fund ($4,555,657.02 as of January 17, 2008 with interest continuing to accrue) into the registry of the Clerk of the Court, who shall be directed to deposit the Rezulin Settlement Fund into an interest bearing account.

Dated: January 22, 2008
       White Plains, New York

                                 LOWEY DANNENBERG COHEN, P.C.

                                 __/S/_____
                                 Stephen Lowey , Esq. (SL-7677)
                                 Richard W. Cohen, Esq. (RC-5220)
                                 Peter St. Phillip, Esq. (PS-0726)
                                 Thomas Skelton, Esq. (TS-7908)
                                 Todd S. Garber, Esq. (TG-4620)
                                 One North Broadway, Suite 509
                                 White Plains, NY 10601
                                 Telephone:  (914) 997-0500
                                 Telecopier: (914) 997-0035

---

[1] Plaintiff respectfully refers the Court to paragraphs 6-15 of its Complaint and Bill in the Nature of an Interpleader filed with this Court on January 17, 2008 setting forth the diverse citizenship of the various claimants.