UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND<br><br>          Plaintiff<br><br>vs.<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, and GEORGE RAWLINGS<br><br>          Defendants | Case No. 08 Civ. 0461<br><br>HONORABLE    KENNETH   M.<br>KARAS<br><br>**ECF CASE** |

## DEFENDANTS', JAMES R. DUGAN, II AND STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE PLAINTIFF TO DEPOSIT FUNDS WITH THE CLERK OF COURT

NOW COME defendants, JAMES R. DUGAN, II and STEPHEN B. MURRAY D/B/A THE MURRAY LAW FIRM ("Dugan and Murray"), and respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion to Authorize Plaintiff to Deposit Funds With the Clerk of Court.

For the reasons and arguments set forth in Defendants', James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, Memorandum of Law in Support of Motion to Dismiss Complaint and Bill in the Nature of Interpleader, incorporated herein in their entirety by reference, Plaintiff's Motion to Authorize Plaintiff to Deposit Funds With the Clerk of Court should be denied.

Especially, for the reasons set forth under Arguments I and IV.  Plaintiff has failed to make a determination of the full amount in controversy, Plaintiff has failed to make the amount in controversy identifiable, Plaintiff is not attempting to deposit into the registry of the court the full amount in controversy, Plaintiff is not merely a disinterested stakeholder praying the Court to resolve a dispute between adverse parties, Plaintiff has not established that it is not independently liable to the claimants, Plaintiffs have not established adversity, Plaintiff is inappropriately attempting to limit its liability in a separate *in personam* action, and Plaintiff has unclean hands.  See *North American Marketing Corp. v. K. Gronbach & Assoc., Inc.*, 221 F.R.D. 296, (D.Conn., 2002) (Exhibit A).

Dated:          New Orleans, Louisiana
                January 23, 2008

                              /s/ Dane S. Ciolino_____
                              Dane S. Ciolino (DC-1964)
                              DANE S. CIOLINO, LLC
                              526 Pine Street, Fourth Floor
                              P.O. Box 850848
                              New Orleans, LA 70185-0848
                              Telephone: (504) 834-8519
                              Facsimile: (504) 324-0143
                              E-Mail: dciolino@loyno.edu

                              Counsel of record for Defendants, James R. Dugan, II and
                              Stephen B. Murray d/b/a The Murray Law Firm

### CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I caused to be electronically filed the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Authorize Plaintiff to Deposit Funds With the Clerk of Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, a true and exact copy of the foregoing was sent via email, fax, and/or U.S. mail to any party or counsel not receiving electronic service from CM/ECF by ordinary U.S. Mail, this 23rd day of January, 2008.

                              /s/ Dane S. Ciolino_____
                              Dane S. Ciolino (DC-1964)

Westlaw.

221 F.R.D. 296
221 F.R.D. 296
(Cite as: 221 F.R.D. 296)

North American Marketing Corp. v. K. Gronbach & Associates, Inc.
D.Conn.,2002.

United States District Court,D. Connecticut.
NORTH AMERICAN MARKETING
CORPORATION, Plaintiff,
v.
K. GRONBACH & ASSOCIATES, INC., et al.,
Defendants.
Civ. No. 3:01CV1999PCD.

July 9, 2002.

**Background:** Retailer brought interpleader action against its insolvent advertising company and media companies which agreed to provide advertising for retailer. Plaintiff filed motion for an order of interpleader and motion for an order authorizing payment into court.

**Holdings:** The District Court, Dorsey, J., held that:

(1) funds which plaintiff earmarked through its own internal measures as the amount it had set aside for advertising did not satisfy requirement of an identifiable fund;

(2) plaintiff failed to establish that defendants' claims were adverse; and

(3) plaintiff failed to establish that it was not independently liable to defendants.

Motions denied.

West Headnotes

**[1] Interpleader 222 ⚖6**
222 Interpleader
222I Right to Interpleader
222I6 k. In General; Most Cited Cases
Proceedings in interpleader are possible when: (1) all

defendants demand the same debt or duty; (2) all claims to the debt or duty arise from or depend upon a common source; and (3) plaintiff has no independent liability to any of the defendants. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[2] Interpleader 222 ⚖1**
222 Interpleader
222I Right to Interpleader
222k1 k. Nature and Scope of Remedy; Most Cited Cases
The goal of interpleader is to protect plaintiffs from multiple lawsuits involving singular liability. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[3] Interpleader 222 ⚖1**
222 Interpleader
222I Right to Interpleader
222k1 k. Nature and Scope of Remedy; Most Cited Cases
Initial step in interpleader proceeding involves a determination of a stakeholder's right to compel claimants to litigate numerous claims in one proceeding and to confine recovery to liability limited to the amount of a fund deposited in the registry of the court. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[4] Interpleader 222 ⚖3**
222 Interpleader
222I Right to Interpleader
222k3 k. Property and Rights Which May Be Subject of Interpleader; Most Cited Cases
The existence of a single, identifiable fund is a fundamental requirement to any interpleader action. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[5] Interpleader 222 ⚖3**
222 Interpleader
222I Right to Interpleader
222k3 k. Property and Rights Which May Be


EXHIBIT
A

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

221 F.R.D. 296
221 F.R.D. 296
(Cite as: 221 F.R.D. 296)

Subject of Interpleader. Most Cited Cases
Funds which retailer earmarked through its own internal measures as the amount it had set aside for advertising did not satisfy interpleader requirement of an identifiable fund; assuming that the funds constituted a single fund, the absence of an undisputed definition as to how the amount of the fund was determined precluded a finding that it was identifiable. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[6] Interpleader 222 ⊙=6**
222 Interpleader
222I Right to Interpleader
222k6 Grounds of Relief
222k6 k. In General. Most Cited Cases
In order to establish adversity of claims, interpleader plaintiff must show a risk of double payment on a single liability or claims in excess of the its liability limits. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[7] Interpleader 222 ⊙=6**
222 Interpleader
222I Right to Interpleader
222k6 Grounds of Relief
222k6 k. In General. Most Cited Cases
Adversity is not demonstrated in an interpleader action when the stakeholder may be liable to all claimants. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[8] Interpleader 222 ⊙=11**
222 Interpleader
222I Right to Interpleader
222k5 Grounds of Relief
222k11 k. Particular Conflicting Claims. Most Cited Cases
Retailer which brought interpleader action against its insolvent advertising agency, bank which held instrument secured by agency's accounts receivable, and unpaid media companies which agreed to provide advertising for retailer, failed to establish that defendants' claims were adverse; if plaintiff were directly liable to the media defendants through an agency relationship, then each media defendant represented a discrete claim against it, and bank's claim did not necessarily conflict with agency's claim as its bank's secured interest placed it in agency's

shoes as the defaulting debtor. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[9] Interpleader 222 ⊙=10**
222 Interpleader
222I Right to Interpleader
222k10 k. Interest or Independent Liability of Person in Possession or Debtor. Most Cited Cases
Retailer which brought interpleader action against its insolvent advertising agency, bank which held instrument secured by agency's accounts receivable, and unpaid media companies which agreed to provide advertising for retailer, failed to establish that it was conceded uncertainty whether agency acted as its agent in purchasing air time or whether it acted in its own behalf in purchasing the time and reselling it; if agency was acting as agent, then retailer would be liable to the media defendants and not to agency. 28 U.S.C.A. § 1335; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

*297 Jeffrey R. Martin,O'Connell, Flaherty & Attmore, Hartford, CT, for Plaintiff.

Tavis O. Tindall, Moynahan, Ruskin, Mascolo & Minnella, Waterbury, CT, Jonathan B. Alter, Bingham McCutchen, Stewart Edward Newman, Uniprise, United Health Group Co., James T. Cowdery, Steven David Ecker, Cowdery, Ecker & Murphy, James Sicilian, Day, Berry & Howard, James J. Reardon, Jr., LeBoeuf, Lamb, Greene & MacRae, Hartford, CT, Richard M. Levy, Kroll, McNamara & Evans, West Hartford, CT, Stan R. Dombroski, Dombroski, Knapsack & Hillis, Timothy D. Miltenberger, Conn, Lewendon, Royston & Gulliver, Elias A. Alexiades, New Haven, CT, Charles W. Fleischmann, Bai, Pollock, Blueweiss & Mulcahey, Bridgeport, CT, Margaret E. Haering, Hurwitz & Sagarin, Milford, CT, for Defendants.

*RULING ON PLAINTIFF'S MOTION FOR AN ORDER OF INTERPLEADER AND PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING PAYMENT INTO COURT*

DORSEY, District Judge:
Plaintiff moves for an order of interpleader pursuant to FED. R. CIV. P. 22 and 28 U.S.C. § 1335 and for an order authorizing its payment of $400,474.04 into the registry of the court. The

221 F.R.D. 296
221 F.R.D. 296
(Cite as: 221 F.R.D. 296)

motions are denied.

## I. BACKGROUND

Plaintiff is a retailer of outdoor furniture and swimming pools. Defendant K. Gronbach & Associates, Inc. ("KGA") was plaintiff's advertising agency. KGA entered into agreements with various media companies on behalf of plaintiff to provide advertising for *298 plaintiff's business. Plaintiff paid KGA for its services and was billed through KGA for advertising expenditures. In Spring 2001, KGA became insolvent and ceased operations, at which time defendant Citizen's Bank, which held an instrument secured by KGA's accounts receivable, and various unpaid media companies, sought payment from plaintiff. Plaintiff presently holds $400,474.04 it characterizes as "funds designated to pay for the advertising services and products provided by KGA pursuant to KGA's agreements with The Media Defendants." Plaintiff made no payments to defendants, instead filing the present interpleader action.

> FN1. The two memoranda in opposition constitute the entire response to the present motions.

## II. MOTION FOR ORDER INTERPLEADER

Plaintiff argues that an order of interpleader is proper and that its liability for KGA's debts should be limited to the proposed amount. Defendants New York LLC and Hearst-Argyle FN1 object to plaintiff's motion as prematurely limiting its potential liability to the stated amount.

## A. Standard

[1][2][3] Interpleader is authorized by statute, see 28 U.S.C. § 1335, and by rule, see FED. R. CIV. P. 22. Proceedings in interpleader are possible when (1) all defendants demand the same debt or duty, (2) all claims to the debt or duty arise from or depend upon a common source and (3) plaintiff has no independent liability to any of the defendants. See Bradley v. Kochenash, 44 F.3d 166, 168 (2d Cir.1995). The goal of interpleader is to protect plaintiffs from multiple lawsuits involving a single liability. See id.; Washington Elec. Co-op., Inc. v. Paterson, Walkie & Pratt, P.C., 985 F.2d 677, 679 (2d Cir.1993). The initial step in the proceeding

involves a determination of a stakeholder's right to compel claimants to litigate numerous claims in one proceeding and to confine recovery to liability limited to the amount of a fund deposited in the registry of the court. See Great Am. Ins. Co. v. Bank of Bellevue, 366 F.2d 289, 293 (8th Cir.1966). The burden is on the party seeking interpleader to establish its entitlement to the same. See Dunbar v. United States, 502 F.2d 506, 511 (5th Cir.1974).

## B. Discussion

The present facts are not typical of an interpleader action, such as where claims are made against a party whose obligation is fixed often by contract apart from the claims asserted by the claimants. The interpleader plaintiff, i.e., the disinterested stakeholder, seeks to forego litigation involving multiple claims to a defined amount in which it does not claim an interest, i.e., it concedes the amount is payable but once and to such of the claimants as may be determined without its involvement or participation. See, e.g., General Acc. Group v. Gagliardi, 593 F.Supp. 1080 (D.Conn.1984); Q247 Atlas Corp. v. Marine Ins. Co., 155 F.R.D. 454, 462 (S.D.N.Y.1994). In such circumstances, the payout by the interpleader would be no greater than the defined, undisputed amount. Thus interpleader liberates a disinterested party from the process of determining the entitlement among several claimants to the fund after it is paid into the registry of the court.

[4][5] Plaintiff's alleged stake appears to be funds it has earmarked through its own internal measures as the amount it has set aside for advertising.FN2 The stake is not defined by express terms but rather appears to be quantified by plaintiff's unsupported declaration. The existence of a single, identifiable fund is a fundamental requirement to any interpleader action. See State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967); Wausau Ins. Companies v. Gifford, 954 F.2d 1098, 1100 (5th Cir.1992); Grossman v. Mashllin, 493 F.Supp. 330, 333 (S.D.N.Y.1980)("fact that damages ... may be measured, at least in part, by reference to *299 the operation of the pension plan and to the payments made ... from the pension plan does not mean that a common fund exists with respect to the two claims"). Assuming arguendo that the funds designated by plaintiff constitute a single fund, the absence of an undisputed definition as to how the

amount of the fund was determined precludes a finding that the funds are identifiable.

**FN2.** Plaintiff's definition of the fund is limited to its allegation that it "is holding funds designated to pay for the advertising services and products provided by KGA pursuant to KGA's agreement with The Media Defendants in the amount of $400,474.04."

[6][7] A second prerequisite to an interpleader action is two or more claimants with adverse claims. *See General Acc. Ins. Group,* 593 F.Supp. at 1087. In order to establish adversity, plaintiff must show a risk of double payment on a single liability or claims in excess of the movant's liability limits. *Interfirst Bank Dallas, N.A. v. Purolator Courier Corp.,* 608 F.Supp. 351, 353 (D.C.Tex.1985). Adversity is not demonstrated when the stakeholder may be liable to all claimants. *See Bradley,* 44 F.3d at 168 "[T]he protection against 'double or multiple liability' ... is protection only against double or multiple liability that is unjustifiable because the plaintiff has but a single obligation." *Id.*

[8] The existence of multiple claims in the wake of KGA's insolvency does not necessarily translate to multiple adverse claims. The claims in the present action arise from dealings between KGA and, individually, the several claimants, *i.e.,* debts arising from advertising agreements entered into between KGA and various media companies, Citizen's Bank's interest in KGA's accounts receivable and a debt owed KGA for services rendered pursuant to its agreement with plaintiff. Plaintiff's involvement arises from its contract with KGA for advertising services and the consequent designation of KGA as its agent, giving rise to an obligation to pay KGA or one or more claimants based on KGA's agency but only for such services. If plaintiff is directly liable to the media defendants through the agency relationship, then each defendant represents a discrete claim against it. Citizen's claim would not necessarily conflict with KGA's claim as its secured interest would place it in KGA's shoes as the defaulting debtor. Plaintiff must establish that the claims are adverse or are likely to be adverse, and it has failed to do so. *See Dunbar,* 502 F.2d at 511.

[9] Finally, plaintiff must establish that it is not independently liable to the claimants. *See Bradley,* 44 F.3d at 168. Plaintiff points out that a "critical issue

in need of resolution in this case appears to be whether KGA was acting as NAMCO's agent in purchasing the air time, or [whether] it was acting on its own behalf in purchasing the time and reselling it to [plaintiff]." A principal is bound to contracts entered into by its agent unless the agent was not authorized to contract on the principal's behalf. *See E. Paul Kovacs & Co. v. Alpert,* 180 Conn. 120, 125, 429 A.2d 829 (1980). Plaintiff's argument belies its uncertainty as to whether it is directly liable in stating "if KGA was acting as [plaintiff's] agent, then [plaintiff] would be liable to the Media Defendants and not to KGA." By conceding this possibility, plaintiff concedes its potential for direct liability to the claimants and its lack of entitlement to an order of interpleader.

Interpleader is not a cure-all for the possibility of multiple lawsuits seeking recovery out of what may come to be a limited liability, in amount, of plaintiff. "[I]nterpleader was never intended ... to be an all-purpose 'bill of peace.'" *State Farm Fire & Cas. Co.,* 386 U.S. at 536, 87 S.Ct. 1199. As indicated in the memoranda in opposition, plaintiff seeks a determination as to its liability for multiple contractual disputes while providing little or no evidence of the terms of the operative agreements on which those disputes may be based. Further, plaintiff has not established beyond dispute the amount for which it claims it is solely liable. The burden is on plaintiff to establish its entitlement to an order of interpleader, and it has failed to establish the propriety of issuing such an order. The motion for an order of interpleader is denied.

## III. MOTION FOR ORDER AUTHORIZING PAYMENT INTO COURT

In light of the denial of plaintiff's motion for order of interpleader, plaintiff's motion for an order authorizing payment of **\*300** $400,474.04 into the registry of the court is also denied.[FN3]

**FN3.** Plaintiff would be obliged to deposit "the highest amount for which it ultimately *may be* liable." *CNA Ins. Companies v. Waters,* 926 F.2d 247, 249-50 n. 6 (3d Cir.1991) (emphasis added); *Metal Transport Corp. v. Pacific Venture S.S. Corp.,* 288 F.2d 363, 365 (2nd Cir.1961). The multiple defendants and apparent uncertainty as to the acts of KGA make plaintiff's argument that the amount

221 F.R.D. 296
221 F.R.D. 296
**(Cite as: 221 F.R.D. 296)**

proposed its maximum liability a dubious proposition.

IV. ORDER TO SHOW CAUSE

Based on the foregoing, plaintiff has not established that an action in interpleader is proper. The apparent absence of complete diversity among the parties would deprive this Court of diversity jurisdiction over the various state law claims. Plaintiff will therefore show cause on or before July 31, 2002, why the present action should not be dismissed for want of jurisdiction.

V. CONCLUSION

Plaintiff's motion for an order of interpleader (Doc. 87) is **denied.** Plaintiff's motion for an order authorizing payment into the court (Doc. 90) is **denied.**

SO ORDERED.

D.Conn.,2002.
North American Marketing Corp. v. K. Gronbach & Associates, Inc.
221 F.R.D. 296

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.