JAN 2 2008

# Dane S. Ciolino LLC
*Attorney at Law*
P.O. Box 850848
New Orleans, LA 70185-0848
dciolino@gmail.com

Dane S. Ciolino
Admitted in LA & NY

Tel.: (504) 834-8519
Fax: (504) 324-0143

January 18, 2008

**BY FEDERAL EXPRESS**

The Honorable Kenneth M. Karas
U.S. District Court, Southern District of New York
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

The Honorable Lewis A. Kaplan
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

    Re:   *In re Rezulin Settlement Fund v. James R. Dugan, II et al.*
           No. 08-cv-0461

Dear Judges Karas and Kaplan:

    Defendants, James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, in the above-captioned action respectfully request that *Lowey Dannenberg Cohen, P.C. in re Rezulin Settlement Fund v. James R. Dugan, II et al.*, No. 08-cv-0461, ("*Rezulin Settlement Fund* action") be transferred to Judge Kaplan for consolidation with the *In re Rezulin Products Liability Litigation*, No. 00-Civ.-2843, MDL No. 1348 (the "Rezulin MDL") pursuant to Rule 15 of this Court's Rules for the Division of Business Among District Judges ("Rule 15"). Transfer would serve "the interests of justice and efficiency," as set forth in Rule 15(a), because this *in rem* action concerns the settlement proceeds of a Rezulin case, ("Louisiana BlueCross Rezulin action") and seeks to enjoin an *in personam* action concerning a joint-venture agreement, *James R. Dugan, II and Stephen B. Murray, Sr. d/b/a Murray Law Firm v. Murphy*, et al, 2007-6907, Civil District Court for the Parish of Orleans ("Dugan action"), both of which have been before Judge Kaplan.

-1-

Plaintiffs in the *Rezulin Settlement Fund* action admit that the funds at issue arise from a Rezulin MDL case, the Louisiana BlueCross Rezulin action which had been before Judge Kaplan. These same plaintiffs moved to transfer the Dugan action to the Rezulin MDL, and argued before the Joint Panel on Multidistrict Litigation (JPMDL), that the Dugan action was related and should be transferred to Judge Kaplan. (See attached Exhibit A, August 13, 2007 Letter from Lowey Dannenberg to JPMDL requesting transfer of that case to the Rezulin MDL: "Because the claims asserted herein relate to the claims pending in *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, we respectfully request that the Panel transfer the within action pursuant to 28 U.S.C. § 1407 to the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York). The JPMDL subsequently granted the transfer of the Dugan action to Judge Kaplan. (See attached Exhibit B, Transfer Order). On January 16, 2008, Judge Kaplan granted Plaintiffs Motion to Remand in the Dugan action. (See attached Exhibit C, Order). Only thereafter, did plaintiffs file the instant Rezulin Settlement Fund action, seeking a temporary restraining order against further prosecution of the Dugan action. (See attached Exhibit D, Complaint and Bill in the Nature of an Interpleader). Tellingly, the instant plaintiffs chose not even attempt to deposit the Rezulin Settlement Fund proceeds into the registry of the Court while that case was before Judge Kaplan, and they failed to indicate this case as a related case to the Rezulin MDL in violation of Local Rule 15.

The Dugan action is separate and distinct from the *Rezulin Settlement Fund* action: it is an *in personam* action for alleged breach of a joint venture agreement.

Judge Kaplan is knowledgable about the underlying BlueCross Rezulin action, and the action the instant plaintiffs seek to enjoin, the Dugan action, having both been on his docket. The Rezulin Settlement Fund is an uncategorized portion of the settlement proceeds of the BlueCross Rezulin action.

For the foregoing reasons, *Lowey Dannenberg Cohen, P.C. in re Rezulin Settlement Fund v. James R. Dugan, II et al.*, No. 08-cv-0461 should be transferred to Judge Kaplan for consolidation with the MDL Proceeding pursuant to Rule 15.

In conclusion, Judge Karas has granted a temporary restraining order ("TRO") and set it for hearing on January 31, 2008. Given that our substantive response is due January 23, 2008, it would be greatly appreciated if your Honors could notify counsel expeditiously of your decision on this request, so that responsive pleadings can be filed in the appropriate court and counsel can make appropriate travel arrangements to either White Plains or Manhattan for the TRO hearing.

*Application granted. Judge Kaplan will assume responsibility for this case.*

Respectfully submitted,

Dane

Dane S. Ciolino
Counsel for James R. Dugan, II and
Stephen B. Murray, Sr., d/b/a
Murray Law Firm

-2-

SO ORDERED

KENNETH M. KARAS U.S.D.J.
1/24/08

cc: Lowey Dannenberg Cohen, P.C.
    Rawlings and Associates, PLLC
    Greg Murphy
    Morain & Murphy, LLC
    Wallace Jordan Ratliff & Brandt, LLC
    Elwood S. Simon & Associates, P.C.
    Kershaw, Cutter & Ratinoff, LLP
    Berman Devalerio Pease Tabacco Burt & Pucillo
    Mark Fischer
    Gearge Rawlings