IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
PC, in its capacity as account holder of, and party
with interest in, the REZULIN SETTLEMENT
FUND,

                                  Plaintiff,

                  - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER, GEORGE
RAWLINGS, SHIPMAN & GOODWIN LLP

                                Defendants.

Case No. 08 Civ. 0461 (LAK)

**ECF CASE**

---

## DECLARATION OF RICHARD W. COHEN

      I, RICHARD W. COHEN, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, that:

      1.      I am an attorney admitted to practice in New York and before this Court, and am a shareholder and officer of Lowey Dannenberg Cohen, P.C., proceeding as counsel *pro se* for Plaintiff. I make this declaration on personal knowledge of the facts set forth herein.

      2.      I have read the Amended Verified Complaint and Bill in the Nature of Interpleader filed January 28, 2008 and verify that the facts alleged in that document are true and correct to my personal knowledge.

3.      A true and correct copy of the Amended Verified Complaint and Bill in the Nature of Interpleader being filed today is annexed hereto as Exhibit 1.

4.      A true and correct copy of the receipt for payment showing Lowey Dannenberg deposited $4,560,588.47 with the registry of this Court on January 25, 2008, along with the January 24, 2008 Order of this Court permitting such deposit, is annexed hereto as Exhibit 2.

5.      A true and correct copy of the account statement for Citibank Account No. 9977643705, showing deposits from Pfizer totaling $16,047,438.55 and all disbursements, is annexed hereto as Exhibit 3.

6.      A true and correct copy of the account screen for Citibank Account No. 9977643705 dated January 25, 2008, showing a balance of $0, is annexed hereto as Exhibit 4.

7.      A true and correct copy of the Dugan Defendants' Petition against Greg Murphy, George Rawlings, Mark Fischer, Rawlings & Associates, PLLC, and Lowey Dannenberg Bemporad & Selinger, P.C. filed in the Civil District Court for the Parish of Orleans, State of Louisiana, on July 18, 2007 is annexed hereto as Exhibit 5.

8.      A true and correct copy of a July 17, 2007 letter from Defendant James Dugan copied to me, requesting deposit of attorneys' fees from settlement of Rezulin Litigation be deposited into the registry of the United States District Court for the Southern District of New York under the supervision of the Honorable Lewis A. Kaplan, is annexed hereto as Exhibit 6.

9.      A true and correct copy of Plaintiff's Answer filed in the United States District Court for the Eastern District of Louisiana on August 18, 2007 is annexed hereto as Exhibit 7.

10.     A true and correct copy of Exhibit C to the settlement agreement dated as of July 12, 2007 for each of the two litigating insurers and 50 non-litigating insurers attesting that all settling insurers had read, understood, and accepted every term and condition of the settlement

agreement dated as of July 12, 2007 is annexed hereto as Exhibit 8. The settlement agreement itself was filed, under seal, by the Dugan Defendants as Exhibit C to Defendants', James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, Memorandum of Law in Support of their Motion to Dismiss Complaint and Bill in Nature of Interpleader Filed Under Seal.

11.    A true and correct copy of the August 27, 2007 letter from Defendant James Dugan to the United States Court of Appeals for the Second Circuit opposing dismissal of the then-pending Appeal, and the Dugan Defendants' Opposition to Voluntary Dismissal of Appeal dated September 18, 2007, are annexed hereto as Exhibit 9.

12.    A true and correct copy of the September 14, 2007 Order dismissing the Appeal and September 18, 2007 Mandate of the United States District Court of Appeals for the Second Circuit, is annexed hereto as Exhibit 10.

13.    A true and correct copy of the September 12, 2007 Order of the Eastern District of Louisiana staying the Dugan Defendants' Louisiana Action is annexed hereto as Exhibit 11.

14.    A true and correct copy of the January 17, 2008 Order to Show Cause granting Plaintiff a temporary restraining order, entered by the Honorable Kenneth M. Karas, is annexed hereto as Exhibit 12.

15.    A true and correct copy of the January 18, 2008 order of this Court, endorsing the Dugan Defendants' letter application to transfer this action to the Honorable Lewis A. Kaplan from the Honorable Kenneth M. Karas and describing Plaintiff's action as an *in rem* action is annexed hereto as Exhibit 13.

16.    A true and correct copy of the Declaration of Kimberly R. West on behalf of Wallace, Jordan, Ratliff & Brandt, LLC, claiming an interest in the Rezulin Settlement Fund, consenting to the jurisdiction of this Court, and contesting the jurisdiction of any Louisiana court,

is annexed hereto as Exhibit 14.

17.    A true and correct copy of the Declaration of Elwood S. Simon on behalf of Elwood S. Simon and Associates, P.C., claiming an interest in the Rezulin Settlement Fund, consenting to the jurisdiction of this Court, and contesting the jurisdiction of any Louisiana court, is annexed hereto as Exhibit 15.

18.    A true and correct copy of the Declaration of C. Brooks Cutter on behalf of Kershaw, Cutter, & Ratinoff, LLP, claiming an interest in the Rezulin Settlement Fund, consenting to the jurisdiction of this Court, and contesting the jurisdiction of any Louisiana court, is annexed hereto as Exhibit 16.

19.    A true and correct copy of the Declaration of Mark Fischer on behalf of himself individually and Rawlings & Associates, PLLC, claiming an interest in the Rezulin Settlement Fund, consenting to the jurisdiction of this Court, and contesting the jurisdiction of any Louisiana court, is annexed hereto as Exhibit 17.

20.    A true and correct copy of a second Declaration of Mark Fischer confirming that all monies received by Rawlings & Associates from Citibank Account No. 9977643705 totaling $5,348,443.20 (minus a $7,614.54 refund) was distributed to settling insurers pursuant to the settlement agreement dated as of July 12, 2007 and that no part of the $5,348,443.20 was retained by Rawlings & Associates as attorneys fees or expenses, is annexed hereto as Exhibit 18.

21.    A true and correct copy of the Declaration of George Rawlings on behalf of himself individually, claiming an interest in the Rezulin Settlement Fund, consenting to the jurisdiction of this Court, and contesting the jurisdiction of any Louisiana court, is annexed hereto as Exhibit 19.

22.     A true and correct copy of the Declaration of Joseph Tabacco on behalf of Berman Devalerio Pease Tabacoo Burt & Pucillo claiming an interest in the Rezulin Settlement Fund, consenting to the jurisdiction of this Court, and contesting the jurisdiction of any Louisiana court, is annexed hereto as Exhibit 20.

23.     A true and correct copy of the August 8, 2007 Declaration of Mark Fischer attaching a July 18, 2007 letter from Defendant James Dugan to Mark Fischer identifying $4.5 to $4.7 million as the attorneys' fees relating to the Settlement is annexed hereto as Exhibit 21.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     January 28, 2008
           White Plains, New York

                                        _____
                                        RICHARD W. COHEN

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

                  Plaintiff,

    - vs -

JAMES R. DUGAN, II, STEPHEN B.
MURRAY d/b/a THE MURRAY LAW FIRM,
RAWLINGS AND ASSOCIATES, PLLC,
GREG MURPHY, MORAIN & MURPHY, LLC,
WALLACE JORDAN RATLIFF & BRANDT,
LLC, ELWOOD S. SIMON & ASSOCIATES,
P.C., KERSHAW, CUTTER & RATINOFF,
LLP, BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, MARK
FISCHER, GEORGE RAWLINGS and
SHIPMAN & GOODWIN LLP,

                  Defendants.

Case No. 08 Civ. 0461 (LAK)

**ECF CASE**



## AMENDED VERIFIED COMPLAINT AND BILL IN THE NATURE OF AN INTERPLEADER[1]

1.     Plaintiff, Lowey Dannenberg Cohen, P.C. (formerly known as Lowey Dannenberg

Bemporad Selinger & Cohen, P.C.) ("Lowey Dannenberg"), in its role as former account holder

of, and party with interest in, Citibank Account No. 009977643705, titled "Lowey Dannenberg

Bemporad Selinger & Cohen, P.C. as Attorneys for the Fund" (the "Fund"), the entirety of which

---

[1] This Amended Verified Complaint filed January 28, 2008 is verified by the January 28,
2008 Declaration of Richard W. Cohen submitted herewith.

was deposited into the registry of the Court, pursuant to order, on January 25, 2008, has filed this *in rem* action in the nature of a statutory interpleader action pursuant to 28 U.S.C. § 1335 to determine the relative interests of Plaintiff and Defendants to such Fund.

2.       The Fund was originally comprised entirely of money paid into it between September 14, 2007 and October 5, 2007 by Pfizer Inc. ("Pfizer") pursuant to the terms of a settlement agreement dated as of July 12, 2007 (the "Settlement Agreement").  Pursuant to the terms of the Settlement Agreement, Pfizer eventually paid a total of $16,047,438.55 in consideration for (a) discontinuance of appeal No. 05-6249-cv in the United States Court of Appeals for the Second Circuit (the "Appeal") by two health benefit providers (the "litigating insurers") against Pfizer's subsidiary Warner Lambert Company ("Warner Lambert") (Warner Lambert and Pfizer Inc. are referred to collectively as "Pfizer") from this Court's judgment of dismissal of their claims concerning purchases of the prescription drug Rezulin, in cases Nos. 00-8064 (LAK) and 01-2466 (LAK) (the "Rezulin Litigation"); (b) the release of Rezulin-related claims by 50 other non-litigating insurers; and (c) the agreement of all 52 settling insurers to a process for settlement of future claims involving almost all other Pfizer products, including a covenant not to sue to recover certain types of claims which may accrue at any time prior to June 30, 2012 (the "Settlement").[2]

3.       On September 14, 2007 and October 5, 2007, Pfizer wired $13,315,452.87 and $2,731,985.68, respectively (a total of $16,047,438.55) directly into the Fund by wire transfer.

---

[2]The Settlement Agreement was filed under seal as Exhibit C to Defendants', James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, Memorandum of Law in Support of their Motion to Dismiss Complaint and Bill in Nature of Interpleader Filed Under Seal.  DI-10.

*See* Exhibit 3.[3] These transfers represent the entirety of the proceeds received in connection with the Settlement.

4.    Pursuant to agreements between the 52 settling health insurers and their respective counsel, Plaintiff disbursed $11,621,433.27 from the Fund to the 52 settling health insurers (or to their attorneys on their behalf) between September 19, 2007 and October 22, 2007, such amounts representing all proceeds payable to the clients pursuant to their agreement.

5.    No money from the Fund has ever been paid to any person, except for the $11,621,433.27 of settlement payments made to the 52 settling insurers. *See* Exhibit 3.

6.    Pursuant to the a plan of allocation agreed to by all 52 settling insurers, after disbursement to them of their settlement amounts, all funds remaining in the account ($4,450,000 before interest) were earmarked to pay the fees, and reimburse the expenses, of the law firms whose efforts contributed to the Settlement.

7.    No legal fees or disbursements have been paid. Rather, all funds in the account after payment to the 52 settling insurers remained in the account and accrued interest. On January 25, 2008, the entire amount of the account, which, with accrued interest was $4,560,588.47, was deposited into the registry of this Court pursuant to the January 24, 2008 Order of this Court, and constitutes the Fund which is the subject of this action. *See* Exhibits 2 and 4.

8.    Plaintiff had primary responsibility for the prosecution of the Rezulin Litigation and negotiation of the Settlement over the course of the last seven years. Lowey Dannenberg

---

[3]References herein to numbered Exhibits refer to the Exhibits to the January 28, 2008 Declaration of Richard W. Cohen, Esq. filed herewith.

dedicated approximately 6,800 lawyer and paralegal hours and approximately $200,000 of expenses to the prosecution of the Rezulin Litigation and the Settlement, and claims a substantial interest in the Fund to recover fees and expenses.

9.      Because a dispute has arisen among the several lawyers claiming an interest in the Fund, Lowey Dannenberg has interpleaded the entire Fund into the registry of this Court. *See* Exhibit 2.

10.     By this action, Lowey Dannenberg seeks (a) an adjudication of the relative interests of the Plaintiff and the Defendants in the Fund, and (b) a preliminary and permanent injunction, pursuant to 28 U.S.C. § 2361, against Defendants James R. Dugan II and Stephen B. Murray, d/b/a The Murray Law Firm from prosecuting any separate action (outside of prosecution of their claims in this action) concerning their entitlement to fees or expenses from the Fund or other entitlement to proceeds of the Settlement, including a pending action they filed in the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

## I.    THE PARTIES

11.     Plaintiff Lowey Dannenberg is a law firm organized as a professional corporation under the laws of the State of New York.  Lowey Dannenberg's principal place of business is located in White Plains, New York, and its only other office is in Pennsylvania.  Lowey Dannenberg has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of courts in Louisiana.  Lowey Dannenberg commenced this Action in part in its capacity as the holder of the account which housed the Fund, as to which there are competing claims.  Now that the Fund has been deposited in the registry of this Court, Lowey Dannenberg's capacity is as a claimant entitled to a substantial

portion of the Fund in consideration for its services which contributed to the creation of the Fund.

12.    Defendant Rawlings & Associates, PLLC ("Rawlings & Associates"), is a law firm organized as a professional limited liability corporation under the laws of the State of Kentucky.  Rawlings & Associates' sole place of business is located in LaGrange, Kentucky. Defendants Mark Fischer ("Fischer") and George Rawlings ("Rawlings") are the principal officers of Rawlings & Associates.  Rawlings & Associates and Fischer are subject to the jurisdiction of this Court, having appeared in the Rezulin Litigation, and Fischer, Rawlings, and Rawlings & Associates have consented to the jurisdiction of this Court for purposes of this action.  Rawlings & Associates has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Fischer and Rawlings are citizens of the State of Kentucky and disclaim amenability to the personal jurisdiction of the courts of Louisiana.  On behalf of Rawlings & Associates, Rawlings, and Fischer claim an interest in the Fund in consideration of their services which contributed to the creation of the Fund.  Rawlings & Associates dedicated in excess of 1,000 lawyer and paralegal hours and more than $50,000 of expenses to the prosecution of the Rezulin Litigation and the Settlement.  Rawlings & Associates also represented the majority of the 50 non-litigating insurers in the Settlement.  *See* Exhibits 17 and 19.

13.    Defendant Greg Murphy ("Murphy") is a natural person residing in East Baton Rouge, Louisiana.  Mr. Murphy is an attorney licensed to practice law in Louisiana and is a shareholder in Defendant Morain & Murphy, LLC,  a law firm organized as a limited liability company under the laws of the State of Louisiana with it sole office in Baton Rouge Louisiana.

Greg Murphy and Morain & Murphy LLC are subject to the personal jurisdiction of this Court as

they entered their appearances in the Rezulin Litigation, attended court conferences in the

Rezulin Litigation in this District, and have consented to the jurisdiction of this Court for the

purposes of this action.  Greg Murphy and Morain & Murphy LLC claim an interest in the Fund

in consideration of their dedication of lawyer hours and expenses to the prosecution of the

Rezulin Litigation and the Settlement which led to the creation of the Fund.

      14.     Defendant James R. Dugan II ("Dugan") is an attorney who resides in, and is

licensed to practice law in, Louisiana.  Mr. Dugan is subject to the personal jurisdiction of this

Court as he entered his appearance in this Court in the Rezulin Litigation, and filed applications

before the Second Circuit Court of Appeals in the Appeal, opposing its voluntary dismissal.  Mr.

Dugan claims an interest in the Fund pursuant to an alleged oral agreement.

      15.     Defendant Stephen B. Murray, d/b/a The Murray Law Firm ("Murray"), is a

natural person who resides in, and is licensed to practice law in, Louisiana.  Mr. Murray is

subject to the personal jurisdiction of this Court as he claims his interest in the Fund derivatively

through James Dugan, with whom he claims to have a contract to share in Dugan's interest in the

Fund.  Mr Murray also has entered his appearance in this Court with Mr. Dugan in other ongoing

Rezulin-related litigation, continues to prosecute such claims in this Court, and filed applications

before the Second Circuit Court of Appeals in the Appeal, opposing its voluntary dismissal.

      16.     Defendant Wallace Jordan Ratliff & Brandt, LLC ("Wallace Jordan") is a law

firm organized as a limited liability company under the laws of the State of Alabama.  Wallace

Jordan's principal place of business is located in Birmingham, Alabama.  Wallace Jordan claims

an interest in the Fund as legal counsel to several of the non-litigating insurers whose settlements

were responsible in part for the creation of the Fund and in consideration of its other services

which contributed to its creation. Wallace Jordan has consented to the jurisdiction of this Court

for purposes of this action. Wallace Jordan has no office in Louisiana, no lawyers admitted to

practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of

Louisiana. *See* Exhibit 14.

17.     Defendant Elwood S. Simon and Associates, P.C. ("Elwood Simon") is a law firm

organized as a professional corporation under the laws of Michigan, where it maintains its sole

office. Elwood Simon is subject to the personal jurisdiction of this Court, as it appeared in the

Rezulin Litigation and has consented to the jurisdiction of this Court for the purposes of this

action. Elwood Simon has no office in Louisiana, no lawyers admitted to practice in Louisiana

and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Elwood Simon

claims on interest in the Fund in consideration of its services which contributed to its creation,

which consist of 409 lawyer hours and $2,278.72 of expenses dedicated to the Rezulin Litigation.

*See* Exhibit 15.

18.     Defendant Kershaw, Cutter & Ratinoff, LLP ("Kershaw Cutter") is a law firm

organized as a limited liability partnership under the laws of California, where it maintains its

sole office. Kershaw Cutter is subject to the personal jurisdiction of this Court as it appeared in

the Rezulin Litigation and has consented to the jurisdiction of this Court for the purposes of this

action. Kershaw Cutter has no office in Louisiana, no lawyers admitted to practice in Louisiana

and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Kershaw Cutter

claims an interest in the Fund in consideration of its services which contributed to its creation,

which consist of a substantial number of lawyer hours and $13,989.43 of expenses which it

dedicated to the Rezulin Litigation. *See* Exhibit 16.

19.    Defendant Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") is a law firm organized as a partnership under the laws of Massachusetts. Berman DeValerio is subject to the personal jurisdiction of this Court as it appeared in the Rezulin litigation and has consented to the jurisdiction of this Court for the purposes of this action. Berman DeValario has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Berman DeValario claims an interest in the Fund in consideration of its services which contributed to its creation, which consists of 247.3 lawyer hours and $6,661.35 of expenses dedicated to the Rezulin Litigation. *See* Exhibit 20.

20.    Shipman & Goodwin, LLP ("Shipman & Goodwin") is a law firm organized as a limited liability partnership under the laws of Connecticut where it maintains its only offices. Shipman & Goodwin is subject to the personal jurisdiction of this Court as it appeared in this Court in the Rezulin litigation and has informed Plaintiff that it will consent to the jurisdiction of this Court for the purposes of this action. Shipman & Goodwin has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Shipman & Goodwin claims an interest in the Fund in consideration of its services which contributed to its creation, which consists of 736 lawyer and paralegal hours, and $10,369 of expenses dedicated to the Rezulin Litigation.

## II.    JURISDICTION AND VENUE

21.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because (a) the Fund constitutes property, an amount of money, or an obligation to

pay money in excess of $500, (b) two or more adverse claimants of diverse citizenship as defined by 28 U.S.C. § 1332, claim to be entitled to the Fund; and (c) the Fund has been deposited into the registry of this Court.

22.    Venue is appropriate in this Court under 28 U.S.C. § 1397 as the Fund is situated in this District, and Plaintiff Lowey Dannenberg, the principal claimant to the Fund, resides in this District.  This District is the sole venue where a court has personal jurisdiction over all parties and has jurisdiction over the Fund.

## III.    FACTS

23.    From 2001 until 2007, Plaintiff served as counsel of record for litigating insurers, Eastern States Health and Welfare Fund (Eastern States) and Louisiana Health Services Indemnity Company, d/b/a BlueCross BlueShield of Louisiana (BCBSLA), in the Rezulin Litigation before this Court and before the United States Court of Appeals for the Second Circuit.

24.    In the Rezulin Litigation, BCBSLA and Eastern States sued Warner Lambert, seeking damages and restitution incident to their purchases of the prescription drug Rezulin.

25.    Defendants (i) Murphy, (ii) Morain & Murphy, (iii) Rawlings and Associates, (iv) Elwood Simon, (v) Kershaw Cutter, (vi) Berman DeValerio, and (vii) Shipman & Goodwin all appeared, and rendered valuable services at various times, in the Rezulin Litigation, for which they assert claims to recover attorneys fees and expenses from the Fund.

26.    Plaintiff Lowey Dannenberg and Defendants Rawlings & Associates and Wallace Jordan separately represented various (and among them represented all) of the 50 non-litigating health insurers which were not parties to the Rezulin Litigation, but which were parties to the Settlement from which the Fund was created, for which they assert claims to recover attorneys

fees and expenses from the Fund.

27.    Defendants Dugan and Murray appeared in the Rezulin Litigation.  Dugan and
Murray are also counsel of record in a putative class action case before this Court which mimics
the settled Rezulin Litigation.  *Millner v. Warner-Lambert LLC*, Case No. 05-CV-6673
(S.D.N.Y.) (the "*Millner* Rezulin Action").  However, rather than contributing to the creation of
the Fund, they tried to prevent the Settlement from occurring.  *See* Exhibit 9.

28.    In 2007, while the Appeal was pending, Pfizer offered to litigating and non-
litigating health insurers a five-year agreement to resolve various types of pending and potential
future claims which health insurers have historically asserted against prescription drug
manufacturers, including (but not limited to) the claims asserted in the Rezulin Litigation.
Pfizer's principal prerequisites to such an agreement were the enrollment in the Settlement of
insurers covering a major share of privately-insured Americans and dismissal of the Appeal.

29.    Pfizer never offered to settle with only the two litigating insurers, since their
collective market share was very small.

30.    The Settlement was memorialized in the July 12, 2007 Settlement Agreement,
whose principal terms provided that, if a sufficient quantum of insurers signed the Settlement
Agreement, Pfizer would pay into a settlement fund to be maintained by Plaintiff, an aggregate
amount not to exceed $22 million, computed by (a) multiplying the number of covered lives
represented by all participating insurers, times an agreed-upon amount per life of $0.11333, plus
(b) $5,000,000.  In consideration for such payments, the settling health insurers would enter into
5-year agreements not to sue Pfizer with respect to specified claims covering any type of product,
they would agree to a fixed payment mechanism for settling certain other types of claims which

might arise, they would release claims related to Rezulin, and the 2 litigating insurers would dismiss the Appeal.

31.     Thereafter, before the Settlement was funded by Pfizer, all settling insurers agreed to a plan of distribution if the Settlement occurred, whereby (a) the non-litigating insurers would receive $0.11333 per covered life; (b) the 2 litigating insurers would receive $275,000 each; and (c) $4,450,000 would be allocated to pay legal fees and expenses.

32.     By September 2007, a number of insurers satisfactory to Pfizer executed the Settlement Agreement, and agreed to proceed with the Settlement. *See* Exhibit 8. In connection therewith, on September 14, 2007, and October 5, 2007 Pfizer made payments totaling $16,047,438.55 into Citibank Account No. 009977643705 opened in this District by Plaintiff, as attorneys for the Fund. *See* Exhibit 3. In consideration, the Appeal was dismissed by stipulation of all parties.

33.     After learning that dismissal of the Appeal was a condition precedent to the Settlement, in August 2007 and September 2007, Defendants Dugan and Murray tried to block dismissal of the Appeal in order to prevent the Settlement from occurring, which, if successful, would have prevented the creation of the Fund, the same Fund from which they are now seeking fees. They did this by sending an August 27, 2007 letter to the United States Court of Appeals for the Second Circuit opposing dismissal of the then-pending Appeal, and filing a September 18, 2007 application with the United States Court of Appeals for the Second Circuit, purportedly on behalf of their plaintiff in the *Millner* Rezulin Action, seeking to intervene in the Appeal and seeking to prevent the two litigating insurers' voluntary dismissal of the Appeal from this Court's judgment dismissing their claims in the Rezulin Litigation. *See* Exhibit 9.

34.     Dugan and Murray's applications to block dismissal of the Appeal were rejected by the Second Circuit and the Appeal was dismissed. *See* Exhibit 10.

35.     Thus, the Fund, from which Defendants Dugan and Murray now seek fees, came into being despite, not because of, the actions of Defendants Dugan and Murray.

36.     Lowey Dannenberg and all Defendants other than Dugan and Murray are entitled to compensation from the Fund for their respective efforts which led to its creation.

## IV.    DUGAN AND MURRAY'S ASSERTION OF CLAIMS TO THE FUND

37.     Before the Settlement between Pfizer and the 52 settling insurers could be consummated, Dugan and Murray learned from a joint filing by the parties to the appeal that a potential settlement was being negotiated.  On July 17, 2007, Dugan and Murray wrote to counsel for Pfizer, to Defendant Mark Fischer, and to Plaintiff, asserting an interest in any attorneys fees generated as a result of the Settlement, and requesting that such fees be deposited in the registry of this Court under the supervision of Judge Kaplan. *See* Exhibit 6.

38.     In response, Defendant Fischer informed Dugan that if and when a settlement occurred, he and Murray would be entitled to fees from any settlement that were commensurate with their relative contribution to the prosecution and settlement of the Rezulin Litigation.

39.     On July 18, 2007, Defendant Dugan wrote to Defendant Mark Fischer claiming a 1/3 interest in legal fees generated by the Settlement, specifically referencing the fees to be generated from the Settlement and calculating his alleged fee interest pursuant to the terms of the Settlement Agreement as $1.5 million. *See* Exhibit 21 and Exhibit A thereto.

40.     That same day, July 18, 2007, almost two months before the Settlement became binding and the Fund came into existence, Defendants Dugan and Murray sued Murphy, Lowey

Dannenberg, Fischer, Rawlings, and Rawlings & Associates in the Civil District Court of the

Parish of Orleans in New Orleans, Louisiana claiming breach of contract, and breach of fiduciary

duty by virtue of their not paying to Dugan and Murray legal fees generated from the Settlement

of the Rezulin litigation (the "Louisiana Action"). *See* Exhibit 5. The Louisiana Action was

filed notwithstanding that there was not yet a Settlement nor any legal fees to distribute.

41.    None of Defendants Elwood Simon, Kershaw Cutter, Wallace Jordan, Berman

DeValerio, and Shipman & Goodwin, each of which has an interest in the Fund, was named or

joined as a party to the Louisiana Action.

42.    On August 10, 2007, defendants removed the Louisiana Action to the United

States District Court for the Eastern District of Louisiana, claiming diversity on the grounds of

fraudulent joinder of Murphy.  On August 22, 2007, Defendants Dugan and Murray filed a

motion to remand the Louisiana Action back to state court.  All proceedings in the Louisiana

Action were stayed by the Eastern District of Louisiana by Order entered September 12, 2007.

*See* Exhibit 11.

43.    Thereafter, on or about September 14, 2007, the Fund first came into existence

when Pfizer made the first of two Settlement payments.

44.    On December 12, 2007, the Judicial Panel on Multi-District Litigation transferred

the Louisiana Action to the Honorable Lewis A. Kaplan of this Court.

45.    On January 16, 2008, this Court issued an order remanding the Louisiana Action

to  the Civil District Court of the Parish of Orleans in New Orleans, Louisiana on grounds it

lacked subject matter jurisdiction.

46.    On January 17, 2008, Plaintiff initiated this action, and the Honorable Kenneth M.

Karas of this Court issued a temporary restraining order enjoining prosecution of the Louisiana Action. *See* Exhibit 12.

47.     Absent preliminary and permanent injunctive relief by this Court, Dugan and Murray will continue prosecution of the Louisiana Action and/or other competing actions, the effect of which would be to subject Plaintiff, Rawlings, Fischer, Rawlings & Associates, Murphy, and other Defendants to multiple litigation and liability concerning the exact same object, *i.e.* entitlement to a portion of the Fund.

48.     Plaintiff and every Defendant other than Dugan and Murray are claimants in the Fund and have asserted claims to a portion thereof.

49.     Defendants Dugan and Murray are claimants to the Fund, which claim Plaintiff disputes due to their actions which tried to prevent the occurrence of the Settlement from which the Fund was created.

50.     This Court is the only tribunal with personal jurisdiction over all claimants to the Fund and *in rem* jurisdiction over the Fund itself, and is the only Court with power to adjudicate the claims of all parties to the Fund.

51.     Lowey Dannenberg cannot safely determine all of the various claims to the Fund by the Defendants and itself without great hazard and multiple liability, making this interpleader action necessary.

52.     Under the provisions of 28 U.S.C. § 1335, Lowey Dannenberg is entitled to join all persons asserting claims against the Fund in this single proceeding so that Lowey Dannenberg and other Defendants may avoid duplicative litigation and avoid multiple or inconsistent judgments on the conflicting and adverse claims of Defendants to recover fees and expenses

from the Fund.

## V.    PRAYER FOR RELIEF

WHEREFORE, Lowey Dannenberg prays for judgment that:

1.      Defendants be required to interplead and assert in this proceeding and settle between themselves and Plaintiff any and all claims which each or any of them have to the Fund;

2.      That Lowey Dannenberg be discharged from all liability relating to such benefits except to pay from the Fund, if returned to it by the Court, amounts owed to the party or parties whom the Court shall judge entitled to the Fund;

3.      Pursuant to 28 U.S.C. § 2361, Dugan and Murray be permanently restrained from instituting, prosecuting, or continuing to prosecute any competing action in any other state or United States court, including *Dugan, et al. v. Murphy, et al.*, (filed July 18, 2007), affecting the Fund or concerning their entitlement to any monies from the Settlement;

4.      Defendants, and each of them, be permanently restrained from commencing or continuing to prosecute any competing action for the recovery of the Fund or any part thereof, or any claims related to their entitlement to money from the Settlement, as against Lowey Dannenberg or the other parties named herein;

5.      Lowey Dannenberg recover out of the Fund its costs and attorneys' fees incurred in this action and all actions connected to the Fund; and

6.      Awarding such other relief as the Court may deem just and equitable.

Respectfully submitted this 28th day of January, 2008.
White Plains, NY

LOWEY DANNENBERG COHEN, P.C.

Stephen Lowey (SL-7677)
Richard W. Cohen (RC-5220)
Peter St. Phillip (PS-0726)
Thomas Skelton  (TS-7908)
Todd S. Garber  (TG-4620)
One North Broadway, Suite 509
White Plains, NY 10601
Telephone:  (914) 997-0500
Telecopier: (914) 997-0035

## <u>VERIFICATION</u>

I, RICHARD W. COHEN, declare under the penalty of perjury pursuant to 28 U.S.C.

§ 1746, that

1.     I am an attorney admitted to practice in New York and before this Court, and am a

shareholder and officer of Lowey Dannenberg Cohen, P.C., proceeding as counsel *pro se* for

Plaintiff.  I make this declaration on personal knowledge of the facts set forth herein.

2.     I have read the Amended Verified Complaint and Bill in the Nature of

Interpleader filed January 28, 2008 and verify that the facts alleged in that document are true and

correct to my personal knowledge.

Dated:       January 28, 2008
             White Plains, New York

RICHARD W. COHEN

EXHIBIT 2



**OFFICIAL CHECK**

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK          HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**citibank**
Citibank, N.A.

110140032

62-20
311

FCF 00180 FA# 056          $0.00 ONL          DATE 0 1 / 2 5 / 0 8
644-02 CK, Ser.#   110140032   * * 4 , 5 6 0 , 5 8 8 . 4 7 * * *

PAY   ***FOUR MILLION FIVE HUNDRED SIXTY THOUSAND
      FIVE HUNDRED EIGHTY-EIGHT AND 47/100 DOLLARS****

TO
THE     ***CLERK S.D.N.Y***
ORDER
OF

NAME OF REMITTER   LOWEY DANNENBERG BEMPORAD SELINGER & COHEN, PC
ADDRESS
Citibank, N.A. One Penn's Way          Drawer: Citibank, N.A.
New Castle, DE 19720
                                       BY
                                       AUTHORIZED SIGNATURE                    MP

⑈110140032⑈  ⑆031100209⑆     38762924⑈

---

ORIGINAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

                                        at    KIP
RECEIVED FROM   Lowey Dannenberg Cohen          E 633879

                        08 CV 0461

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds    604700 |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees          GRAND TOTAL    $4,560,588.47 |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

DEPUTY CLERK:

| DATE: 1/25 20 08 | Cash | Check | M.O. | Credit |
|---|---|---|---|---|
| | | ✓ | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LOWEY DANNENBERG COHEN, PC,

                            Plaintiff,


            -against-                                    08 Civ. 0461 (LAK)


JAMES R. DUGAN, II, et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED: 1/24/08              │
└─────────────────────────────────┘
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        This action having been transferred to the undersigned, plaintiff's motion for leave to deposit funds with the Clerk of the Court (DI 5) is granted.

        The Court will hear the pending motion for a preliminary injunction (DI 7) on January 31, 2008 at 2:30 p.m. in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse. Answering and reply papers shall be filed by the dates and times specified in the order to show cause for service.

        SO ORDERED.

Dated:      January 24, 2008


                                 Lewis A. Kaplan
                       United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LOWEY DANNENBERG COHEN,<br>PC, in its capacity as account holder of, and party<br>with interest in, the REZULIN SETTLEMENT<br>FUND,<br><br>        Plaintiff,<br><br>   - vs -<br><br>JAMES R. DUGAN, II, STEPHEN B.<br>MURRAY d/b/a THE MURRAY LAW FIRM,<br>RAWLINGS AND ASSOCIATES, PLLC,<br>GREG MURPHY, MORAIN & MURPHY, LLC,<br>WALLACE JORDAN RATLIFF & BRANDT,<br>LLC, ELWOOD S. SIMON & ASSOCIATES,<br>P.C., KERSHAW, CUTTER & RATINOFF,<br>LLP, BERMAN DEVALERIO PEASE<br>TABACCO BURT & PUCILLO, MARK<br>FISCHER, GEORGE RAWLINGS,<br><br>        Defendants. | Case No. 08 CIV 0461 (KMK)<br><br>HONORABLE Kenneth M. Karas<br><br>**ECF CASE** |

### NOTICE OF MOTION TO AUTHORIZE PLAINTIFF TO
### DEPOSIT FUNDS WITH THE CLERK OF THE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1335, Rule 67 of the Federal Rules

of Civil Procedure and Rule 67.1(a) of the Local Rules of this Court, and upon Plaintiff's

Complaint filed January 17, 2008, the Declaration of Richard W. Cohen dated January 17, 2008,

the Memorandum of Law In Support of Plaintiff's Order To Show Cause For a Temporary

Restraining Order, and Preliminary and Permanent Injunctive Relief dated January 17, 2008, and

Plaintiff's Memorandum of Law in Support of Its Motion to Authorize Plaintiff to Deposit Funds

with the Clerk of the Court, Plaintiff will move before the Honorable Kenneth M. Karas,

Courtroom 521, United States Courthouse, 300 Quarropas Street, White Plains, NY 10601-4150

on such date and time as the Court may direct, for an Order in the form submitted herewith

authorizing Plaintiff to deposit with the Clerk of the Court, into an interest-bearing account, all

funds currently held in Citibank Account No. 009977643705, titled "Lowey Dannenberg

Bemporad & Selinger P.C. as Attorneys for the Rezulin Settlement Fund," ($4,555,657.02 as of

January 17, 2008 with interest continuing to accrue), which account is referred to by the

Complaint as the "Rezulin Settlement Fund."

Dated: January 22, 2008
      White Plains, New York

                            LOWEY DANNENBERG COHEN, P.C.


                            __/S/_____
                            Stephen Lowey , Esq. (SL-7677)
                            Richard W. Cohen, Esq. (RC-5220)
                            Peter St. Phillip, Esq. (PS-0726)
                            Thomas Skelton, Esq. (TS-7908)
                            Todd S. Garber, Esq. (TG-4620)
                            One North Broadway, Suite 509
                            White Plains, NY 10601
                            Telephone:  (914) 997-0500
                            Telecopier: (914) 997-0035

**CERTIFICATE OF SERVICE**

I, Todd S. Garber, hereby certify under penalty of perjury that I caused copies of

Plaintiff's Notice of Motion to Authorize Plaintiff to Deposit Funds with the Clerk of the Court

and Plaintiff's Memorandum of Law in Support of its Motion to Authorize Plaintiff to Deposit

Funds with the Clerk of the Court to be served upon the parties listed below via email, on this

22nd day of January 2008.

> James R. Dugan, II, Esq.
> jdugan@dugan-lawfirm.com
> dciolino@daneciolino.com
> dciolino@gmail.com
>
> Stephen B. Murray, d/b/a The Murrary Law Firm
> smurray@murrary-lawfirm.com
> dciolino@daneciolino.com
> dciolino@gmail.com
>
> Greg Murphy
> greg@mandmlawfirm.com
>
> Morain & Murphy, LLC
> greg@mandmlawfirm.com
>
> Wallace Jordan Ratliff & Brandt, LLC
> KW@wallacejordan.com
>
> Elwood Simon & Associates, P.C.
> esimon@esimon-law.com
>
> Kershaw, Cutter & Ratinoff, LLP
> bcutter@kcrlegal.com
>
> Berman DeValerio Pease Tabacco Burt & Pucillo
> jtabacco@bermanesq.com

Mark Fischer
mdf@rawlingscompany.com

George Rawlings
mdf@rawlingscompany.com

Rawlings & Associates, PLLC
mdf@rawlingscompany.com


____/S/_____
          Todd S. Garber

EXHIBIT 3

**LOWEY DANNENBERG BEMPORAD SELINGER & COHEN, P.C., AS ATT'S FOR REZULIN SETTLEMENT FUND**
**CITIBANK IMMA ACCT # 9977643705**
**CITIBANK CK Acct # 9977643892**

| DATE | CK# | DESCRIPTION | | DEBITS | CREDITS | BALANCE |
|---|---|---|---|---|---|---|
| 9/14/2007 | | Deposit | | | 13,315,452.87 | 13,315,452.87 |
| 9/19/2007 | 1001 | Louisiana Health Service Indemnity Company | Distrib & Int | 275,222.93 | | 13,040,229.94 |
| 9/19/2007 | 1002 | Unite Here National Health Fund | Distrib & Int | 275,222.93 | | 12,765,007.01 |
| | | (as successor to Eastern States Health &Welfare fund | | | | |
| 9/28/2007 | | Interest  4.93% | | | | 12,765,007.01 |
| 10/5/2007 | | Deposit | | | 24,606.03 | 12,789,613.04 |
| 10/17/2007 | 1003 | Aetna, Inc | Distrib & Int | 1,608,140.44 | | 15,521,598.72 |
| 10/17/2007 | 1004 | Void | | | | 15,521,598.72 |
| 10/17/2007 | 1005 | Void | | | 2,731,985.68 | 13,912,458.28 |
| 10/17/2007 | 1006 | Humana, Inc | | | | 13,912,458.28 |
| 10/17/2007 | 1007 | Connecticut General Life Insurance Co (CIGNA) | Distrib & Int | 874,139.91 | | 13,038,318.37 |
| 10/17/2007 | 1008 | Wallace Jordan as attorneys for BCBS ALA et al | Distrib & Int | 1,026,953.92 | | 12,011,364.45 |
| 10/22/2007 | Wire | Rawling and Associates | Distrib & Int | 2,212,310.34 | | 9,799,054.11 |
| 10/24/2007 | Wire | Rawling and Associates | Distrib & Int | 5,348,443.20 | | 4,450,610.91 |
| | | Interest  4.93% | Distrib Refund | | 7,614.54 | 4,458,225.45 |
| | | | | | 47,494.24 | 4,505,719.69 |

EXHIBIT 4

# Citibank Account Opening Screen Print

01/25/08 12:39:26

Computer Name: NY046065

User Name: 0120378



EXHIBIT 5

ATTORNEY'S NAME:  Ciolino, Dane  19311
AND ADDRESS:       526 Pine St 4th Fl,  PO Box 850848
                   New Orleans   LA 70185-0848

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA*

NO:    2007 -- 06907        2                              SECTION:  10    -- F

DUGAN, JAMES R. II  ET AL VERSUS MURPHY, GREG     ET AL

## C I T A T I O N

TO:   LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.

THROUGH:
      WHITE PLAINS PLAZA
      ONE NORTH BROADWAY
      WHITE PLAINS                    NY   10601-2310

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the
service hereof under penalty of default

ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
if you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA    July 18, 2007

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                          State of LA
                                                          by
                                                                       Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                          DOMICILIARY SERVICE

On this _____ day of _____        On this _____ day of _____
_____ served a copy of the w/i petition   _____ served a copy of the w/i petition
PETITION FOR DAMAGES                      PETITION FOR DAMAGES

On LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.   On LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.

THROUGH:                                  THROUGH:

                                          by leaving same at the dwelling house, or usual place of
                                          abode, in the hands of _____
                                          a person of suitable age and discretion residing therein as
       Returned same day                  a member of the domiciliary establishment, whose name
                          No.             and other facts connected with this service I learned by
_____              interrogating  HIM / HER the said _____
      Deputy Sheriff of _____       LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.
Mileage: $_____

_____ / ENTERED /_____         being absent from the domicile at time of said service.
   PAPER                    RETURN                Returned same day
                                                              No.
_____/_____/_____             _____
   SERIAL NO.   DEPUTY    PARISH             Deputy Sheriff of _____

ATTORNEY'S NAME:  Ciolino, Dane  19311
AND ADDRESS:      526 Pine St 4th Fl,  PO Box 850848
                  New Orleans   LA  70185-0848

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:     2007 -- 06907     2                                    SECTION: 10   -- F

DUGAN, JAMES R. II  ET AL VERSUS MURPHY, GREG     ET AL

**C I T A T I O N**

TO:   LOWEY, DANNENBERG, BEMPORAD & SELINGER, P C.

THROUGH:

      WHITE PLAINS PLAZA
      ONE NORTH BROADWAY
      WHITE PLAINS                    NY   10601-2310

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the
service hereof under penalty of default

---

ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

---

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA    July 18, 2007

Clerk's Office, Room 402, Civil Courts Building.          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                          State of LA
                                                          by
                                                               Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| On LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C. | On LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C. |

THROUGH:                                          THROUGH:

                                                  by leaving same at the dwelling house, or usual place of
                                                  abode, in the hands of _____
                                                  a person of suitable age and discretion residing therein as
Returned  same  day                               a member of the domiciliary establishment, whose name
                                                  and other facts connected with this service I learned by
_____ No.                       interrogating  HIM  /  HER the said _____
Deputy Sheriff of _____                         LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.
Mileage: $_____

_____ / ENTERED /                               being absent from the domicile at time of said service.
PAPER                  RETURN                      Returned  same  day
                                                                         No.
_____ / _____ / _____
SERIAL NO.    DEPUTY    PARISH                     Deputy Sheriff of _____

CIVIL DISTRICT COURT

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-6907                                                    DIV. 7-D

JAMES R. DUGAN, II, AND STEPHEN B. MURRAY
D/B/A THE MURRAY LAW FIRM

V.

GREG MURPHY, GEORGE RAWLINGS, MARK FISCHER,
RAWLINGS & ASSOCIATES, PLLC, AND LOWEY, DANNENBERG,
BEMPORAD & SELINGER, P.C.

FILED: _____    _____

                                          DEPUTY CLERK

PETITION FOR DAMAGES, QUANTUM MERUIT, CONCURSUS
AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, come petitioners James R. Dugan, II,

and Stephen B. Murray d/b/a The Murray Law Firm, who file this petition for damages, quantum

meruit, concursus and injunctive relief relating to legal fees to be allocated in the matter of *Louisiana

Health v. Warner Lambert Co., et al, USDC-EDLA, 2:00-cv-2566, MDL Panel, M21-85, MDL 1348*

("Rezulin Litigation"). Petitioners further aver as follows:

PARTIES

1.    Made petitioners in this matter are:

      a.    James R. Dugan, II, a natural person domiciled in Orleans Parish, Louisiana

            ("Dugan"); and,

      b.    Stephen B. Murray d/b/a The Murray Law Firm, a natural person domiciled

            in Orleans Parish, Louisiana ("The Murray Law Firm").

2.    Made defendants in this matter are:

      a.    Greg Murphy ("Murphy"), a natural person domiciled in East Baton Rouge

            Parish, Louisiana, but doing business in Orleans Parish, Louisiana;

      b.    George Rawlings ("Rawlings"), a natural person domiciled in Louisville,

            Kentucky, but doing business in Orleans Parish, Louisiana;

-1-

    c.     Mark Fischer ("Fischer"), a natural person domiciled in Louisville, Kentucky, but doing business in Orleans Parish, Louisiana;

    d.     Rawlings & Associates, PLLC ("Rawlings & Associates"), a Kentucky corporation domiciled in Louisville, Kentucky, but doing business in Orleans Parish, Louisiana; and

    e.     Lowey, Dannenberg, Bemporad and Selinger, P.C. ("Lowey") a law firm domiciled in White Plains, New York, but doing business in Orleans Parish, Louisiana.

3.     Venue is proper in Orleans Parish because:

    a.     many of the events giving rise to this petition occurred in Orleans Parish;

    b.     much of the work and/or services called for the parties' contract was performed in Orleans Parish; and,

    c.     much of the work of the joint venture giving rise to this petition was performed in Orleans Parish.

## FACTS

4.     From 1994 to 2006, Dugan was a lawyer associated with the law firm of Gauthier, Downing, LaBarre, Beiser and Dean ("Gauthier, Downing Firm"). He worked directly with the late Wendell H. Gauthier.

5.     Upon leaving the Gauthier, Downing Firm, Dugan was assigned all right, interest and responsibility for the Rezulin Litigation. Upon joining The Murray Firm, Dugan assigned all right, interest and responsibility for the Rezulin Litigation to The Murray Firm.

6.     On August 28, 2000, Wendell Gauthier, James Dugan, and Mark Fischer of Rawlings & Associates entered into a joint venture agreement to prosecute claims on behalf of Blue Cross Blue Shield of Louisiana, and numerous other clients, against Warner-Lambert (subsequently bought by Pfizer in 2000) ("Pfizer") relating to the drug Rezulin ("Rezulin Litigation"). The Rezulin Litigation joint venture agreement expressly provided for a 50/50 division of all attorney fees generated in the litigation between Gauthier/Dugan and Rawlings & Associates.

7.     Wendell Gauthier and James Dugan had entered into a similar joint venture agreement with Rawlings & Associates in the Phen-Fen litigation on July 14, 1999. The Phen-Fen litigation was

successfully handled by the Gauthier & Rawlings firms, and the firms divided fees 50/50 in accordance with their joint venture agreement.

8.    The original Blue Cross of Louisiana Rezulin case was filed in Federal Court in New Orleans on August 29, 2000. The Blue Cross Blue Shield of Louisiana case was then transferred by way of the Multidistrict Litigation Panel to the Southern District of New York and assigned to the Honorable Judge Kaplan. A similar Rezulin case was filed by Richard Cohen and the Lowey firm in theSouthern District of New York on behalf of the Eastern States Health and Welfare Fund. The two cases were subsequently consolidated for pre-trial proceedings.

9.    The lawyers and law firms on the consolidated cases, including the defendants, agreed to work together in a joint venture on the Rezulin Litigation, with the Gauthier Firm handling discovery, the Lowey Firm handling law, pleadings, and motions and Rawlings & Associates handling client relations and inventory. The parties worked jointly on a consolidated complaint. The defendant, Pfizer, filed a Motion to Dismiss the consolidated complaint. The parties worked on a Opposition to the Motion to Dismiss. Judge Kaplan granted the Defendant's Motion to Dismiss. The parties jointly worked on drafts for the appeal of the Motion to Dismiss to the United States Court of Appeals for the 2nd Circuit.

10.   Wendell H. Gauthier died December 11, 2001.

11.   Appeals were filed in the summer of 2002. Despite filing the original Blue Cross Blue Shield Case and diligently working on the case until this point, Dugan was excluded from the briefing at the 2nd Circuit by Rawlings & Associates & the Lowey firm. Upon learning of this, Dugan met with Mark Fischer at his office in Louisville, Kentucky to discuss the matter. Fischer's excuse for excluding Dugan from the 2nd Circuit briefing was that he believed that "Dugan no longer wished to work on the case." Dugan reaffirmed to Fischer his continued interest in handling the Rezulin Litigation. The two then agreed to hire Ken Starr to do the appellate work at the 2nd Circuit in a manner similar to what they had done in Phen-Fen.

12.   The 2nd Circuit reversed Judge Kaplan and remanded the case to the trial court.

13.   Corporate depositions of Blue Cross Blue Shield of Louisiana were taken. Greg Murphy and Peter St. Phillip of the Lowey Firm defended the Blue Cross depositions in Baton Rouge, Louisiana.

-3-

14.    Thereafter, Pfizer filed Motions for Summary Judgment. Plaintiffs filed Oppositions to the Motions for Summary Judgment. Lowey and Rawlings excluded Gauthier and Dugan from the Opposition to Motion for Summary Judgment, despite repeated requests by Dugan to be involved in the briefing. Instead, Lowey and Rawlings & Associates substituted Greg Murphy for Dugan, negligently or intentionally to interfere with Dugan's contract with his client.

15.    Oral Argument was heard on the Motion for Summary Judgment in Judge Kaplan's Court. Peter St. Philip of the Lowey Firm handled the argument and James Dugan was in attendance. Dugan filed a Notice of Supplemental Authority in support of the Motion for Summary Judgment, citing *Local 68 v. Merck*, a favorable decision denying Motion for Summary Judgment in the Vioxx litigation. Judge Kaplan nonetheless granted defendant's Motion for Summary Judgement.

16.    The Lowey firm and Rawlings & Associates filed appeals at the United States Court of Appeal for the 2nd Circuit, again excluding Dugan from the briefing despite his repeated requests to be included. In December of 2006, Oral Argument was heard at the United States Court of Appeal for the 2nd Circuit on the Motion for Summary Judgment Appeals.

17.    In July 2007, Pfizer and the clients represented by the petitioners reached a tentative settlement of the Rezulin Litigation. This settlement will result in the division of a substantial legal fee among the lawyers participating in the Rezulin Litigation, including the parties to this lawsuit. The defendants, however, have denied that the petitioners have any interest in recovering the legal fees in question–despite the existence of a joint venture.

## COUNT I: BREACH OF CONVENTIONAL OBLIGATION

18.    The petitioners and the defendants entered into a conventional obligation (contract) under which they agreed to work together on the Rezulin Litigation and to divide fees among themselves.

19.    The petitioners worked competently and diligently on the Rezulin Litigation from the time of the parties' agreement through the present. In so doing, the petitioners have satisfied all of their conventional obligations to the defendants.

20.    The defendants, however, have breached their conventional obligation to the petitioners by failing to permit the petitioners to share in the fees generated by the Rezulin Litigation.

21.    The petitioners have suffered harm as a result of the defendants acts or omissions.

-4-

## COUNT II: BREACH OF JOINT VENTURE

22.    The petitioners and the defendants entered into a joint venture agreement under which they agreed to work together jointly on the Rezulin Litigation. Through this agreement, they agreed to share the labor and financial risks associated with the venture. They also agreed to share any financial rewards that might result from their joint work through the recovery of legal fees.

23.    The petitioners worked competently and diligently on the Rezulin Litigation from the time of the formation of the parties' joint venture through the present. Furthermore, the petitioners assumed significant out-of-pocket expenses, incurred lost opportunity costs, and bore other risks in undertaking this joint venture work.

24.    The petitioners have satisfied all of their obligations to the joint venture and to their co-venturers.

25.    The defendants, however, have breached their obligations under the joint venture agreement by failing to permit the petitioners to share in the financial rewards of the venture, more particularly, by failing to permit the petitioners to share in the fees generated by the Rezulin Litigation.

26.    The petitioners have suffered harm as a result of the defendants acts or omissions.

## COUNT III: BREACH OF FIDUCIARY DUTIES

27.    The petitioners and the defendants owed each other fiduciary duties, including duties of loyalty and care, in connection with their joint-venture work on the Rezulin Litigation.

28.    In addition, the petitioners and the defendants owed the Rezulin Litigation joint venture fiduciary duties, including duties of loyalty and care, in connection with their joint-venture work.

29.    The petitioners satisfied all of their fiduciary duties to the joint venture and to their co-venturers through working competently diligently on the Rezulin Litigation from the time of the formation of the parties' joint venture through the present.

30.    The defendants, however, have breached their fiduciary obligations to the joint venture and to the petitioners by intentionally self-dealing and by denying the petitioners an opportunity to share in the financial rewards of the Rezulin Litigation, solely in an effort to unjustly enrich themselves at the expense of the petitioners.

### COUNT IV: VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES ACT

31.     The acts and omissions described above have caused the petitioners to suffer ascertainable loss of money or movable property, corporeal or incorporeal: namely, their substantial interest in the legal fee to be distributed in the Rezulin Litigation.

32.     The ascertainable loss of money or movable property suffered by the petitioners was caused by the use or employment by another person, namely the defendants, of an unfair or deceptive method, act or practice, namely the self-serving exclusion and/or attempted exclusion of petitioners from participation in (a) critical stages of the Rezulin Litigation to the potential detriment of various jointly represented clients, and (b) the fee allocation in the Rezulin Litigation. These self-serving actions were predatorily undertaken by the defendants in an effort to take advantage of the death of Wendell Gauthier to the disadvantage of the petitioners.

33.     The acts and omissions by the defendants described above constitute "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

### COUNT V: DELICT

34.     The negligent and/or intentional acts and omissions of the defendants breached a duty of cared owed to the petitioners.

35.     These negligent and/or intentional acts in breach of duty caused harm to the petitioners.

36.     Pursuant to Louisiana Civil Code articles 2315 and 2317, among others, the defendants are obligated to repair the harm caused by their negligent or intentional acts and/or omissions.

### COUNT VI: CONCURSUS

37.     Two or more persons, namely all the parties to this action, have competing or conflicting claims to money, namely the substantial legal fees to be allocated in the Rezulin Litigation.

38.     Pursuant to Louisiana Code of Civil Procedure articles 4651-4662, all of the parties to this action should be required to assert their respective claims contradictorily against all other parties to the proceeding.

39.     Pursuant to Louisiana Code of Civil Procedure article 4660, the defendants should be enjoined and/or prohibited from instituting or prosecuting in any court of this state or of the United States any other action or proceeding on the claim involved in the concursus proceeding

## COUNT VII: QUANTUM MERUIT

40.    In the alternative, the defendants, through the acts and omissions described above, have been unjustly enriched by the petitioners' work in the Rezulin Litigation. More particularly, the legal work performed by the petitioners in the Rezulin Litigation has caused or will cause the defendants to receive substantial legal fees as a result of the risks and work undertaken by the petitioners.

41.    To allow the defendants to retain the uncompensated fruits of the petitioners' efforts would be unjust because doing so would unjustly enrich the defendants. To avoid permitting the defendants to be unjustly enriched, the court should order them to disgorge to the plaintiffs that portion of the Rezulin Litigation fee attributable to the efforts, work and risk undertaken by the petitioners.

42.    To allow the defendants to retain the uncompensated fruits of the petitioners' Rezulin Litigation efforts would be unjust because doing would cause the petitioners to suffer financial damages. To compensate the petitioners for the work and risk they undertook in connection with the Rezulin Litigation, the court should order the defendants to pay to the petitioners that portion of the Rezulin Litigation fee attributable to the efforts, work and risk undertaken by the petitioners.

## PRAYER FOR RELIEF

43.    WHEREFORE, plaintiffs respectfully request that judgment be granted in their favor and against the defendants in the following particulars:

a.    requiring all parties to assert their respective claims to the fees to be allocated in the Rezulin Litigation contradictorily against all other parties to the proceeding, pursuant to Louisiana Code of Civil Procedure articles 4651-4662;

b.    enjoining the defendants, pursuant to Louisiana Code of Civil Procedure article 4660, from instituting or prosecuting in any court of this state or of the United States any other action or proceeding on claim to legal fees in the Rezulin Litigation involved in this concursus proceeding;

c.    awarding damages to the petitioners for harm suffered by them as a result of the defendants' breach of contract, breach of fiduciary duties, violation of the Louisiana Unfair Trade Practices Act and breach of duties under Louisiana Civil Code articles 2315 and 2317;

-7-

d.    in the alternative, awarding the petitioners quantum meruit in the amount of

that portion of the Rezulin Litigation fee received by the defendants that is

attributable to the efforts, work and risk undertaken by the petitioners;

e.    awarding to the petitioners all attorneys' fees and costs associated with this

action; and,

f.    awarding to the petitioners such other relief allowed by law and equity.

Respectfully submitted, in New Orleans, Louisiana on this **13** day of July, 2007.

Dane S. Ciolino, La. Bar No. 19311
DANE S. CIOLINO, LLC
526 Pine Street, Fourth Floor
P.O. Box 850848
New Orleans, LA 70185-0848
Telephone: (504) 834-8519
Fax: (504) 324-0143
E-Mail: dciolino@loyno.edu

Stephen Murray, Sr., Esq.
Stephen Murray, Jr. Esq.
James R. Dugan, II, Esq.
THE MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100

Counsel of Record for Petitioners

PLEASE SERVE:

Greg Murphy, Esquire
6555 Perkins Rd., Suite 200
Baton Rouge, Louisiana 70808

PLEASE SERVE THROUGH THE LOUISIANA LONG ARM STATUTE:

George Rawlings
Mark Fischer
Rawlings & Associates, PLLC
325 West Main Street, Suite 1700
Louisville, Kentucky 40202

Lowey, Dannenberg, Bemporad & Selinger, P.C.
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

-8-

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

EXHIBIT 6

**MURRAY LAW FIRM**
SUITE 2550 LL&E TOWER
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-4000

STEPHEN B. MURRAY*
STEPHEN B. MURRAY, JR.
JULIE A. ARDOIN**
ARTHUR M. MURRAY
NICOLE IEYOUB-MURRAY
JESSICA W. HAYES
JAMES R. DUGAN, II
JUSTIN BLOOM ****
DOUGLAS R. PLYMALE, Ph.D.

* CERTIFIED AS A SPECIALIST IN
  CIVIL TRIAL ADVOCACY BY THE NATIONAL
  BOARD OF TRIAL ADVOCACY
** LICENSED IN LA & MS
*** LICENSED IN LA & TX
**** LICENSED IN FL & NY

TELEPHONE 504.525.8100
1.800.467.8100
FAX 504.584.5249
www.murray-lawfirm.com

OF COUNSEL

JOSEPH A RACE
ROBERT J. DILIBERTO***
DAMON A. KIRIN

WILLIAM W. GOODELL, JR., L.L.M.
Energy and Environment

July 17, 2007

**Via U.S. Mail Email & Facsimile- (212) 836-8689**

Steven Glickstein, Esq.
Kaye Scholer, LLP
425 Park Ave.
New York, NY 10022-3598

   Re: Rezulin Product Liability
    Louisiana Health v. Warner-Lambert Co., et al, USDC- EDLA, 2:00-cv-2566,
    MDL PANEL, M21-85, MDL Panel, MDL 1348

Dear Steven:

   I was disturbed to learn today that an actual settlement agreement had been signed off on in the above referenced case. I would respectfully request that you send me a copy of the agreement. After review I will ascertain whether I have an objection to the terms of the agreement and/or in particular the attorney's fees portion. If I do object to the attorney's fee portion I would respectfully request that all funds be deposited in the registry of the court under the supervision of Judge Kaplan as until a time this dispute can be resolved. I will contact you by the close of business tomorrow July 18, 2007 as to my final position after a review of the agreement.

   If you have any questions or comments in reference to the above please do not hesitate to call.

   With kindest regards I remain,

     Very truly yours,

     James R. Dugan, II

JRD/tb

cc: Richard Cohen (via facsimile)
  Mark Fischer  (via facsimile)

EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES R. DUGAN, II and STEPHEN B. MURRAY D/B/A THE MURRAY LAW FIRM<br><br>Plaintiffs,<br><br> - vs -<br><br>GREG MURPHY, GEORGE RAWLINGS, MARK FISCHER, RAWLINGS AND ASSOCIATES, PLLC, and LOWEY DANNENBERG BEMPORAD & SELINGER, PC,<br><br>Defendants. | Case No. 07-4073<br><br>HONORABLE ELDON E. FALLON |

## ANSWER

Defendants Greg Murphy, George Rawlings, Mark Fischer, Rawlings and Associates, PLLC, and Lowey Dannenberg Bemporad & Selinger, P.C., by and through their undersigned counsel, hereby answer Plaintiffs' Petition as follows:

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Defendants do not admit that they have the burden

2027 / MISC / 00083692.WPD v1

of proof and/or the burden of persuasion with respect to any of these defenses.

### First Affirmative Defense

1.    The Petition fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.    Plaintiffs are precluded from obtaining relief against Defendants because Plaintiffs have suffered no damages.

### Third Affirmative Defense

3.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, prescription or repose.

### Fourth Affirmative Defense

4.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands and/or estoppel.

### Fifth Affirmative Defense

5.    Plaintiffs have not pleaded facts with the specificity and/or particularity required by applicable law.

### Sixth Affirmative Defense

6.    There is no personal jurisdiction over the Defendants, except Defendant Murphy.

### Seventh Affirmative Defense

7.    Venue is improper in this District.

### Eighth Affirmative Defense

8.    The Court should dismiss the case on grounds of forum non conveniens.

### Ninth Affirmative Defense

9.    The Court lacks jurisdiction over Defendants due to insufficiency of service of

process.

### Tenth Affirmative Defense

10.    Plaintiffs cannot recover on any of their claims because they failed to comply with

the provisions of La. R.S. 37:218.

### Eleventh Affirmative Defense

11.    Plaintiffs cannot recover on any of their claims because they failed to give

Defendants notice of their alleged interests in accordance with *Ferguson v. West Jefferson Levee*

*Dist. Bd. of Comm'rs.*, 685 So.2d 273 (La. Ct. App. 5th Cir. 1996).

### Twelfth Affirmative Defense

12.    Plaintiffs cannot recover on their claims for breach of conventional obligation

because the parties did not enter into a conventional obligation.

### Thirteenth Affirmative Defense

13.    Plaintiffs cannot recover on their claims for breach of joint venture because the

parties did not enter into a joint venture.

### Fourteenth Affirmative Defense

14.    Plaintiffs cannot recover on their claims based on the applicable statute of frauds.

### Fifteenth Affirmative Defense

15.    Plaintiffs failed to mitigate their damages, if any.

### Sixteenth Affirmative Defense

16.    Plaintiffs cannot recover on their claim of *quantum meruit* because nothing has

been taken from Plaintiffs which, in equity, should be restored and because Defendants did not receive any benefit from Plaintiffs.

## Seventeenth Affirmative Defense

17.    Plaintiffs cannot recover on their claim of breach of fiduciary duty because at no time did any of the Defendants owe Plaintiffs a fiduciary duty.

## Eighteenth Affirmative Defense

18.    Plaintiffs cannot recover on their claim of breach of fiduciary duty because even if Defendants and Plaintiffs owed each other fiduciary duties, Plaintiffs failed to comply with their fiduciary duties.

## Nineteenth Affirmative Defense

19.    Plaintiffs cannot recover on their claim of a violation of the Louisiana Unfair Trade Practices Act because Plaintiffs have not committed an unfair or deceptive method, act or practice.

## Twentieth Affirmative Defense

20.    Plaintiffs cannot recover on their claim of Delict because at no time did Defendants either owe a duty of care to the Plaintiffs or act improperly toward Plaintiffs.

## Twenty-First Affirmative Defense

21.    Plaintiffs cannot recover on their claim of Delict because Defendants acts did not cause any harm to Plaintiffs, either in tort or contract.

## Twenty-Second Affirmative Defense

22.    Plaintiffs cannot recover on their claim of Concursus because Plaintiffs have no

claim to the legal fees to be allocated from the matters referenced in their Petition.

<b><u>Twenty-Third Affirmative Defense</u></b>

23.    Plaintiffs have forfeited their right to attorneys' fees and costs as a result of their

conflicts of interest.

<b><u>Twenty-Fourth Affirmative Defense</u></b>

24.    Plaintiffs cannot recover on their claims for breach of a conventional obligation

because Plaintiffs were terminated as counsel by the client for cause.

<b><u>Twenty-Fifth Affirmative Defense</u></b>

25.    This Court has no subject matter jurisdiction over this action because Plaintiffs

have fraudulently joined Defendant Murphy.

<b><u>Twenty-Sixth Affirmative Defense</u></b>

26.    Defendants invoke each and every statutory and common law defense available to

them under each state law applicable to any claim alleged in the Petition.

<b><u>Twenty-Seventh Affirmative Defense</u></b>

27.    Defendants invoke each and every constitutional defense available to it under each

federal or state Constitution (or similar charter), including, but not limited to, provisions relating

to due process and access to the courts applicable to any claim alleged in the Petition.

<b><u>Twenty-Eighth Affirmative Defense</u></b>

28.    Defendants hereby give notice that they intend to rely upon such other defenses as

may become available or apparent during the course of discovery and thus reserve the right to

amend this Answer to assert such defenses.

2027 / MISC / 00083692.WPD v1

## ANSWER TO ALLEGATIONS

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Petition.

2.      Defendants deny each and every averment contained in Paragraph 2 of the Petition, except admit that (1) Greg Murphy ("Murphy") is a natural person domiciled in East Baton Rouge, Louisiana; (2) Mark Fischer ("Fischer") is a natural person domiciled in Louisville Kentucky; and (3) Rawlings & Associates is a Kentucky corporation domiciled in Louisville Kentucky.

3.      Defendants deny each and every averment contained in Paragraph 3 of the Petition.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Petition.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Petition.

6.      Defendants Rawlings, Fischer, and Rawlings & Associates deny each and every averment contained in paragraph 6 of the Petition. Defendants Murphy and Lowey Dannenberg are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Petition.

7.      Defendants Rawlings, Fischer, and Rawlings & Associates deny each and every averment contained in Paragraph 7 of the Petition. Defendants Murphy and Lowey Dannenberg are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the Petition.

8.    Defendants deny the averments contained in paragraph 8 of the Petition as they

are stated.  Defendants admit that on August 29, 2000 Louisiana Health Service Indemnity

Company, d/b/a BlueCross BlueShield of Louisiana ("BCBSLA") filed a Complaint against

Warner Lambert Company ("Warner Lambert") in the United States District Court for the

Eastern District of Louisiana.  Defendants further admit that the Judicial Panel on Multidistrict

Litigation transferred this action to the Honorable Lewis A. Kaplan of the United States District

Court for the Southern District of New York (the "District Court") for coordinated pretrial

proceedings in the multidistrict litigation entitled *In re Rezulin Prods. Liab. Litig.*, MDL No.

1348.  On March 22, 2001, Edgar Romney as trustee of the Eastern States Health and Welfare

Fund, through its counsel Lowey Dannenberg, filed an action in the United States District Court

for the Southern District of New York against Warner Lambert.  Defendants admit that the two

actions were consolidated by Order entered April 25, 2001.

9.    Defendants deny each and every averment contained in paragraph 9 of the

Petition, except they admit that Warner Lambert Company filed a motion to dismiss the

consolidated complaint on April 19, 2001, which the District Court granted by Memorandum and

Opinion entered October 24, 2001. Defendants further admit that Rawlings & Associates and

Lowey Dannenberg drafted the opposition to Warner Lambert's motion.  Defendants admit that

the District Court entered Judgment dismissing the Complaint on November 1, 2001.

Defendants admit that Rawlings & Associates and Lowey Dannenberg drafted a Notice of

Appeal from this Judgment and Lowey Dannenberg filed it with the District Court on November

8, 2001.  Defendants admit that Lowey Dannenberg and Rawlings & Associates and other law

firms not a party to this action prosecuted the appeal and that Richard W. Cohen, Esq. of Lowey

Dannenberg argued the appeal to a panel of the United States Court of Appeals for the Second Circuit (the "Court of Appeals").

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Petition.

11.    Defendants deny each and every averment contained in paragraph 11 of the Petition, except Defendant Fischer and Rawlings & Associates admit that Mr. Dugan met with Defendant Fischer at the Louisville, Kentucky offices of Rawlings and Associates to discuss the cases described in Paragraph 8 herein among other matters. Defendants further admit that Rawlings & Associates and Lowey Dannenberg drafted a Notice of Appeal from the Judgment referenced in Paragraph 9 herein and Lowey Dannenberg filed it with the District Court on November 8, 2001. Defendants admit that Lowey Dannenberg and Rawlings & Associates and other law firms not a party to this action prosecuted the appeal and that Richard W. Cohen, Esq. of Lowey Dannenberg argued the appeal to a panel of the Court of Appeals. Defendants Murphy and Lowey Dannenberg are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Petition relating to a meeting between Mr. Dugan and Fischer in Louisville Kentucky.

12.    Defendants deny the averment contained in Paragraph 12 of the Petition as stated. Defendants admit that the Court of Appeals vacated the District Court's November 1, 2001 Judgement and remanded the action to the District Court for further proceedings. *See Desiano v. Warner Lambert Co.*, 326 F.3d 339 (2d Cir. 2003).

13.    Defendants deny each and every averment contained in paragraph 13 of the Petition, except admit that Peter St. Phillip, Esq. of Lowey Dannenberg defended the depositions

2027 / MISC / 00083692.WPD v1

of employees of LABCBS which were designated to speak for the company but deny that they were held in Baton Rouge, Louisiana.

14.     Defendants deny each and every averment contained in paragraph 14 of the Petition, except admit that Warner Lambert filed a motion for summary judgment on December 21, 2004 and that Lowey Dannenberg filed papers in opposition to this motion with the District Court on February 7, 2005.

15.     Defendants deny each and every averment contained in paragraph 15 of the Petition, except admit that Peter St. Phillip of Lowey Dannenberg argued orally in opposition to the summary judgment motion before the District Court on May 12, 2005.  Defendants also admit that the District Court granted Warner Lambert's motion for summary judgment by Memorandum and Opinion entered September 21, 2005.  Defendants also admit that the District Court entered Judgment dismissing the Complaint on October 13, 2005.

16.     Defendants deny each and every averment contained in paragraph 16 of the Petition, except admit that Rawlings & Associates and Lowey Dannenberg drafted a Notice of Appeal from the Judgment referenced in Paragraph 15 herein and Lowey Dannenberg filed it with the District Court on November 7, 2005.  Defendants admit that Lowey Dannenberg and Rawlings & Associates and other law firms not a party to this action prosecuted the appeal and that Peter St. Phillip, Esq. of Lowey Dannenberg argued the appeal to a panel of the Court of Appeals on December 13, 2006.

17.     Defendants deny each and every averment contained in paragraph 17 of the Petition.

18.     Defendants deny each and every averment contained in paragraph 18 of the

2027 / MISC / 00083692.WPD v1

Petition.

19.    Defendants deny each and every averment contained in paragraph 19 of the

Petition.

20.    Defendants deny each and every averment contained in paragraph 20 of the

Petition.

21.    Defendants deny each and every averment contained in paragraph 21 of the

Petition.

22.    Defendants deny each and every averment contained in paragraph 22 of the

Petition.

23.    Defendants deny each and every averment contained in paragraph 23 of the

Petition.

24.    Defendants deny each and every averment contained in paragraph 24 of the

Petition.

25.    Defendants deny each and every averment contained in paragraph 25 of the

Petition.

26.    Defendants deny each and every averment contained in paragraph 26 of the

Petition.

27.    Defendants deny each and every averment contained in paragraph 27 of the

Petition.

28.    Defendants deny each and every averment contained in paragraph 28 of the

Petition.

29.    Defendants deny each and every averment contained in paragraph 29 of the

Petition.

30.     Defendants deny each and every averment contained in paragraph 30 of the
Petition.

31.     Defendants deny each and every averment contained in paragraph 31 of the
Petition.

32.     Defendants deny each and every averment contained in paragraph 32 of the
Petition.

33.     Defendants deny each and every averment contained in paragraph 33 of the
Petition.

34.     Defendants deny each and every averment contained in paragraph 34 of the
Petition.

35.     Defendants deny each and every averment contained in paragraph 35 of the
Petition.

36.     Defendants deny each and every averment contained in paragraph 36 of the
Petition.

37.     Defendants deny each and every averment contained in paragraph 37 of the
Petition.

38.     Defendants deny each and every averment contained in paragraph 38 of the
Petition.

39.     Defendants deny each and every averment contained in paragraph 39 of the
Petition.

40.     Defendants deny each and every averment contained in paragraph 40 of the

Petition.

41.    Defendants deny each and every averment contained in paragraph 41 of the

Petition.

42.    Defendants deny each and every averment contained in paragraph 42 of the

Petition.

43.    Defendants deny each and every averment contained in paragraph 43 of the

Petition.

Respectfully submitted this 17th day of August, 2007.


                                        KIEFER & KIEFER


                                        By   /s/ Nat G. Kiefer, Jr.
                                        Nat G. Kiefer, Jr. (Bar # 1461)
                                        2310 Metairie Road
                                        Metairie, LA 70001
                                        Telephone:    (504) 828-3313
                                        Telecopier:    (504) 828-0024

                                        *Attorneys for Defendants*


2027 / MISC / 00083692.WPD v1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid and properly addressed, this 17th day of August, 2007 as follows:

> Dane S. Ciolino, La. Bar No. 19311
> Dane S. Ciolino, LLC
> 526 Pine Street, 4th Floor
> P.O. Box 850848
> New Orleans, LA 70185-0848
>
> Stephen Murray, Sr., Esq.
> Stephen Murray, Jr., Esq.
> James R. Dugan, II, Esq.
> The Murray Law Firm
> 650 Poydras St., Suite 2150
> New Orleans, LA 70130

*Counsel of Record for Petitioners*

_____/s/ Nat G. Kiefer, Jr._____

Print Name: Nat G. Kiefer, Jr.

# EXHIBIT 8

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I,  William A. Breskin  , hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on  August 20  , 2007

NAME

Chief Washington Counsel

TITLE
Blue Cross Blue Shield Association
Federal Employee Program

HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Alfred J. Fortin_____, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _August 23_, 2007

NAME  Alfred J. Fortin

_Senior Vice President_____
TITLE

_Hawaii Medical Service Association_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Robert E. Burkett, Jr._____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 26___, 2007

_____
NAME

_____
TITLE        V.P & Deputy G.C.

_____
HEALTH PLAN        BANKERS LIFE

CONSECO LITIGATION                FAX No. 317 917 5637                P. 002

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Robert E. Burkett, Jr._, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _August 14_, 2007

_____
NAME

_V. P. & Deputy G.C._
TITLE

_Bankers Life & Casualty_
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _Larry  McEnroe_ , hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _Aug. 27_ , 2007

_Larry Mc Enroe_
NAME

_Vice President_
TITLE

_Government Employees Health Association Inc_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, **Robert Evraets**, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _8 / 21_, 2007

_Robert_
NAME

_Manager, Special Investigations_
TITLE

_Guardian Life Ins Co. of America_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY __, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, [name], am [title] for [Participating Health Plan]. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by [Participating Health Plan] to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes [Participating Health Plan's] participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __8/23__, 2007

_Edward Papst_ (signature)

[NAME] EDWARD PAPST
[TITLE] ASSISTANT COUNSEL
[NAME OF PARTICIPATING HEALTH PLAN] HIGHMARK INC.

1596 / MISC / 00083443.WPD v1

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Cheryl A. Howe_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 24_, 2007

_Cheryl Howe_
NAME

_EVP_
TITLE

_HealthNow New York Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Mary C. St. John, Associate General Counsel for California Physicians' Service dba Blue Shield of California ("Blue Shield"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Blue Shield to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Shield's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on August 23, 2007

Mary C. St. John
Associate General Counsel
Blue Shield of California

{1596 / MISC / 00083463.DOC v1}

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Trudy Tappard_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 16_, 2007

_Trudy Tappard_
NAME

_Risk Manager_
TITLE

_Av Med, Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, <u>William E. Kirk, III</u>, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>July    19</u>, 2007

_____
NAME

<u>Vice President General Counsel</u>
TITLE

<u>BCBSD, Inc.</u>
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Coni K Fries_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/23/_, 2007

_Coni K Fries_
NAME

_Associate General Counsel_
TITLE

_Blue Cross and Blue Shield of Kansas City_
HEALTH PLAN
_Good Health HMO, Inc._

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Robert C. Williams_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 18_, 2007

_Robert C. Williams_
NAME

_Vice President Legal & Corporate Secretary_
TITLE

_Blue Cross & Blue Shield of Mississippi_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _N. KING PRATHER_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 30_, 2007

_____
NAME

_VICE PRESIDENT, LEGAL SERVICES_
TITLE

_BLUE CROSS BLUE SHIELD NORTH CAROLINA_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Michael B. Unhiem_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 24_, 2007

_Michael B Unhiem_
NAME

President and CEO
TITLE

Noridian Mutual Insurance Company
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Russell S. Collins_ , hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 30_ , 2007


_Russell S. Collins_
NAME

_Vice President Provider Contracts + Negotiation_
TITLE _+ Associate General Counsel_

_BlueCross Blueshield of Nebraska_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Alison R Partridge_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _7/27_, 2007

_Alison R Partridge_
NAME

_Director of Legal Services_
TITLE

_Blue Cross and Blue Shield of Vermont_
HEALTH PLAN _and The Vermont Health Plan_

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Michael B. Wolfe_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 24_, 2007

_Michael B. Wolfe_
NAME

_Corporate Counsel_
TITLE

_Capital BlueCross_
HEALTH PLAN

JUL-16-2007 MON 01:18 PM    FAX NO:    P. 02

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Andrea Cherensia_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 16_, 2007

_Andrea B Cherensia_
NAME

_Director_
TITLE

_Care First, Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Thomas Zielinski_____, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _7/26___, 2007

_Thomas Zielinski / R. Zielinski_
NAME

_SVP / General Counsel_
TITLE

_Coventry Health Care Inc_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _____Dean A. Sutton_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __July 23rd__, 2007

_____Dean A. Sutton_____
NAME

_____Attorney_____
TITLE

_____Dean Health Plan, Inc._____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Thomas S. Eddie_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 24_, 2007

_Thomas S. Eddie_
NAME

_SIU Supervisor_
TITLE

_Federated Mutual Ins. Co._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Deborah L. Kronberg_ , hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_ , 2007

_Deborah L. Kronberg_
NAME

_VP Pricing & Pharmacy_
TITLE

_Great-West Life_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _____Joseph P. Franklin_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __July 30__, 2007

_____Joseph P. Franklin_____
NAME

_____Senior Counsel, Litigation_____
TITLE

_____Fortis Insurance Company, n/k/a Time Insurance Company_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _____*Chet Roberts*_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on __*July 26*__, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

## "EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _Chet Roberts_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 26_, 2007


_Chet Rbt_
NAME

_Senior Counsel_
TITLE

_HMO Partners, Inc.,_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Jeffrey D. Chansler_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _7/25_, 2007

_____
NAME

_SUP + General Counsel_
TITLE

_BHI_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _PHILIP G. DAVIS_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/3v_, 2007

_PHILIP G. DAVIS_
NAME

_V.P., Deputy Gen'l Counsel_
TITLE

_HEALTH NET, INC._
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, *Philip S. Clark*, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on *July 27*, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, *Nicholas P. Kambolis*, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on *July 24*, 2007

_____
NAME

*Deputy General Counsel & Vice President*
TITLE

*Hip Health Plan Of New York*
HEALTH PLAN
*and as successor in interest to*
*Vytra Health Plans*

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS.**

I, Donnalee Austin and Cris Krisologo-Elliott, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plan (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 19, 2007

NAME        Donnalee Austin

Asset Retention & Recovery Manager
**TITLE**

KPS Health Plans
**HEALTH PLAN**

NAME        Cris Krisologo-Elliott

VP Government Affairs & Individual Sales
**TITLE**

KPS Health Plans
**HEALTH PLAN**

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Richard K. Diamond_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on ___7/25___, 2007

_R.e.l.d._ e
NAME

_Receiver of Lifeguard, Inc_
TITLE

_Lifeguard, Inc._
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, __Brien W. Shanahan_____, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __7 - 30 -__, 2007

_____
NAME

Director of Legal Affairs
_____
TITLE

Medical Mutual of Ohio
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, __Gregory K. Smith_____, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on __July 27,___, 2007

_____
NAME

President & CEO
_____
TITLE

Mountain State Blue Cross Blue Shield
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Richard A. Brown_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7, 30_, 2007

_Richard A. B_
NAME

_General Counsel_
TITLE

_National Health Insurance Co._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, <u>Gail McIntosh</u>, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 27_, 2007

_Gail N. McIntosh_
NAME

<u>Assistant Vice President</u>
TITLE

<u>Pacific Life & Annuity Company</u>
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Judith W. Hooyenga_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/20_, 2007

_Judith W. Hooyenga_
NAME

_General Counsel + Secretary_
TITLE

_Priority Health & Mercy Health Plans_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Scott R. Jamison_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 25_____, 2007

_____
NAME

_____
TITLE    _Counsel_

_____
HEALTH PLAN    _SAMBA Health Benefit Plan_

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Scott R. Jamison_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_, 2007

_Scott R. Jamison_
NAME

_Counsel_
TITLE

_I.B.T. Local No. 145 Health_
HEALTH PLAN  _Services & Insurance Plan_

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, *GERALD M. COHEN*, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on *JULY 26*, 2007

_____
NAME

*Sr. V. P. + Gen. Counsel*
TITLE

*HIP Health plan of Florida*
HEALTH PLAN
*nk/a Vista Healthplan, Inc.*

☑ 002

**"EXHIBIT C"**

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _James Gerber_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 20_, 2007

_James C. Gerber_
NAME

_Deputy Rehabilitator_
TITLE

_The Wellness Plan_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I am Assistant General Counsel for Blue Cross and Blue Shield of Michigan. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement"). Blue Cross and Blue Shield of Michigan is a "Tolled Health Plan," represented by Kimberly West of Wallace, Jordan, Ratliff & Brandt LLC.

I have been authorized by Blue Cross and Blue Shield of Michigan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Cross and Blue Shield of Michigan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 30, 2007

Daniel W. McKelvey
Assistant General Counsel
Blue Cross and Blue Shield of
Michigan and its wholly owned
Subsidiary Blue Care Network

{1596 / MISC / 00083463.DOC v1}

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY ___, 2007 BY AND AMONG PFIZER, INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Sandra L. Jesse, am Executive Vice President and Chief Legal Counsel for Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (collectively, "BCBSMA"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer, Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSMA to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSMA's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>July 31</u>, 2007

Sandra L. Jesse
Executive Vice President, Chief Legal
Counsel
Blue Cross and Blue Shield of
Massachusetts, Inc. and
Blue Cross and Blue Shield of
Massachusetts HMO Blue, Inc.

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Assistant General Counsel for BlueCross BlueShield of Florida ("BCBSFL"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSFL to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSFL participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 2_, 2007

Brendan T. Hager
Assistant General Counsel
BlueCross BlueShield of Florida

{1596 / MISC / 00083463.DOC v1}

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Michael Hirsch, Executive Vice President of UNITE HERE FUND Administrators, the administrator for Eastern States Health & Welfare Fund, now the UNITE HERE National Health Fund ("Eastern States"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Eastern States to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Eastern States' participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc., Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on August 1, 2007

_____
Michael Hirsch
Vice President of UNITE HERE FUND
Administrators, the administrator for
Eastern States Health & Welfare Fund,
NOW the UNITE HERE National
Health Fund

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am Managing Attorney for Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana ("LABCBS"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by LABCBS to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes LABCBS' participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 26, 2007

ROBIN W. BUECHE
Managing Attorney
LOUISIANA HEALTH SERVICE
INDEMNITY COMPANY

{1596 / MISC / 00083463.DOC v1}

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, ___*Chet Roberts*___, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on ___*July 26*___, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

## "EXHIBIT C"

### PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am the President of CIGNA Pharmacy Management, ("Participating Health Plan"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 30_ , 2007

[PRINT NAME] _Eric S. Elliott_

## "EXHIBIT C"

### PARTICIPATING IN HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATES AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am D. Gary Reed, Senior Legal Counsel for Humana Inc. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>August 3, 2007</u>

D. Gary Reed

## "EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, __Albert L. Carver,__ hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert LLC that the foregoing is true and correct.

Executed on ___Sept 20___, 2007

_____
NAME

VP, Pharmacy Strategy and Operations
TITLE

Kaiser Foundation Health Plan, Inc.,
on behalf of itself and its subsidiary health plans[1]
HEALTH PLAN

---

1 See Attachment 1 for a list of Kaiser Participating Health Plans.

**Attachment 1**

**Kaiser Participating Health Plans**

Kaiser Foundation Health Plan, Inc.
Kaiser Foundation Health Plan of Colorado
Kaiser Foundation Health Plan of Georgia, Inc.
Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.
Kaiser Foundation Health Plan of the Northwest
Kaiser Foundation Health Plan of Ohio

1 See Attachment 1 for a list of Kaiser Participating Health Plans.

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am _Head of Litigation_ for _Aetna Inc._ ("Participating Health Plan"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 24_, 2007

_____

JOHN EDWARD NEUGEBAUER

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY _____, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Robert J. Milis, am Vice President, Legal Affairs, for BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Blue Cross and Blue Shield of Minnesota to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Cross and Blue Shield of Minnesota's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on September 27, 2007

_____
Robert J. Milis
Vice President, Legal Affairs
BCBSM, Inc.
d/b/a Blue Cross and Blue Shield of Minnesota

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Michael Patterson, Vice President of Legal Services for Blue Cross and Blue Shield of Alabama ("BCBSAL"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSAL to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSAL's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on September 27, 2007

_____
Michael Patterson
Vice President, Legal Services
Blue Cross and Blue Shield of Alabama

{1596 / MISC / 00083463.DOC v1}

# EXHIBIT 9

## MURRAY LAW FIRM

SUITE 1100, POYDRAS CENTER
650 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

### 27 August 2007

STEPHEN B. MURRAY*
STEPHEN B. MURRAY, JR.
JULIE A. ARDOIN**
ARTHUR M. MURRAY
NICOLE IEYOUB-MURRAY
JESSICA W. HAYES
JAMES R. DUGAN, II
JUSTIN BLOOM ****
DOUGLAS R. PLYMALE, Ph.D.

* CERTIFIED AS A SPECIALIST IN
  CIVIL TRIAL ADVOCACY BY THE NATIONAL
  BOARD OF TRIAL ADVOCACY
** LICENSED IN LA & MS
*** LICENSED IN LA & TX
**** LICENSED IN FL & NY

TELEPHONE 504.525.8100
1.800.467.8100
FAX 504.584.5249
www.murray-lawfirm.com

OF COUNSEL

JOSEPH A RACE
ROBERT J. DILIBERTO***
DAMON A. KIRIN

WILLIAM W. GOODELL, JR., LL.M.
Energy and Environment

U.S. Court of Appeals, Second Circuit
Office of the Clerk of Court
The Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007

    Re:    *Louisiana Health Services Indemnity Company d/b/a*
           *Blue Cross/Blue Shield of Louisiana v. Warner- Lambert Company*
           (C.A No. 05-6249-CV)

Honorable Members of the Court:

    I represent third-party payers who are members of the putative plaintiff class in the matter styled *Louisiana Health Services Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana v. Warner- Lambert Company* (E.D. La. 2:00-2566) (S.D.N.Y., MDL 1348, No. 1:00-8064) ("BCBSLA action") in which an appeal is currently pending before this Honorable Court (C.A. No. 05-6249-CV).  On July 27, 2007, Peter D. St. Phillip and David Klingsberg, counsel in the BCBSLA case wrote to this Court advising that a settlement had been reached and that, presumably, the appeal will be withdrawn and the BCBSLA action dismissed.[1]

_____

    [1] The letter from Mssrs. St. Phillip and Klingsberg to this Honorable Court is identified on the PACER docket history, but as of the writing of this letter, undersigned counsel have been unable to view the letter itself, which is not available for download from PACER.

Honorable Members of the Court
27 August 2007
Page 2

It is my understanding that the settlement referenced in the July 27, 2007 letter to this Court is not a class action settlement, but is rather a settlement with the named plaintiffs and certain individual third party payers represented by counsel for the named plaintiffs. Jurisprudence in this Circuit holds that when putative class representatives seek to dismiss a putative class action prior to certification, the Court must conduct an inquiry into the propriety of compromising the putative class action. Specifically, prior to allowing a putative class representative to dismiss a putative class action in order to compromise their individual claims only, the court must inquire into: 1) whether the settling named plaintiff has used the compromise of the class action to enhance the value of his/her own claim without attaining benefit for the class; and 2) whether the claims of putative class members will be prejudiced by the dismissal of the putative class action. *See e.g. Jaen v. New York Telephone Co.*, 81 F.R.D. 696 (S.D.N.Y. 1979). While undersigned counsel lack sufficient information at this time to determine whether the former concern is present, it is apparent that the latter certainly is the case.

Subsequent to filing of the Blue Cross Blue Shield of Louisiana case, undersigned counsel filed a similar class action on behalf of consumers and third-party payer Allied Services Welfare Fund ("Allied Services"), and all persons similarly situated (*Mary Millner, Anita Kivell, and Allied Services Division Welfare Fund v. Warner-Lambert, L.L.C. and Pfizer, Inc.*, MDL 1348, No. 05-6673). By agreement, this class action was stayed pending resolution of the appeal of the grant of summary judgment in the BCBSLA action. The logic behind staying the later filed class action was compelling. First, if the BCBSLA plaintiffs were successful in their appeal, presumably their action would be remanded to district court for further proceedings, including consideration of class certification. If the BCBSLA action were certified, that class would subsume the class alleged in the later filed Allied Services action. Second, even assuming that the BCBSLA plaintiffs elected not to pursue class certification, proceedings in the later filed action would be informed by this Court's holdings with respect to the BCBSLA appeal.

Now that it appears that a decision from this Court which would inform all future actions is imminent, the named plaintiffs to this appeal are seeking to dismiss their appeal, in effect setting back all proceedings on behalf of absent putative class members by years. Plaintiffs in the still-pending, subsequently filed class action will have to conduct all new discovery, present an entirely new record, be heard on motions to dismiss and summary judgment, and presumably have to seek an appeal of that judgment, just in order to put the putative class action in the posture that it is in today. The delay to be occasioned by dismissal of the pending appeal, to say nothing of the waste of judicial resources, will act as definite detriment to the absent class members who desire to assert their claims.

Honorable Members of the Court
27 August 2007
Page 3


    In light of the prejudice to the putative class members, I am writing to advise this Court that plaintiffs in the Allied Services class action, who are putative members of the class asserted in the compromised BCBSLA action, wish to be heard on the matter before any order withdrawing the BCBSLA appeal or dismissing the BCBSLA action is entered. Accordingly, I would request that any motion to withdraw the appeal be set for adversary hearing, and counsel for plaintiffs in the Allied Services matter be given notice of said hearing and an opportunity to file a brief in opposition to any such motion.

    Thank you for your attention to this matter.

            Very truly yours,



            James R. Dugan, II


JRDII:sj:hf

cc:    Honorable Sonia Sotomayor, Judge
       Honorable Robert A. Katzmann, Judge
       Honorable Barrington D. Parker, Judge
       David Klingsberg, Esq.
       Peter D. St. Phillip, Esq.

# 05-6249

00-8064-cv; 01-2466-cv

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

### In Re: Rezulin Litigation

Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund,

*Plaintiffs-Appellants,*

v.

Warner-Lambert Company

*Defendant-Appellee,*

On Appeal from the United States District Court
for the Southern District of New York
No. 00-cv-8064

## OPPOSITION TO VOLUNTARY DISMISSAL OF PUTITIVE CLASS ACTION APPEAL

Douglas R. Plymale
James R. Dugan, II
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
Murray Law Firm
Suite 1100, Poydras Center
650 Poydras Street
New Orleans, Louisiana 70112-4000

# TABLE OF CONTENTS

Table of Contents ……………………………………………………………ii

Table of Authorities ………………………………………………………iii

Opposition ……………………………………………………… 1-6

Verification ……………………………………………………… 7

Affidavit …………………………………………………………8-9

# TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*Culver v. City of Milwaukee,*
    277 F.3d 908 (7th Cir. 2002)...……………………………………………… 3

*Greenfield v. Villager Industries, Inc.,*
    483 F.2d 824 (3d Cir. 1973)...……………………………………………... 3

*Schick v. Berg,*
    2004 WL 856298 …………………………………………….……….. 4

**Rules**

FED. R. APP. P. 42(b) …………………………………………………… 1

FED. R. CIV. P. 23(e)(1) …………………..…………………………… 2, 3, 4, 6

## OPPOSITION TO VOLUNTARY DISMISSAL
## OF PUTATIVE CLASS ACTION APPEAL

MAY IT PLEASE THE COURT:

On September 4, 2007, defendant and named plaintiffs/putative class representatives entered a stipulation of voluntary dismissal of appeal pursuant to Federal Rule of Appellate Procedure 42(b). Undersigned counsel, on behalf of plaintiffs in the matter of *Mary Millner, Anita Kivell, and Allied Services Division Welfare Fund v. Warner-Lambert, L.L.C. and Pfizer, Inc.*, MDL 1348, No. 05-6673 ("Allied Services Plaintiffs"), hereby oppose an entry of an Order of Dismissal pursuant to the stipulation. The Allied Services Plaintiffs are members of the putative class on behalf of whom named plaintiffs voluntary undertook representation and to whom named plaintiffs owe a fiduciary obligation. The Allied Services Plaintiffs, and all other members of the putative class asserted in the above-captioned action will be severely prejudiced by dismissal of this appeal. As a practical matter, the only way to avoid the prejudice to the putative class which would be occasioned by dismissal of the instant appeal is for this Court to decline to enter the dismissal, and to entertain (either under this Court's own auspices, or by remand to the trial court) the question of whether a dismissal of this putative class action at this critical juncture is proper.

In a September 7, 2007 letter to this Court, counsel for named plaintiffs and defendant represented to this Court that no review of the propriety of the dismissal

1

and settlement is warranted, because the 2003 revisions to Federal Rule of Civil Procedure 23(e)(1) provide that court approval of a class action compromise and dismissal is required only with respect to certified classes.    While the 2003 revisions to Rule 23(e)(1) clarified that court approval of a settlement is *required* only with respect to certified classes, nothing in those revisions relieved putative class representatives of their long-recognized fiduciary duty to absent putative class members, or the courts of their duty to ensure that the putative class representatives fulfill that fiduciary duty.

There is nothing in the 2003 revision to suggest that a court cannot voluntarily exercise its discretion to ensure that a proposed compromise of a class action has not been an abuse of the fiduciary duty of the putative class representatives, or to conduct an inquiry into whether the proposed dismissal acts to the prejudice of absent class members.  Rather, the 2003 revisions simply clarify whether a court *must* jump through all of the procedural hurdles imposed for compromise of a certified class, which would be binding on absent class members.

Had Congress intended to relieve putative class representatives of their fiduciary duty to absent class members, then it most certainly would have made that intent clear.    Instead, the 2003 revisions are silent as to compromise of

2

uncertified putative class actions.[1]  It has long been recognized that both putative class counsel and courts overseeing putative class actions owe a fiduciary duty to absent class members to ensure that the actions of the self-appointed putative class representatives do not prejudice absent class members.  *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 (3d Cir. 1973); *Culver v. City of Milwaukee*, 277 F.3d 908, 914-15 (7th cir. 2002).  While court approval of a pre-certification settlement may no longer be *required* in every instance under the 2003 revisions, courts may still exercise discretion to protect the interests of absent class members by reviewing the propriety of such settlements.  Indeed, courts have a fiduciary duty to do so.

More than a year *after* the passage of the 2003 revisions to Rule 23, a district court in the Southern District of New York recognized that the fiduciary duty to absent putative class members is still alive and well, and that courts have means within their discretion, short of formal approval under Rule 23(e)(1), to ensure that duty is fulfilled.  The Southern District held:

---

[1]  Tellingly, the comments to the 2003 revisions to Rule 23(e) state that purpose of the revisions is to "*strengthen* the process of reviewing proposed class action settlements." (emphasis added).  Eliminating a court's authority to ensure that putative class representatives fulfill their duty to the class before dismissing a putative class action would be antithetical to that stated purpose.

[P]re-certification class counsel owe a fiduciary duty not to prejudice the interests that putative class members have in their class action litigation. These duties arise because class counsel acquires certain limited abilities to prejudice the substantive legal interests of putative class members even prior to class certification. In electing to put themselves forward as class counsel, they assume the duty of not harming those rights. After certification, class members have the opportunity to formally state whether they want to be represented by that counsel. Prior to certification, class members have no control over who may come forward as a named plaintiff and class counsel, and so their interests at that stage require protection. Requiring court approval (under Rule 23(e)) is *one* means of ensuring this protection. Imposing limited fiduciary duties upon pre-certification class counsel is yet another.

*Schick v. Berg*, 2004 WL 856298, at p. 6 (emphasis added).

While the 2003 revisions to rule 23(e) may state that court of approval is no longer required, courts continue to have both the power and the obligation to ensure that putative class representatives fulfill their fiduciary duty. The *Schick* court concluded:

Under this analysis, we may venture a few statements about the scope of the fiduciary duty owed by class counsel to putative class members prior to class certification. In short, the scope of those duties is limited to protecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class members on notice and provide them with an opportunity to object.

4

*Id.*

As undersigned counsel have previously noted to this Court, the compromise of this putative class action on the eve of the issuance of an opinion by this Court severely prejudices the interests of absent class members. By agreement, the Allied Services class action was stayed pending resolution of the appeal of the grant of summary judgment in the above-captioned action. The logic behind staying the later filed class action was compelling. First, if the plaintiffs in the instant action were successful in their appeal, presumably their action would be remanded to district court for further proceedings, including consideration of class certification. If the instant action were certified, then that class would subsume the class alleged in the later filed Allied Services action. Second, even assuming that the named plaintiffs in this action elected not to pursue class certification, proceedings in the later filed Allied Services action would be informed by this Court's holdings with respect to the this appeal.

Now that it appears that a decision from this Court which would inform all future actions is imminent, the named plaintiffs in this action are seeking to dismiss their appeal, in effect setting back all proceedings on behalf of absent putative class members by years. Plaintiffs in the still-pending, subsequently filed class action will have to conduct all new discovery, present an entirely new record, be heard on motions to dismiss and summary judgment, and presumably have to

seek an appeal of that judgment, just in order to put the putative class action in the posture that it is in today. The delay to be occasioned by dismissal of the pending appeal, to say nothing of the waste of judicial resources, will act as definite detriment to the absent class members who desire to assert their claims.

Regardless of the 2003 revisions to Rule 23(e)(1), this Court and the trial court have both the authority and the duty to prevent putative class representatives from leveraging their roles as plaintiffs in a class action to the detriment of absent putative class members. Prior to allowing self-appointed class representatives to derail the actions of putative class representatives, this Court should either conduct its own inquiry into the propriety of such a course of action, or remand this matter to the trial court for expeditious consideration of whether putative class representatives should be permitted to dismiss this appeal.

DATED: September 18, 2007     Respectfully submitted,
New Orleans, LA

_____
Douglas R. Plymale (La. Bar No. 28409)
James R. Dugan, II (La. Bar No. 24785)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
THE MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 648-0180
Fax: (504) 648-0181

**A F F I D A V I T**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BEFORE ME**, the undersigned authority, personally came and appeared:

**DOUGLAS R. PLYMALE**

who, after first being duly sworn, did depose and state:

    That he is the Attorney in the State of Louisiana; and

    That, pursuant to the rules of this Court, a copy of the Opposition to Voluntary Dismissal of Putative Class Action Appeal in the matter entitled *In Re: Rezulin Litigation, Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund v. Warner-Lambert Company*, Docket 05-6249-cv, has been has been filed in the office of the Clerk for the United States Court of Appeals for the Second Circuit, and a true and correct copy of same has been provided to counsel of record listed below via Federal Express on the 19th day of September, 2007.

| | |
|---|---|
| David Klingsberg Esq. | Peter D. St. Phillip Esq. |
| Kaye Scholer, LLP | Lowey Dannenberg Bemporad & |
| 425 Park Ave. | Selinger, P.C. |
| New York , NY , 10022 | One North Lexington Ave. |
| | White Plains , NY , 10601 |

_____

**DOUGLAS R. PLYMALE**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS __18th__ DAY OF SEPTEMBER, 2007.

_____

**NOTARY PUBLIC**

David L. Browne #20729

DAVID L. BROWNE
NOTARY PUBLIC
State of Louisiana
My Commission is issued for Life.

8

## VERIFICATION OF SERVICE

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BEFORE ME**, personally came and appeared

### DOUGLAS R. PLYMALE

who, after being duly sworn, did depose and declare that he hereby certifies that a

copy of the foregoing Opposition to Voluntary Dismissal of Putative Class Action

Appeal in the matter entitled *In Re: Rezulin Litigation, Louisiana Health Service*

*Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar*

*Romney, as trustee of Eastern States Health & Welfare Fund v. Warner-Lambert*

*Company*, Docket 05-6249-cv for the United States Court of Appeals for the

Second have been served upon the following:

David Klingsberg, Esq.           Peter D. St. Phillip, Esq.
Kaye Scholer, LLP                Lowey Dannenberg Bemporad &
425 Park Ave.                        Selinger, P.C.
New York , NY , 10022          One North Lexington Ave.
                               White Plains , NY , 10601

Dated: September 18, 2007

                               _____
                                DOUGLAS R. PLYMALE

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _18th_ DAY OF SEPTEMBER, 2007.

                                _____
                         NOTARY PUBLIC
    DAVID L. BROWNE           David L. Browne #20729
     NOTARY PUBLIC
     State of Louisiana
My Commission is issued for Life.

7

EXHIBIT 10

**MANDATE**

*(handwritten:)* SDNY/NY
00-cv-2843
Kaplan

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

LOUISIANA HEALTH SERVICES
INDEMNITY COMPANY, d/b/a LOUISIANA
BLUECROSS BLUESHIELD, and EDGAR
ROMNEY, as trustee of EASTERN STATES
HEALTH AND WELFARE FUND,

Case No. 05-6249

*Appellants,*

v.

WARNER LAMBERT COMPANY,

*Appellee.*

### VOLUNTARY DISMISSAL

Appellants, Louisiana Health Services Indemnity Company, d/b/a Louisiana BlueCross

BlueShield and Edgar Romney, as trustee of Eastern States Health and Welfare Fund, and

Appellee, Warner Lambert Company, hereby request, pursuant to Fed. R. App. P. 42(b), that the

Clerk of the Court dismiss this appeal. Each party to this appeal shall bear its own costs.

1596 / NOT / 00083591.WPD v1

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____

CERTIFIED:    9/18/2007

Dated: White Plains, New York
August 29, 2007

LOWEY DANNENBERG BEMPORAD
SELINGER & COHEN, P.C.

By: _____
Peter D. St. Phillip, Jr.

White Plains Plaza - 5th Floor
One North Broadway
White Plains, New York 10601-2310
Telephone:   914-997-0500
Facsimile:   914-997-0035
pstphillip@lowey.com

*Attorneys for Appellants*


KAYE SCHOLER, LLP


By: _____
David Klingsberg

425 Park Avenue
New York, New York 10022-3598
Telephone:   212-836-8281
Facsimile:   212-836-8689
dklingsberg@kayescholer.com

*Attorneys for Appellee*

## ORDER

Before: Hon. Sonia Sotomayor, Hon. Robert A. Katzmann, Hon. Barrington D. Parker, *Circuit Judges*

SO ORDERED.

SEP 1 4 2007
_____
Date

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk
by _____
Howard B. Zakai
Acting Motions Staff Attorney

UNITED STATES COURT OF APPEALS
FILED
SEP 1 4 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

LOUISIANA HEALTH SERVICES
INDEMNITY COMPANY, d/b/a LOUISIANA
BLUECROSS BLUESHIELD, and EDGAR
ROMNEY, as trustee of EASTERN STATES
HEALTH AND WELFARE FUND

Case No. 05-6249

*Appellants,*

v.

WARNER LAMBERT COMPANY,

*Appellee.*

### CERTIFICATE OF SERVICE

ANGELA R. VICARI, an attorney associated with the law firm of Kaye Scholer LLP, does hereby certify that on August 31, 2007, she caused a true copy of the Voluntary Dismissal to be served by overnight delivery on the following:

Richard W. Cohen
Peter D. St. Phillip, Jr.
Todd S. Garber
Lowey Dannenberg Bemporad & Selinger, P.C.
One North Lexington Avenue, 11th Floor
White Plains, NY 10601-1714

Mark D. Fisher
Mark M. Sandmann
Rawlings and Associates
1700 Waterfront Plaza
325 West Main Street
Louisville, KY 40201-7427

J. Gregory Murphy
Morain & Murphy
6555 Perkins Road, Suite 200
Baton Rouge, Louisiana 70808

C. Brooks Cutter
Lyle W. Cook
Kershaw, Cutter & Ratinoff, LLP
980 9th Street, 19th Floor
Sacramento, CA 95814

ANGELA R. VICARI

31531735.DOC

EXHIBIT 11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES R. DUGAN, II AND STEPHEN B. MURRAY D/B/A THE MURRAY LAW FIRM | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 07-4073 |
| GREG MURPHY, GEORGE RAWLINGS, MARK FISCHER, RAWLINGS & ASSOCIATES, PLLC, AND LOWEY DANNENBERG BEMPORAD & SELIGNER, PC | * * * | SECTION "L"(5) |

ORDER

Having considered Defendants' Motion to Stay the Proceedings (Rec. Doc. No. 17);

IT IS ORDERED that Defendants' Cross-Motion to Stay the Proceedings is GRANTED and this action is STAYED pending decision by the Judicial Panel on Multidistrict Proceedigns whether to transfer this action to the United States District Court for the Southern District of New York for coordinated pretrail proceedings in *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348.

New Orleans, Louisiana, this 12th day of September, 2007.

UNITED STATES DISTRICT JUDGE

# EXHIBIT 12

*Karas, J*

**JUDGE KARAS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
PC, in its capacity as account holder of, and party
with interest in, the REZULIN SETTLEMENT
FUND,

               Plaintiff,

   - vs -

JAMES R. DUGAN, II, STEPHEN B.
MURRAY d/b/a THE MURRAY LAW FIRM,
RAWLINGS AND ASSOCIATES, PLLC,
GREG MURPHY, MORAIN & MURPHY, LLC,
WALLACE JORDAN RATLIFF & BRANDT,
LLC, ELWOOD S. SIMON & ASSOCIATES,
P.C., KERSHAW, CUTTER & RATINOFF,
LLP, BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, MARK
FISCHER, GEORGE RAWLINGS,

               Defendants.

# 08 CIV. 0461

Case No.

HONORABLE

ECF CASE

---

**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

     Upon Plaintiff's Complaint filed January 17, 2008, the Declaration of Richard W. Cohen

dated January 17, 2008, and the Memorandum of Law In Support of Plaintiff's Order To Show

Cause For a Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief

dated January 17, 2008, and for good cause shown, it is hereby:

     **ORDERED**, that Defendants James R. Dugan II and Stephen B. Murray d/b/a the Murray

2027 / ORD / 00086269.WPD v1

Law Firm show cause before a motion term of this Court, at Room 52/ , United States

Courthouse, 300 Quarropas Street, White Plains, NY 10601-4150, on January ,

31 , 2008, at 10:30 , at ____ am/pm, or as soon thereafter as counsel may

be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil

Procedure enjoining these defendants during the pendency of this action from instituting,

prosecuting, or continuing to prosecute any proceeding in any state or United States court other

than this Court, including *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the

Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), affecting

the funds defined in the accompanying complaint as the "Rezulin Settlement Fund" until further

order of this Court;

ORDERED that, sufficient reason having been shown therefor, pending the

hearing of Plaintiff's application for a preliminary and permanent injunction, pursuant to Rule

65, Fed. R. Civ. P., and 28 U.S.C. § 2361, the Defendants are temporarily restrained and enjoined

from instituting, prosecuting, or continuing to prosecute any proceeding in any state or United

States court other than this Court, including *Dugan, et al. v. Murphy, et al.*, 2007-06907 from

Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July

18, 2007), affecting the Rezulin Settlement Fund until further order of this Court; and it is further

ORDERED that security in the amount of $ 500,000 be posted by the Plaintiff (On or) prior to

January , 22 , 2008; and it is further

ORDERED that service of a true copy of the Summon and Complaint, this Order to

Show Cause, and the Plaintiffs Memorandum of Law in Support of Plaintiff's Motion for a

Temporary Restraining Order and Preliminary and Permanent Injunction, via email, facsimile, or

2027 / ORD / 00086269.WPD v1                                  2

overnight delivery upon Defendants on or before January 18, 2008 at 5:00 pm shall be deemed

good and sufficient service.

 **ORDERED**, that any responsive papers shall be served by Defendant upon counsel for

Plaintiff on or before 5:00 pm on January 23, 2008; and any reply by Plaintiff be served upon

Defendants on or before 5:00 pm on January 28, 2008.

*NO PRIOR APPLICATION FOR SUCH RELIEF HAS BEEN SOUGHT.*

*SO ORDERED.*

Dated: New York, New York
 January 17, 2008

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 13

01/21/2008  12:10    5046480181

JAN 2 2 2008

Dane S. Ciolino LLC
*Attorney at Law*
P.O. Box 850848
New Orleans, LA 70185-0848
dciolino@gmail.com

Dane S. Ciolino
Admitted in LA & NY

Tel.: (504) 834-8519
Fax: (504) 324-0143

January 18, 2008

**BY FEDERAL EXPRESS**

The Honorable Kenneth M. Karas
U.S. District Court, Southern District of New York
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

The Honorable Lewis A. Kaplan
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

# MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re:    *In re Rezulin Settlement Fund v. James R. Dugan, II et al.*
       No. 08-cv-0461

Dear Judges Karas and Kaplan:

Defendants, James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, in the above-captioned action respectfully request that *Lowey Dannenberg Cohen, P.C. in re Rezulin Settlement Fund v. James R. Dugan, II et al.*, No. 08-cv-0461, ("*Rezulin Settlement Fund* action") be transferred to Judge Kaplan for consolidation with the *In re Rezulin Products Liability Litigation*, No. 00-Civ.-2843, MDL No. 1348 (the "Rezulin MDL") pursuant to Rule 15 of this Court's Rules for the Division of Business Among District Judges ("Rule 15"). Transfer would serve "the interests of justice and efficiency," as set forth in Rule 15(a), because this *in rem* action concerns the settlement proceeds of a Rezulin case, ("Louisiana BlueCross Rezulin action") and seeks to enjoin an *in personam* action concerning a joint-venture agreement, *James R. Dugan, II and Stephen B. Murray, Sr. d/b/a Murray Law Firm v. Murphy*, et al, 2007-6907, Civil District Court for the Parish of Orleans ("Dugan action"), both of which have been before Judge Kaplan.

-1-

01/21/2008   12:10   5046480101                                                    PAGE  03

Plaintiffs in the *Rezulin Settlement Fund* action admit that the funds at issue arise from a Rezulin MDL case, the Louisiana BlueCross Rezulin action which had been before Judge Kaplan. These same plaintiffs moved to transfer the Dugan action to the Rezulin MDL, and argued before the Joint Panel on Multidistrict Litigation (JPMDL), that the Dugan action was related and should be transferred to Judge Kaplan. (See attached Exhibit A, August 13, 2007 Letter from Lowey Dannenberg to JPMDL requesting transfer of that case to the Rezulin MDL: "Because the claims asserted herein relate to the claims pending in *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, we respectfully request that the Panel transfer the within action pursuant to 28 U.S.C. § 1407 to the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York). The JPMDL subsequently granted the transfer of the Dugan action to Judge Kaplan. (See attached Exhibit B, Transfer Order). On January 16, 2008, Judge Kaplan granted Plaintiffs Motion to Remand in the Dugan action. (See attached Exhibit C, Order). Only thereafter, did plaintiffs file the instant Rezulin Settlement Fund action, seeking a temporary restraining order against further prosecution of the Dugan action. (See attached Exhibit D, Complaint and Bill in the Nature of an Interpleader). Tellingly, the instant plaintiffs chose not even attempt to deposit the Rezulin Settlement Fund proceeds into the registry of the Court while that case was before Judge Kaplan, and they failed to indicate this case as a related case to the Rezulin MDL in violation of Local Rule 15.

The Dugan action is separate and distinct from the *Rezulin Settlement Fund* action: it is an *in personam* action for alleged breach of a joint venture agreement.

Judge Kaplan is knowledgable about the underlying BlueCross Rezulin action, and the action the instant plaintiffs seek to enjoin, the Dugan action, having both been on his docket. The Rezulin Settlement Fund is an uncategorized portion of the settlement proceeds of the BlueCross Rezulin action.

For the foregoing reasons, *Lowey Dannenberg Cohen, P.C. in re Rezulin Settlement Fund v. James R. Dugan, II et al.*, No. 08-cv-0461 should be transferred to Judge Kaplan for consolidation with the MDL Proceeding pursuant to Rule 15.

In conclusion, Judge Karas has granted a temporary restraining order ("TRO") and set it for hearing on January 31, 2008. Given that our substantive response is due January 23, 2008, it would be greatly appreciated if your Honors could notify counsel expeditiously of your decision on this request, so that responsive pleadings can be filed in the appropriate court and counsel can make appropriate travel arrangements to either White Plains or Manhattan for the TRO hearing.

*Application granted. Judge Kaplan will assume responsibility for this case.*

Respectfully submitted,

Dane

Dane S. Ciolino
Counsel for James R. Dugan, II and
  Stephen B. Murray, Sr., d/b/a
  Murray Law Firm

-2-

SO ORDERED

KENNETH M. KARAS U.S.D.J.
1/24/08

cc:    Lowey Dannenberg Cohen, P.C.
        Rawlings and Associates, PLLC
        Greg Murphy
        Morain & Murphy, LLC
        Wallace Jordan Ratliff & Brandt, LLC
        Elwood S. Simon & Associates, P.C.
        Kershaw, Cutter & Ratinoff, LLP
        Berman Devalerio Pease Tabacco Burt & Pucillo
        Mark Fischer
        Gearge Rawlings

-3-

# EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

               Plaintiff,

    - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

               Defendants.

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

## DECLARATION OF KIMBERLY R. WEST, ESQ.

     KIMBERLY R. WEST, ESQ., hereby declares under the penalty of perjury pursuant to

28 U.S.C. § 1746, the truth of the following:

1.     I am a member of Wallace, Jordan, Ratliff & Brandt, LLC ("Wallace Jordan") a

     law firm organized as a limited liability company under the laws of the State of

     Alabama.

2.     Wallace Jordan maintains its only offices in Birmingham, Alabama.

3.     Wallace Jordan does not maintain an office in the State of Louisiana.

{2027 / DECL / 00086324.DOC v1}

4.    Wallace Jordan does not regularly practice law in the State of Louisiana.

5.    In connection with the settlements which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from Wallace Jordan engaged in any activity or practice of law in the state of Louisiana.

6.    Wallace Jordan represented Blue Cross Blue Shield of Alabama, Blue Shield of California, Blue Cross Blue Shield of Massachusetts, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Minnesota and Blue Cross Blue Shield of Florida, Inc. in the settlement of various claims relating to any and all Pfizer products which could be asserted at any time prior to June 30, 2012 against Warner Lambert or its parent company Pfizer (collectively "Pfizer") or Pfizer's affiliates.

7.    In 2001, Wallace Jordan secured tolling agreements with Pfizer for its clients as to their individual, non-class complaints arising from the Rezulin litigation which were to be brought in Alabama.

8.    For this reason, Wallace Jordan did not appear in any litigation against Pfizer relating to the prescription drug Rezulin in Louisiana or in any Court in the country.

9.    Wallace Jordan had no agreement with any law firm regarding any joint venture or sharing of its attorneys' fees, and did not participate in any way as putative class counsel or otherwise in the Rezulin MDL. Throughout, Wallace Jordan pursued its clients' separate individual claims against Pfizer until the final negotiations and ultimate resolution, which at Pfizer's insistence, included the health plans represented by Plaintiffs and other Defendants.

{2027 / DECL / 00086324.DOC v1}

10.    Wallace Jordan has been informed of the pendency of the case captioned *Dugan,*

*et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court

for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which

Wallace Jordan was not named as a party.

11.    Wallace Jordan claims an attorneys' fee interest and costs in the Rezulin

Settlement Fund.

12.    Wallace Jordan does not consent to the jurisdiction of the Civil District Court for

the Parish of Orleans, State of Louisiana to determine Wallace Jordan's interest in

the Rezulin Settlement Fund.

13.    Wallace Jordan consents to jurisdiction of the Southern District of New York to

determine the parties' respective entitlement to the Rezulin Settlement Fund.

KIMBERLY R. WEST, ESQ.

{2027 / DECL / 00086324.DOC v1}

EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,<br><br>          Plaintiff,<br><br>  - vs -<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS,<br><br>          Defendants. | Case No. 08-CIV-0461 (KMK)<br><br>**ECF CASE** |

## DECLARATION OF ELWOOD S. SIMON, ESQ.

ELWOOD S. SIMON, ESQ., hereby declares under the penalty of perjury

pursuant to 28 U.S.C. § 1746, the truth of the following:

1.    I am the sole shareholder of Elwood S. Simon and Associates, P.C.

      ("ESS&A") a law firm organized as a professional corporation under the

      laws of the state of Michigan.

2.    ESS&A maintains its only offices in Birmingham, Michigan.

3.   ESS&A does not maintain an office in the state of Louisiana, or have any general contacts with the state of Louisiana.

4.   ESS&A does not practice law in the state of Louisiana.

5.   In connection with the litigation which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from ESS&A engaged in any activity or practice of law in the state of Louisiana.

6.   In connection with the litigation which led to the creation of the Rezulin Settlement Fund, ESS&A's sole activity in this matter was to assist Lowey Dannenberg in the litigation in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

7.   ESS&A has been informed of the pendency of the case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which ESS&A was not named as a party.

8.   ESS&A claims an interest in the Rezulin Settlement Fund.

9.   ESS&A will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine ESS&A's interest in the Rezulin Settlement Fund.

10.  ESS&A consents to jurisdiction of the Southern District of New York to determine the parties respective entitlement to the Rezulin Settlement Fund.

ELWOOD S. SIMON, ESQ.

EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

                    Plaintiff,

        - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

                    Defendants.

---

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

## DECLARATION OF C. BROOKS CUTTER, ESQ.

C. BROOKS CUTTER, ESQ., hereby declares under the penalty of perjury pursuant to

28 U.S.C. § 1746, the truth of the following:

1.      I am a partner in Kershaw, Cutter & Ratinoff, LLP ("Kershaw Cutter") a

        law firm organized as a limited liability partnership under the laws of the

        state of California.

2.      Kershaw Cutter maintains its only offices in Sacramento, California.

3.      No Kershaw Cutter partner is a citizen of Louisiana.

{2027 / DECL / 00086331.DOC v1}

4.    Kershaw Cutter does not maintain an office in the state of Louisiana.

5.    In connection with the litigation and/or settlements which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from Kershaw Cutter engaged in any activity or practice of law in the state of Louisiana.

6.    In connection with the litigation and/or settlements which led to the creation of the Rezulin Settlement Fund, Kershaw Cutter's sole activity in this matter was to act as co-counsel in the litigation in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

7.    Kershaw Cutter has been informed of the pendency of the case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which Kershaw Cutter was not named as a party.

8.    Kershaw Cutter claims an interest in the Rezulin Settlement Fund.

9.    Kershaw Cutter will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine Kershaw Cutter's interest in the Rezulin Settlement Fund.

10.    Kershaw Cutter consents to jurisdiction of the Southern District of New York to determine the parties' respective entitlement to the Rezulin Settlement Fund.

C. BROOKS CUTTER, ESQ.

{2027 / DECL / 00086331.DOC v1}

EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

            Plaintiff,

    - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

            Defendants.

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

---

## <u>DECLARATION OF MARK FISCHER, ESQ.</u>

MARK FISCHER, ESQ., hereby declares under the penalty of perjury pursuant to 28

U.S.C. § 1746, the truth of the following:

1.     I am the Chairman of Rawlings & Associates, PLLC ("Rawlings &

        Associates") a law firm organized as a professional limited liability

        company under the laws of the state of Kentucky.

2.     I am a citizen of the state of Kentucky.

3.     I do not have any general contacts with the state of Louisiana.

4.    Rawlings & Associates maintains its only offices in LaGrange, Kentucky.

5.    Rawlings & Associates does not maintain an office in the state of
Louisiana, or have any general contacts with the state of Louisiana.

6.    Rawlings & Associates represented approximately 64 non-litigating health
insurers in the settlement of various claims relating to any and all Pfizer
products which could be asserted at any time prior to June 30, 2012
against Warner Lambert or its parent company Pfizer (collectively
"Pfizer") or Pfizer's affiliates.

7.    In connecting therewith, I met with counsel for Pfizer in New York City to
negotiate the settlement.

8.    In connection with the litigation and settlements which led to the creation
of the Rezulin Settlement Fund, Rawlings & Associates appeared as
counsel for the litigating plaintiffs in the United States District Court for
the Southern District of New York and/or the United States Court of
Appeals for the Second Circuit.

9.    I personally, along with Rawlings & Associates have been named as
Defendants in a case captioned *Dugan, et al. v. Murphy, et al.*, 2007-
06907 from Section 10-F of the Civil District Court for the Parish of
Orleans, State of Louisiana (filed July 18, 2007).

10.    I personally, along with Rawlings & Associates claim an interest in the
Rezulin Settlement Fund.

11.    I personally, along with Rawlings & Associates, will not consent to the
jurisdiction of the Civil District Court for the Parish of Orleans, State of

Louisiana to determine my personal interest or Rawlings & Associates'
interest in the Rezulin Settlement Fund.

12.    I personally, along with Rawlings & Associates, consent to jurisdiction of
the Southern District of New York to determine the parties respective
entitlement to the Rezulin Settlement Fund.

MARK FISCHER, ESQ.

# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND.

          Plaintiff,

  - vs -

JAMES R. DUGAN, II. STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS.

          Defendants.

---

Case No. 08-CIV-0461 (LAK)

**ECF CASE**

## <u>DECLARATION OF MARK FISCHER, ESQ.</u>

MARK FISCHER, ESQ.. hereby declares under the penalty of perjury pursuant to 28

U.S.C. § 1746, the truth of the following:

    1.    I am the Chairman of Rawlings & Associates, PLLC ("Rawlings &

        Associates") a law firm organized as a professional limited liability

        company under the laws of the state of Kentucky.

    2.    On October 22, 2007, Rawlings & Associates received a distribution in the

        amount of $5,348,443.20 from Lowey Dannenberg Bemporad Selinger &

Cohen, P.C. as attorneys for Rezulin Settlement Fund Citibank Account No. 9977643705.

3.    The entire $5,348,443.20 (minus a $7,614.54) overpayment was distributed to settling insurers pursuant to the settlement agreement dated as of July 12, 2007.

4.    The $7,614.54 overpayment was returned to Citibank Account No. 9977643705 on October 24, 2007.

5.    No part of the $5,348,443.20 was retained by Rawlings & Associates as attorneys fees or expenses, and Rawlings & Associates has not received any legal fees or been reimbursed any expenses incurred in connection with the Rezulin Litigation.

MARK FISCHER, ESQ.

EXHIBIT 19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

          Plaintiff,

    - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

          Defendants.

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

## DECLARATION OF GEORGE RAWLINGS, ESQ.

GEORGE RAWLINGS, ESQ., hereby declares under the penalty of perjury pursuant to

28 U.S.C. § 1746, the truth of the following:

    1.     I am a principal in Rawlings & Associates, PLLC ("Rawlings &

         Associates") a law firm organized as a professional limited liability

         company under the laws of the state of Kentucky.

    2.     I am a citizen of the state of Kentucky.

    3.     I do not have any general contacts with the state of Louisiana.

4.      I have been named as a Defendant in a case captioned *Dugan, et al. v.*
        *Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court
        for the Parish of Orleans, State of Louisiana (filed July 18, 2007).

5.      I claim an interest in the Rezulin Settlement Fund.

6.      I will not consent to the jurisdiction of the Civil District Court for the
        Parish of Orleans, State of Louisiana to determine my personal interest in
        the Rezulin Settlement Fund.

7.      I consent to jurisdiction of the Southern District of New York to determine
        the parties respective entitlement to the Rezulin Settlement Fund.

GEORGE RAWLINGS, ESQ.,

# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

               Plaintiff,

      - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

               Defendants.

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

---

## DECLARATION OF JOSEPH J. TABACOO, JR., ESQ.

JOSEPH J. TABACOO, JR., ESQ., hereby declares under the penalty of perjury pursuant

to 28 U.S.C. § 1746, the truth of the following:

    1.     I am a partner in Berman DeValerio Pease Tobacco Burt & Pucillo

          ("Berman DeValerio"), admitted to practice before this Court.

    2.     Berman DeValerio maintains its offices in Boston, Massachusetts, San

          Francisco, California, and West Palm Beach, Florida.

3.  No Berman DeValerio partner is a citizen of Louisiana, and Berman DeValerio does not maintain an office in the state of Louisiana

4.  Berman DeValerio's only business contacts with Louisiana have been in connection with occasional representation of certain Louisiana clients in securities litigation, none of which were litigated in any Louisiana forum.

5.  Berman DeValerio does not practice law in the state of Louisiana.

6.  In connection with the litigation which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from Berman DeValerio engaged in any activity or practice of law in the state of Louisiana.

7.  In connection with the litigation which led to the creation of the Rezulin Settlement Fund, Berman DeValerio's sole activity in this matter was to assist Lowey Dannenberg in the litigation in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

8.  Berman DeValerio has been informed of the pendency of the case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which Berman DeValerio was not named as a party.

9.  Berman DeValerio claims an interest in the Rezulin Settlement Fund

10. Berman DeValerio will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine Berman DeValerio's interest in the Rezulin Settlement Fund.

11.  Berman DeValerio consents to jurisdiction of the Southern District of New

York to determine the parties respective entitlement to the Rezulin

Settlement Fund.

_____
JOSEPH J. TABACOO, JR., ESQ. (JT1994)

# EXHIBIT 21

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

JAMES R. DUGAN, II and STEPHEN B.
MURRAY D/B/A THE MURRAY LAW
FIRM

            Plaintiffs,

- vs -

GREG MURPHY, GEORGE RAWLINGS,
MARK FISCHER, RAWLINGS AND
ASSOCIATES, PLLC, and LOWEY
DANNENBERG BEMPORAD &
SELINGER, PC,

            Defendants.

Case No. _____

**DECLARATION OF MARK D. FISCHER, ESQ.
IN SUPPORT OF PETITION FOR REMOVAL**

MARK D. FISCHER, ESQ., hereby declares pursuant to 28 U.S.C. § 1746, as follows:

1.  I am the Chairman of Rawlings & Associates, PLLC, a law firm located in Louisville, Kentucky.

2.  On July 18, 2007, I received a letter from Plaintiff James R. Dugan II concerning his fee interest in what he calls the "Rezulin Litigation" in his Petition filed in *James R. Dugan, et al. v. Greg Murphy, et al.*, Docket No. 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana.

3.  A true and correct copy of Mr. Dugan's July 18, 2007 letter is attached hereto as Exhibit A. In this letter, Mr. Dugan demanded $1,500,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2007.

MARK D. FISCHER, ESQ.

{1596 / DECL / 00083635.DOC v1}

07/18/2007  13:06   5046480101

PAGE  02

## MURRAY LAW FIRM
SUITE 1100 POYDRAS CENTER
650 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

STEPHEN B. MURRAY*
STEPHEN B. MURRAY, JR.
JULIE A. ARDOIN***
ARTHUR M. MURRAY
NICOLE IEYOUB-MURRAY
JESSICA W. HAYES
JAMES R. DUGAN, II
JUSTIN BLOOM ****
DOUGLAS R. PLYMALE, Ph.D.

TELEPHONE 504.525.8100
1.800.467.8100
FAX 504.584.5249
www.murraylawfirm.com

OF COUNSEL

JOSEPH A RACE
ROBERT J. DILIBERTO***
DAMON A. KIRIN

* CERTIFIED AS A SPECIALIST IN
CIVIL TRIAL ADVOCACY BY THE NATIONAL
BOARD OF TRIAL ADVOCACY
** LICENSED IN LA & MS
***LICENSED IN LA & TX
**** LICENSED IN FL & NY

WILLIAM W. GOODELL, JR., L.L.M.
Energy and Environment

July 18, 2007

**Via Facsimile & E-Mail**

George Rawlings
Mark Fischer
The Rawlings Company, LLC
325 West Main Street, Suite 1700
Louisville, KY 40202

Dear Mark:

As per our conversation today, and all the reasons discussed, I am willing to settle our dispute for 1/3 of the total attorney's fees issued in this case. You stated that the attorney's fees will be coming out of the 5 million allocated in Article 3- Terms Relating To Rezulin Paragraph 1 Page 3 of the agreement which specifically authorizes $5,000,000.00 to be paid to you and Richard Cohen. In addition, you stated that approximately $300,000 to $500,000 will be going to Blue Cross Blue Shield of Louisiana and Eastern States Health and Welfare Fund as an award to dismiss their appeals. Consequently the total attorney's fees subject to this agreement are approximately 4.5 million to 4.7 million. My demand is for 1/3 of that amount or 1.5 million.

If you have any questions or comment in reference to the above please do not hesitate to call.

With kind personal regards, I am

Very truly yours,

James R. Dugan, II

JRD/tb
F:\Case Files\Rezulin\Correspondence 2007\letter.001.Steven.8.13.07.wpd