IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

                Plaintiff,

   - vs -

JAMES R. DUGAN, II, STEPHEN B.
MURRAY d/b/a THE MURRAY LAW FIRM,
RAWLINGS AND ASSOCIATES, PLLC,
GREG MURPHY, MORAIN & MURPHY, LLC,
WALLACE JORDAN RATLIFF & BRANDT,
LLC, ELWOOD S. SIMON & ASSOCIATES,
P.C., KERSHAW, CUTTER & RATINOFF,
LLP, BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, MARK
FISCHER, GEORGE RAWLINGS and
SHIPMAN & GOODWIN LLP,

                Defendants.

Case No. 08 Civ. 0461 (LAK)

**ECF CASE**



## AMENDED VERIFIED COMPLAINT AND BILL IN THE NATURE OF AN INTERPLEADER[1]

1.    Plaintiff, Lowey Dannenberg Cohen, P.C. (formerly known as Lowey Dannenberg

Bemporad Selinger & Cohen, P.C.) ("Lowey Dannenberg"), in its role as former account holder

of, and party with interest in, Citibank Account No. 009977643705, titled "Lowey Dannenberg

Bemporad Selinger & Cohen, P.C. as Attorneys for the Fund" (the "Fund"), the entirety of which

---

[1]This Amended Verified Complaint filed January 28, 2008 is verified by the January 28,
2008 Declaration of Richard W. Cohen submitted herewith.

was deposited into the registry of the Court, pursuant to order, on January 25, 2008, has filed this *in rem* action in the nature of a statutory interpleader action pursuant to 28 U.S.C. § 1335 to determine the relative interests of Plaintiff and Defendants to such Fund.

2.      The Fund was originally comprised entirely of money paid into it between September 14, 2007 and October 5, 2007 by Pfizer Inc. ("Pfizer") pursuant to the terms of a settlement agreement dated as of July 12, 2007 (the "Settlement Agreement").  Pursuant to the terms of the Settlement Agreement, Pfizer eventually paid a total of $16,047,438.55 in consideration for (a) discontinuance of appeal No. 05-6249-cv in the United States Court of Appeals for the Second Circuit (the "Appeal") by two health benefit providers (the "litigating insurers") against Pfizer's subsidiary Warner Lambert Company ("Warner Lambert") (Warner Lambert and Pfizer Inc. are referred to collectively as "Pfizer") from this Court's judgment of dismissal of their claims concerning purchases of the prescription drug Rezulin, in cases Nos. 00-8064 (LAK) and 01-2466 (LAK) (the "Rezulin Litigation"); (b) the release of Rezulin-related claims by 50 other non-litigating insurers; and (c) the agreement of all 52 settling insurers to a process for settlement of future claims involving almost all other Pfizer products, including a covenant not to sue to recover certain types of claims which may accrue at any time prior to June 30, 2012 (the "Settlement").[2]

3.      On September 14, 2007 and October 5, 2007, Pfizer wired $13,315,452.87 and $2,731,985.68, respectively (a total of $16,047,438.55) directly into the Fund by wire transfer.

---

[2]The Settlement Agreement was filed under seal as Exhibit C to Defendants', James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, Memorandum of Law in Support of their Motion to Dismiss Complaint and Bill in Nature of Interpleader Filed Under Seal.  DI-10.

*See* Exhibit 3.[3]  These transfers represent the entirety of the proceeds received in connection with the Settlement.

      4.     Pursuant to agreements between the 52 settling health insurers and their respective counsel, Plaintiff disbursed $11,621,433.27 from the Fund to the 52 settling health insurers (or to their attorneys on their behalf) between September 19, 2007 and October 22, 2007, such amounts representing all proceeds payable to the clients pursuant to their agreement.

      5.     No money from the Fund has ever been paid to any person, except for the $11,621,433.27 of settlement payments made to the 52 settling insurers.  *See* Exhibit 3.

      6.     Pursuant to the a plan of allocation agreed to by all 52 settling insurers, after disbursement to them of their settlement amounts, all funds remaining in the account ($4,450,000 before interest) were earmarked to pay the fees, and reimburse the expenses, of the law firms whose efforts contributed to the Settlement.

      7.     No legal fees or disbursements have been paid.  Rather, all funds in the account after payment to the 52 settling insurers remained in the account and accrued interest.  On January 25, 2008, the entire amount of the account, which, with accrued interest was $4,560,588.47, was deposited into the registry of this Court pursuant to the January 24, 2008 Order of this Court, and constitutes the Fund which is the subject of this action.  *See* Exhibits 2 and 4.

      8.     Plaintiff had primary responsibility for the prosecution of the Rezulin Litigation and negotiation of the Settlement over the course of the last seven years.  Lowey Dannenberg

---

    [3]References herein to numbered Exhibits refer to the Exhibits to the January 28, 2008 Declaration of Richard W. Cohen, Esq. filed herewith.

dedicated approximately 6,800 lawyer and paralegal hours and approximately $200,000 of expenses to the prosecution of the Rezulin Litigation and the Settlement, and claims a substantial interest in the Fund to recover fees and expenses.

9.      Because a dispute has arisen among the several lawyers claiming an interest in the Fund, Lowey Dannenberg has interpleaded the entire Fund into the registry of this Court. *See* Exhibit 2.

10.     By this action, Lowey Dannenberg seeks (a) an adjudication of the relative interests of the Plaintiff and the Defendants in the Fund, and (b) a preliminary and permanent injunction, pursuant to 28 U.S.C. § 2361, against Defendants James R. Dugan II and Stephen B. Murray, d/b/a The Murray Law Firm from prosecuting any separate action (outside of prosecution of their claims in this action) concerning their entitlement to fees or expenses from the Fund or other entitlement to proceeds of the Settlement, including a pending action they filed in the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

I.      **THE PARTIES**

11.     Plaintiff Lowey Dannenberg is a law firm organized as a professional corporation under the laws of the State of New York. Lowey Dannenberg's principal place of business is located in White Plains, New York, and its only other office is in Pennsylvania. Lowey Dannenberg has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of courts in Louisiana. Lowey Dannenberg commenced this Action in part in its capacity as the holder of the account which housed the Fund, as to which there are competing claims. Now that the Fund has been deposited in the registry of this Court, Lowey Dannenberg's capacity is as a claimant entitled to a substantial

portion of the Fund in consideration for its services which contributed to the creation of the Fund.

12.      Defendant Rawlings & Associates, PLLC ("Rawlings & Associates"), is a law firm organized as a professional limited liability corporation under the laws of the State of Kentucky.  Rawlings & Associates' sole place of business is located in LaGrange, Kentucky. Defendants Mark Fischer ("Fischer") and George Rawlings ("Rawlings") are the principal officers of Rawlings & Associates.  Rawlings & Associates and Fischer are subject to the jurisdiction of this Court, having appeared in the Rezulin Litigation, and Fischer, Rawlings, and Rawlings & Associates have consented to the jurisdiction of this Court for purposes of this action.  Rawlings & Associates has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Fischer and Rawlings are citizens of the State of Kentucky and disclaim amenability to the personal jurisdiction of the courts of Louisiana.  On behalf of Rawlings & Associates, Rawlings, and Fischer claim an interest in the Fund in consideration of their services which contributed to the creation of the Fund.  Rawlings & Associates dedicated in excess of 1,000 lawyer and paralegal hours and more than $50,000 of expenses to the prosecution of the Rezulin Litigation and the Settlement.  Rawlings & Associates also represented the majority of the 50 non-litigating insurers in the Settlement.  *See* Exhibits 17 and 19.

13.      Defendant Greg Murphy ("Murphy") is a natural person residing in East Baton Rouge, Louisiana.  Mr. Murphy is an attorney licensed to practice law in Louisiana and is a shareholder in Defendant Morain & Murphy, LLC,  a law firm organized as a limited liability company under the laws of the State of Louisiana with it sole office in Baton Rouge Louisiana.

Greg Murphy and Morain & Murphy LLC are subject to the personal jurisdiction of this Court as they entered their appearances in the Rezulin Litigation, attended court conferences in the Rezulin Litigation in this District, and have consented to the jurisdiction of this Court for the purposes of this action. Greg Murphy and Morain & Murphy LLC claim an interest in the Fund in consideration of their dedication of lawyer hours and expenses to the prosecution of the Rezulin Litigation and the Settlement which led to the creation of the Fund.

14.    Defendant James R. Dugan II ("Dugan") is an attorney who resides in, and is licensed to practice law in, Louisiana. Mr. Dugan is subject to the personal jurisdiction of this Court as he entered his appearance in this Court in the Rezulin Litigation, and filed applications before the Second Circuit Court of Appeals in the Appeal, opposing its voluntary dismissal. Mr. Dugan claims an interest in the Fund pursuant to an alleged oral agreement.

15.    Defendant Stephen B. Murray, d/b/a The Murray Law Firm ("Murray"), is a natural person who resides in, and is licensed to practice law in, Louisiana. Mr. Murray is subject to the personal jurisdiction of this Court as he claims his interest in the Fund derivatively through James Dugan, with whom he claims to have a contract to share in Dugan's interest in the Fund. Mr Murray also has entered his appearance in this Court with Mr. Dugan in other ongoing Rezulin-related litigation, continues to prosecute such claims in this Court, and filed applications before the Second Circuit Court of Appeals in the Appeal, opposing its voluntary dismissal.

16.    Defendant Wallace Jordan Ratliff & Brandt, LLC ("Wallace Jordan") is a law firm organized as a limited liability company under the laws of the State of Alabama. Wallace Jordan's principal place of business is located in Birmingham, Alabama. Wallace Jordan claims an interest in the Fund as legal counsel to several of the non-litigating insurers whose settlements

were responsible in part for the creation of the Fund and in consideration of its other services which contributed to its creation. Wallace Jordan has consented to the jurisdiction of this Court for purposes of this action. Wallace Jordan has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. *See* Exhibit 14.

17.    Defendant Elwood S. Simon and Associates, P.C. ("Elwood Simon") is a law firm organized as a professional corporation under the laws of Michigan, where it maintains its sole office. Elwood Simon is subject to the personal jurisdiction of this Court, as it appeared in the Rezulin Litigation and has consented to the jurisdiction of this Court for the purposes of this action. Elwood Simon has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Elwood Simon claims on interest in the Fund in consideration of its services which contributed to its creation, which consist of 409 lawyer hours and $2,278.72 of expenses dedicated to the Rezulin Litigation. *See* Exhibit 15.

18.    Defendant Kershaw, Cutter & Ratinoff, LLP ("Kershaw Cutter") is a law firm organized as a limited liability partnership under the laws of California, where it maintains its sole office. Kershaw Cutter is subject to the personal jurisdiction of this Court as it appeared in the Rezulin Litigation and has consented to the jurisdiction of this Court for the purposes of this action. Kershaw Cutter has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Kershaw Cutter claims an interest in the Fund in consideration of its services which contributed to its creation, which consist of a substantial number of lawyer hours and $13,989.43 of expenses which it

dedicated to the Rezulin Litigation. *See* Exhibit 16.

19.     Defendant Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") is a law firm organized as a partnership under the laws of Massachusetts. Berman DeValerio is subject to the personal jurisdiction of this Court as it appeared in the Rezulin litigation and has consented to the jurisdiction of this Court for the purposes of this action. Berman DeValario has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Berman DeValario claims an interest in the Fund in consideration of its services which contributed to its creation, which consists of 247.3 lawyer hours and $6,661.35 of expenses dedicated to the Rezulin Litigation. *See* Exhibit 20.

20.     Shipman & Goodwin, LLP ("Shipman & Goodwin") is a law firm organized as a limited liability partnership under the laws of Connecticut where it maintains its only offices. Shipman & Goodwin is subject to the personal jurisdiction of this Court as it appeared in this Court in the Rezulin litigation and has informed Plaintiff that it will consent to the jurisdiction of this Court for the purposes of this action. Shipman & Goodwin has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Shipman & Goodwin claims an interest in the Fund in consideration of its services which contributed to its creation, which consists of 736 lawyer and paralegal hours, and $10,369 of expenses dedicated to the Rezulin Litigation.

## II.     JURISDICTION AND VENUE

21.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because (a) the Fund constitutes property, an amount of money, or an obligation to

pay money in excess of $500, (b) two or more adverse claimants of diverse citizenship as defined by 28 U.S.C. § 1332, claim to be entitled to the Fund; and (c) the Fund has been deposited into the registry of this Court.

22.     Venue is appropriate in this Court under 28 U.S.C. § 1397 as the Fund is situated in this District, and Plaintiff Lowey Dannenberg, the principal claimant to the Fund, resides in this District.  This District is the sole venue where a court has personal jurisdiction over all parties and has jurisdiction over the Fund.

## III.   FACTS

23.     From 2001 until 2007, Plaintiff served as counsel of record for litigating insurers, Eastern States Health and Welfare Fund (Eastern States) and Louisiana Health Services Indemnity Company, d/b/a BlueCross BlueShield of Louisiana (BCBSLA), in the Rezulin Litigation before this Court and before the United States Court of Appeals for the Second Circuit.

24.     In the Rezulin Litigation, BCBSLA and Eastern States sued Warner Lambert, seeking damages and restitution incident to their purchases of the prescription drug Rezulin.

25.     Defendants (i) Murphy, (ii) Morain & Murphy, (iii) Rawlings and Associates, (iv) Elwood Simon, (v) Kershaw Cutter, (vi) Berman DeValerio, and (vii) Shipman & Goodwin all appeared, and rendered valuable services at various times, in the Rezulin Litigation, for which they assert claims to recover attorneys fees and expenses from the Fund.

26.     Plaintiff Lowey Dannenberg and Defendants Rawlings & Associates and Wallace Jordan separately represented various (and among them represented all) of the 50 non-litigating health insurers which were not parties to the Rezulin Litigation, but which were parties to the Settlement from which the Fund was created, for which they assert claims to recover attorneys

fees and expenses from the Fund.

27.    Defendants Dugan and Murray appeared in the Rezulin Litigation.  Dugan and

Murray are also counsel of record in a putative class action case before this Court which mimics

the settled Rezulin Litigation.  *Millner v. Warner-Lambert LLC*, Case No. 05-CV-6673

(S.D.N.Y.) (the "*Millner* Rezulin Action").  However, rather than contributing to the creation of

the Fund, they tried to prevent the Settlement from occurring.  *See* Exhibit 9.

28.    In 2007, while the Appeal was pending, Pfizer offered to litigating and non-

litigating health insurers a five-year agreement to resolve various types of pending and potential

future claims which health insurers have historically asserted against prescription drug

manufacturers, including (but not limited to) the claims asserted in the Rezulin Litigation.

Pfizer's principal prerequisites to such an agreement were the enrollment in the Settlement of

insurers covering a major share of privately-insured Americans and dismissal of the Appeal.

29.    Pfizer never offered to settle with only the two litigating insurers, since their

collective market share was very small.

30.    The Settlement was memorialized in the July 12, 2007 Settlement Agreement,

whose principal terms provided that, if a sufficient quantum of insurers signed the Settlement

Agreement, Pfizer would pay into a settlement fund to be maintained by Plaintiff, an aggregate

amount not to exceed $22 million, computed by (a) multiplying the number of covered lives

represented by all participating insurers, times an agreed-upon amount per life of $0.11333, plus

(b) $5,000,000.  In consideration for such payments, the settling health insurers would enter into

5-year agreements not to sue Pfizer with respect to specified claims covering any type of product,

they would agree to a fixed payment mechanism for settling certain other types of claims which

might arise, they would release claims related to Rezulin, and the 2 litigating insurers would dismiss the Appeal.

31.     Thereafter, before the Settlement was funded by Pfizer, all settling insurers agreed to a plan of distribution if the Settlement occurred, whereby (a) the non-litigating insurers would receive $0.11333 per covered life; (b) the 2 litigating insurers would receive $275,000 each; and (c) $4,450,000 would be allocated to pay legal fees and expenses.

32.     By September 2007, a number of insurers satisfactory to Pfizer executed the Settlement Agreement, and agreed to proceed with the Settlement. *See* Exhibit 8. In connection therewith, on September 14, 2007, and October 5, 2007 Pfizer made payments totaling $16,047,438.55 into Citibank Account No. 009977643705 opened in this District by Plaintiff, as attorneys for the Fund. *See* Exhibit 3. In consideration, the Appeal was dismissed by stipulation of all parties.

33.     After learning that dismissal of the Appeal was a condition precedent to the Settlement, in August 2007 and September 2007, Defendants Dugan and Murray tried to block dismissal of the Appeal in order to prevent the Settlement from occurring, which, if successful, would have prevented the creation of the Fund, the same Fund from which they are now seeking fees. They did this by sending an August 27, 2007 letter to the United States Court of Appeals for the Second Circuit opposing dismissal of the then-pending Appeal, and filing a September 18, 2007 application with the United States Court of Appeals for the Second Circuit, purportedly on behalf of their plaintiff in the *Millner* Rezulin Action, seeking to intervene in the Appeal and seeking to prevent the two litigating insurers' voluntary dismissal of the Appeal from this Court's judgment dismissing their claims in the Rezulin Litigation. *See* Exhibit 9.

34.     Dugan and Murray's applications to block dismissal of the Appeal were rejected by the Second Circuit and the Appeal was dismissed. *See* Exhibit 10.

35.     Thus, the Fund, from which Defendants Dugan and Murray now seek fees, came into being despite, not because of, the actions of Defendants Dugan and Murray.

36.     Lowey Dannenberg and all Defendants other than Dugan and Murray are entitled to compensation from the Fund for their respective efforts which led to its creation.

## IV.     DUGAN AND MURRAY'S ASSERTION OF CLAIMS TO THE FUND

37.     Before the Settlement between Pfizer and the 52 settling insurers could be consummated, Dugan and Murray learned from a joint filing by the parties to the appeal that a potential settlement was being negotiated.  On July 17, 2007, Dugan and Murray wrote to counsel for Pfizer, to Defendant Mark Fischer, and to Plaintiff, asserting an interest in any attorneys fees generated as a result of the Settlement, and requesting that such fees be deposited in the registry of this Court under the supervision of Judge Kaplan. *See* Exhibit 6.

38.     In response, Defendant Fischer informed Dugan that if and when a settlement occurred, he and Murray would be entitled to fees from any settlement that were commensurate with their relative contribution to the prosecution and settlement of the Rezulin Litigation.

39.     On July 18, 2007, Defendant Dugan wrote to Defendant Mark Fischer claiming a 1/3 interest in legal fees generated by the Settlement, specifically referencing the fees to be generated from the Settlement and calculating his alleged fee interest pursuant to the terms of the Settlement Agreement as $1.5 million. *See* Exhibit 21 and Exhibit A thereto.

40.     That same day, July 18, 2007, almost two months before the Settlement became binding and the Fund came into existence, Defendants Dugan and Murray sued Murphy, Lowey

Dannenberg, Fischer, Rawlings, and Rawlings & Associates in the Civil District Court of the Parish of Orleans in New Orleans, Louisiana claiming breach of contract, and breach of fiduciary duty by virtue of their not paying to Dugan and Murray legal fees generated from the Settlement of the Rezulin litigation (the "Louisiana Action"). *See* Exhibit 5. The Louisiana Action was filed notwithstanding that there was not yet a Settlement nor any legal fees to distribute.

41.     None of Defendants Elwood Simon, Kershaw Cutter, Wallace Jordan, Berman DeValerio, and Shipman & Goodwin, each of which has an interest in the Fund, was named or joined as a party to the Louisiana Action.

42.     On August 10, 2007, defendants removed the Louisiana Action to the United States District Court for the Eastern District of Louisiana, claiming diversity on the grounds of fraudulent joinder of Murphy. On August 22, 2007, Defendants Dugan and Murray filed a motion to remand the Louisiana Action back to state court. All proceedings in the Louisiana Action were stayed by the Eastern District of Louisiana by Order entered September 12, 2007. *See* Exhibit 11.

43.     Thereafter, on or about September 14, 2007, the Fund first came into existence when Pfizer made the first of two Settlement payments.

44.     On December 12, 2007, the Judicial Panel on Multi-District Litigation transferred the Louisiana Action to the Honorable Lewis A. Kaplan of this Court.

45.     On January 16, 2008, this Court issued an order remanding the Louisiana Action to the Civil District Court of the Parish of Orleans in New Orleans, Louisiana on grounds it lacked subject matter jurisdiction.

46.     On January 17, 2008, Plaintiff initiated this action, and the Honorable Kenneth M.

Karas of this Court issued a temporary restraining order enjoining prosecution of the Louisiana Action. *See* Exhibit 12.

47.    Absent preliminary and permanent injunctive relief by this Court, Dugan and Murray will continue prosecution of the Louisiana Action and/or other competing actions, the effect of which would be to subject Plaintiff, Rawlings, Fischer, Rawlings & Associates, Murphy, and other Defendants to multiple litigation and liability concerning the exact same object, *i.e.* entitlement to a portion of the Fund.

48.    Plaintiff and every Defendant other than Dugan and Murray are claimants in the Fund and have asserted claims to a portion thereof.

49.    Defendants Dugan and Murray are claimants to the Fund, which claim Plaintiff disputes due to their actions which tried to prevent the occurrence of the Settlement from which the Fund was created.

50.    This Court is the only tribunal with personal jurisdiction over all claimants to the Fund and *in rem* jurisdiction over the Fund itself, and is the only Court with power to adjudicate the claims of all parties to the Fund.

51.    Lowey Dannenberg cannot safely determine all of the various claims to the Fund by the Defendants and itself without great hazard and multiple liability, making this interpleader action necessary.

52.    Under the provisions of 28 U.S.C. § 1335, Lowey Dannenberg is entitled to join all persons asserting claims against the Fund in this single proceeding so that Lowey Dannenberg and other Defendants may avoid duplicative litigation and avoid multiple or inconsistent judgments on the conflicting and adverse claims of Defendants to recover fees and expenses

from the Fund.

## V.    PRAYER FOR RELIEF

WHEREFORE, Lowey Dannenberg prays for judgment that:

1.    Defendants be required to interplead and assert in this proceeding and settle between themselves and Plaintiff any and all claims which each or any of them have to the Fund;

2.    That Lowey Dannenberg be discharged from all liability relating to such benefits except to pay from the Fund, if returned to it by the Court, amounts owed to the party or parties whom the Court shall judge entitled to the Fund;

3.    Pursuant to 28 U.S.C. § 2361, Dugan and Murray be permanently restrained from instituting, prosecuting, or continuing to prosecute any competing action in any other state or United States court, including *Dugan, et al. v. Murphy, et al.*, (filed July 18, 2007), affecting the Fund or concerning their entitlement to any monies from the Settlement;

4.    Defendants, and each of them, be permanently restrained from commencing or continuing to prosecute any competing action for the recovery of the Fund or any part thereof, or any claims related to their entitlement to money from the Settlement, as against Lowey Dannenberg or the other parties named herein;

5.    Lowey Dannenberg recover out of the Fund its costs and attorneys' fees incurred in this action and all actions connected to the Fund; and

6.    Awarding such other relief as the Court may deem just and equitable.

Respectfully submitted this 28th day of January, 2008.
White Plains, NY

LOWEY DANNENBERG COHEN, P.C.

Stephen Lowey (SL-7677)
Richard W. Cohen (RC-5220)
Peter St. Phillip (PS-0726)
Thomas Skelton  (TS-7908)
Todd S. Garber  (TG-4620)
One North Broadway, Suite 509
White Plains, NY 10601
Telephone:  (914) 997-0500
Telecopier: (914) 997-0035

## VERIFICATION

I, RICHARD W. COHEN, declare under the penalty of perjury pursuant to 28 U.S.C.

§ 1746, that

1.    I am an attorney admitted to practice in New York and before this Court, and am a

shareholder and officer of Lowey Dannenberg Cohen, P.C., proceeding as counsel *pro se* for

Plaintiff.  I make this declaration on personal knowledge of the facts set forth herein.

2.    I have read the Amended Verified Complaint and Bill in the Nature of

Interpleader filed January 28, 2008 and verify that the facts alleged in that document are true and

correct to my personal knowledge.

Dated:        January 28, 2008
              White Plains, New York

                                        _Richard W. Cohen_
                                        RICHARD W. COHEN

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

               Plaintiff,

   - vs -

JAMES R. DUGAN, II, STEPHEN B.
MURRAY d/b/a THE MURRAY LAW FIRM,
RAWLINGS AND ASSOCIATES, PLLC,
GREG MURPHY, MORAIN & MURPHY, LLC,
WALLACE JORDAN RATLIFF & BRANDT,
LLC, ELWOOD S. SIMON & ASSOCIATES,
P.C., KERSHAW, CUTTER & RATINOFF,
LLP, BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, MARK
FISCHER, GEORGE RAWLINGS and
SHIPMAN & GOODWIN LLP,

               Defendants.

Case No. 08 Civ. 0461 (LAK)

**ECF CASE**



## AMENDED VERIFIED COMPLAINT AND BILL IN THE NATURE OF AN INTERPLEADER[1]

1.     Plaintiff, Lowey Dannenberg Cohen, P.C. (formerly known as Lowey Dannenberg

Bemporad Selinger & Cohen, P.C.) ("Lowey Dannenberg"), in its role as former account holder

of, and party with interest in, Citibank Account No. 009977643705, titled "Lowey Dannenberg

Bemporad Selinger & Cohen, P.C. as Attorneys for the Fund" (the "Fund"), the entirety of which

---

[1]This Amended Verified Complaint filed January 28, 2008 is verified by the January 28,
2008 Declaration of Richard W. Cohen submitted herewith.

was deposited into the registry of the Court, pursuant to order, on January 25, 2008, has filed this *in rem* action in the nature of a statutory interpleader action pursuant to 28 U.S.C. § 1335 to determine the relative interests of Plaintiff and Defendants to such Fund.

2.    The Fund was originally comprised entirely of money paid into it between September 14, 2007 and October 5, 2007 by Pfizer Inc. ("Pfizer") pursuant to the terms of a settlement agreement dated as of July 12, 2007 (the "Settlement Agreement").  Pursuant to the terms of the Settlement Agreement, Pfizer eventually paid a total of $16,047,438.55 in consideration for (a) discontinuance of appeal No. 05-6249-cv in the United States Court of Appeals for the Second Circuit (the "Appeal") by two health benefit providers (the "litigating insurers") against Pfizer's subsidiary Warner Lambert Company ("Warner Lambert") (Warner Lambert and Pfizer Inc. are referred to collectively as "Pfizer") from this Court's judgment of dismissal of their claims concerning purchases of the prescription drug Rezulin, in cases Nos. 00-8064 (LAK) and 01-2466 (LAK) (the "Rezulin Litigation"); (b) the release of Rezulin-related claims by 50 other non-litigating insurers; and (c) the agreement of all 52 settling insurers to a process for settlement of future claims involving almost all other Pfizer products, including a covenant not to sue to recover certain types of claims which may accrue at any time prior to June 30, 2012 (the "Settlement").[2]

3.    On September 14, 2007 and October 5, 2007, Pfizer wired $13,315,452.87 and $2,731,985.68, respectively (a total of $16,047,438.55) directly into the Fund by wire transfer.

---

[2]The Settlement Agreement was filed under seal as Exhibit C to Defendants', James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, Memorandum of Law in Support of their Motion to Dismiss Complaint and Bill in Nature of Interpleader Filed Under Seal.  DI-10.

*See* Exhibit 3.[3] These transfers represent the entirety of the proceeds received in connection with the Settlement.

4.      Pursuant to agreements between the 52 settling health insurers and their respective counsel, Plaintiff disbursed $11,621,433.27 from the Fund to the 52 settling health insurers (or to their attorneys on their behalf) between September 19, 2007 and October 22, 2007, such amounts representing all proceeds payable to the clients pursuant to their agreement.

5.      No money from the Fund has ever been paid to any person, except for the $11,621,433.27 of settlement payments made to the 52 settling insurers. *See* Exhibit 3.

6.      Pursuant to the a plan of allocation agreed to by all 52 settling insurers, after disbursement to them of their settlement amounts, all funds remaining in the account ($4,450,000 before interest) were earmarked to pay the fees, and reimburse the expenses, of the law firms whose efforts contributed to the Settlement.

7.      No legal fees or disbursements have been paid.  Rather, all funds in the account after payment to the 52 settling insurers remained in the account and accrued interest.  On January 25, 2008, the entire amount of the account, which, with accrued interest was $4,560,588.47, was deposited into the registry of this Court pursuant to the January 24, 2008 Order of this Court, and constitutes the Fund which is the subject of this action. *See* Exhibits 2 and 4.

8.      Plaintiff had primary responsibility for the prosecution of the Rezulin Litigation and negotiation of the Settlement over the course of the last seven years.  Lowey Dannenberg

---

[3]References herein to numbered Exhibits refer to the Exhibits to the January 28, 2008 Declaration of Richard W. Cohen, Esq. filed herewith.

dedicated approximately 6,800 lawyer and paralegal hours and approximately $200,000 of expenses to the prosecution of the Rezulin Litigation and the Settlement, and claims a substantial interest in the Fund to recover fees and expenses.

9.      Because a dispute has arisen among the several lawyers claiming an interest in the Fund, Lowey Dannenberg has interpleaded the entire Fund into the registry of this Court. *See* Exhibit 2.

10.     By this action, Lowey Dannenberg seeks (a) an adjudication of the relative interests of the Plaintiff and the Defendants in the Fund, and (b) a preliminary and permanent injunction, pursuant to 28 U.S.C. § 2361, against Defendants James R. Dugan II and Stephen B. Murray, d/b/a The Murray Law Firm from prosecuting any separate action (outside of prosecution of their claims in this action) concerning their entitlement to fees or expenses from the Fund or other entitlement to proceeds of the Settlement, including a pending action they filed in the Civil District Court of the Parish of Orleans in New Orleans, Louisiana.

## I.      THE PARTIES

11.     Plaintiff Lowey Dannenberg is a law firm organized as a professional corporation under the laws of the State of New York.  Lowey Dannenberg's principal place of business is located in White Plains, New York, and its only other office is in Pennsylvania.  Lowey Dannenberg has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of courts in Louisiana.  Lowey Dannenberg commenced this Action in part in its capacity as the holder of the account which housed the Fund, as to which there are competing claims.  Now that the Fund has been deposited in the registry of this Court, Lowey Dannenberg's capacity is as a claimant entitled to a substantial

portion of the Fund in consideration for its services which contributed to the creation of the Fund.

12.     Defendant Rawlings & Associates, PLLC ("Rawlings & Associates"), is a law firm organized as a professional limited liability corporation under the laws of the State of Kentucky.  Rawlings & Associates' sole place of business is located in LaGrange, Kentucky. Defendants Mark Fischer ("Fischer") and George Rawlings ("Rawlings") are the principal officers of Rawlings & Associates.  Rawlings & Associates and Fischer are subject to the jurisdiction of this Court, having appeared in the Rezulin Litigation, and Fischer, Rawlings, and Rawlings & Associates have consented to the jurisdiction of this Court for purposes of this action.  Rawlings & Associates has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Fischer and Rawlings are citizens of the State of Kentucky and disclaim amenability to the personal jurisdiction of the courts of Louisiana.  On behalf of Rawlings & Associates, Rawlings, and Fischer claim an interest in the Fund in consideration of their services which contributed to the creation of the Fund.  Rawlings & Associates dedicated in excess of 1,000 lawyer and paralegal hours and more than $50,000 of expenses to the prosecution of the Rezulin Litigation and the Settlement.  Rawlings & Associates also represented the majority of the 50 non-litigating insurers in the Settlement.  *See* Exhibits 17 and 19.

13.     Defendant Greg Murphy ("Murphy") is a natural person residing in East Baton Rouge, Louisiana.  Mr. Murphy is an attorney licensed to practice law in Louisiana and is a shareholder in Defendant Morain & Murphy, LLC,  a law firm organized as a limited liability company under the laws of the State of Louisiana with it sole office in Baton Rouge Louisiana.

Greg Murphy and Morain & Murphy LLC are subject to the personal jurisdiction of this Court as

they entered their appearances in the Rezulin Litigation, attended court conferences in the

Rezulin Litigation in this District, and have consented to the jurisdiction of this Court for the

purposes of this action.  Greg Murphy and Morain & Murphy LLC claim an interest in the Fund

in consideration of their dedication of lawyer hours and expenses to the prosecution of the

Rezulin Litigation and the Settlement which led to the creation of the Fund.

14.    Defendant James R. Dugan II ("Dugan") is an attorney who resides in, and is

licensed to practice law in, Louisiana.  Mr. Dugan is subject to the personal jurisdiction of this

Court as he entered his appearance in this Court in the Rezulin Litigation, and filed applications

before the Second Circuit Court of Appeals in the Appeal, opposing its voluntary dismissal.  Mr.

Dugan claims an interest in the Fund pursuant to an alleged oral agreement.

15.    Defendant Stephen B. Murray, d/b/a The Murray Law Firm ("Murray"), is a

natural person who resides in, and is licensed to practice law in, Louisiana.  Mr. Murray is

subject to the personal jurisdiction of this Court as he claims his interest in the Fund derivatively

through James Dugan, with whom he claims to have a contract to share in Dugan's interest in the

Fund.  Mr Murray also has entered his appearance in this Court with Mr. Dugan in other ongoing

Rezulin-related litigation, continues to prosecute such claims in this Court, and filed applications

before the Second Circuit Court of Appeals in the Appeal, opposing its voluntary dismissal.

16.    Defendant Wallace Jordan Ratliff & Brandt, LLC ("Wallace Jordan") is a law

firm organized as a limited liability company under the laws of the State of Alabama.  Wallace

Jordan's principal place of business is located in Birmingham, Alabama.  Wallace Jordan claims

an interest in the Fund as legal counsel to several of the non-litigating insurers whose settlements

were responsible in part for the creation of the Fund and in consideration of its other services which contributed to its creation. Wallace Jordan has consented to the jurisdiction of this Court for purposes of this action. Wallace Jordan has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. *See* Exhibit 14.

17.    Defendant Elwood S. Simon and Associates, P.C. ("Elwood Simon") is a law firm organized as a professional corporation under the laws of Michigan, where it maintains its sole office. Elwood Simon is subject to the personal jurisdiction of this Court, as it appeared in the Rezulin Litigation and has consented to the jurisdiction of this Court for the purposes of this action. Elwood Simon has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Elwood Simon claims on interest in the Fund in consideration of its services which contributed to its creation, which consist of 409 lawyer hours and $2,278.72 of expenses dedicated to the Rezulin Litigation. *See* Exhibit 15.

18.    Defendant Kershaw, Cutter & Ratinoff, LLP ("Kershaw Cutter") is a law firm organized as a limited liability partnership under the laws of California, where it maintains its sole office. Kershaw Cutter is subject to the personal jurisdiction of this Court as it appeared in the Rezulin Litigation and has consented to the jurisdiction of this Court for the purposes of this action. Kershaw Cutter has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana. Kershaw Cutter claims an interest in the Fund in consideration of its services which contributed to its creation, which consist of a substantial number of lawyer hours and $13,989.43 of expenses which it

dedicated to the Rezulin Litigation.  *See* Exhibit 16.

19.     Defendant Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") is a law firm organized as a partnership under the laws of Massachusetts.  Berman DeValerio is subject to the personal jurisdiction of this Court as it appeared in the Rezulin litigation and has consented to the jurisdiction of this Court for the purposes of this action. Berman DeValario has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana.  Berman DeValario claims an interest in the Fund in consideration of its services which contributed to its creation, which consists of 247.3 lawyer hours and $6,661.35 of expenses dedicated to the Rezulin Litigation.  *See* Exhibit 20.

20.     Shipman & Goodwin, LLP ("Shipman & Goodwin") is a law firm organized as a limited liability partnership under the laws of Connecticut where it maintains its only offices. Shipman & Goodwin is subject to the personal jurisdiction of this Court as it appeared in this Court in the Rezulin litigation and has informed Plaintiff that it will consent to the jurisdiction of this Court for the purposes of this action.  Shipman & Goodwin has no office in Louisiana, no lawyers admitted to practice in Louisiana and disclaims amenability to the personal jurisdiction of the courts of Louisiana.  Shipman & Goodwin claims an interest in the Fund in consideration of its services which contributed to its creation, which consists of 736 lawyer and paralegal hours, and $10,369 of expenses dedicated to the Rezulin Litigation.

## II.    JURISDICTION AND VENUE

21.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because (a) the Fund constitutes property, an amount of money, or an obligation to

pay money in excess of $500, (b) two or more adverse claimants of diverse citizenship as defined

by 28 U.S.C. § 1332, claim to be entitled to the Fund; and (c) the Fund has been deposited into

the registry of this Court.

22.      Venue is appropriate in this Court under 28 U.S.C. § 1397 as the Fund is situated

in this District, and Plaintiff Lowey Dannenberg, the principal claimant to the Fund, resides in

this District.  This District is the sole venue where a court has personal jurisdiction over all

parties and has jurisdiction over the Fund.

## III.    FACTS

23.      From 2001 until 2007, Plaintiff served as counsel of record for litigating insurers,

Eastern States Health and Welfare Fund (Eastern States) and Louisiana Health Services

Indemnity Company, d/b/a BlueCross BlueShield of Louisiana (BCBSLA), in the Rezulin

Litigation before this Court and before the United States Court of Appeals for the Second Circuit.

24.      In the Rezulin Litigation, BCBSLA and Eastern States sued Warner Lambert,

seeking damages and restitution incident to their purchases of the prescription drug Rezulin.

25.      Defendants (i) Murphy, (ii) Morain & Murphy, (iii) Rawlings and Associates, (iv)

Elwood Simon, (v) Kershaw Cutter, (vi) Berman DeValerio, and (vii) Shipman & Goodwin all

appeared, and rendered valuable services at various times, in the Rezulin Litigation, for which

they assert claims to recover attorneys fees and expenses from the Fund.

26.      Plaintiff Lowey Dannenberg and Defendants Rawlings & Associates and Wallace

Jordan separately represented various (and among them represented all) of the 50 non-litigating

health insurers which were not parties to the Rezulin Litigation, but which were parties to the

Settlement from which the Fund was created, for which they assert claims to recover attorneys

fees and expenses from the Fund.

27.    Defendants Dugan and Murray appeared in the Rezulin Litigation. Dugan and Murray are also counsel of record in a putative class action case before this Court which mimics the settled Rezulin Litigation. *Millner v. Warner-Lambert LLC*, Case No. 05-CV-6673 (S.D.N.Y.) (the "*Millner* Rezulin Action"). However, rather than contributing to the creation of the Fund, they tried to prevent the Settlement from occurring. *See* Exhibit 9.

28.    In 2007, while the Appeal was pending, Pfizer offered to litigating and non-litigating health insurers a five-year agreement to resolve various types of pending and potential future claims which health insurers have historically asserted against prescription drug manufacturers, including (but not limited to) the claims asserted in the Rezulin Litigation. Pfizer's principal prerequisites to such an agreement were the enrollment in the Settlement of insurers covering a major share of privately-insured Americans and dismissal of the Appeal.

29.    Pfizer never offered to settle with only the two litigating insurers, since their collective market share was very small.

30.    The Settlement was memorialized in the July 12, 2007 Settlement Agreement, whose principal terms provided that, if a sufficient quantum of insurers signed the Settlement Agreement, Pfizer would pay into a settlement fund to be maintained by Plaintiff, an aggregate amount not to exceed $22 million, computed by (a) multiplying the number of covered lives represented by all participating insurers, times an agreed-upon amount per life of $0.11333, plus (b) $5,000,000. In consideration for such payments, the settling health insurers would enter into 5-year agreements not to sue Pfizer with respect to specified claims covering any type of product, they would agree to a fixed payment mechanism for settling certain other types of claims which

might arise, they would release claims related to Rezulin, and the 2 litigating insurers would dismiss the Appeal.

31.     Thereafter, before the Settlement was funded by Pfizer, all settling insurers agreed to a plan of distribution if the Settlement occurred, whereby (a) the non-litigating insurers would receive $0.11333 per covered life; (b) the 2 litigating insurers would receive $275,000 each; and (c) $4,450,000 would be allocated to pay legal fees and expenses.

32.     By September 2007, a number of insurers satisfactory to Pfizer executed the Settlement Agreement, and agreed to proceed with the Settlement. *See* Exhibit 8.  In connection therewith, on September 14, 2007, and October 5, 2007 Pfizer made payments totaling $16,047,438.55 into Citibank Account No. 009977643705 opened in this District by Plaintiff, as attorneys for the Fund.  *See* Exhibit 3.  In consideration, the Appeal was dismissed by stipulation of all parties.

33.     After learning that dismissal of the Appeal was a condition precedent to the Settlement, in August 2007 and September 2007, Defendants Dugan and Murray tried to block dismissal of the Appeal in order to prevent the Settlement from occurring, which, if successful, would have prevented the creation of the Fund, the same Fund from which they are now seeking fees.  They did this by sending an August 27, 2007 letter to the United States Court of Appeals for the Second Circuit opposing dismissal of the then-pending Appeal, and filing a September 18, 2007 application with the United States Court of Appeals for the Second Circuit, purportedly on behalf of their plaintiff in the *Millner* Rezulin Action, seeking to intervene in the Appeal and seeking to prevent the two litigating insurers' voluntary dismissal of the Appeal from this Court's judgment dismissing their claims in the Rezulin Litigation.  *See* Exhibit 9.

34.     Dugan and Murray's applications to block dismissal of the Appeal were rejected by the Second Circuit and the Appeal was dismissed.  *See* Exhibit 10.

35.     Thus, the Fund, from which Defendants Dugan and Murray now seek fees, came into being despite, not because of, the actions of Defendants Dugan and Murray.

36.     Lowey Dannenberg and all Defendants other than Dugan and Murray are entitled to compensation from the Fund for their respective efforts which led to its creation.

## IV.    DUGAN AND MURRAY'S ASSERTION OF CLAIMS TO THE FUND

37.     Before the Settlement between Pfizer and the 52 settling insurers could be consummated, Dugan and Murray learned from a joint filing by the parties to the appeal that a potential settlement was being negotiated.  On July 17, 2007, Dugan and Murray wrote to counsel for Pfizer, to Defendant Mark Fischer, and to Plaintiff, asserting an interest in any attorneys fees generated as a result of the Settlement, and requesting that such fees be deposited in the registry of this Court under the supervision of Judge Kaplan.  *See* Exhibit 6.

38.     In response, Defendant Fischer informed Dugan that if and when a settlement occurred, he and Murray would be entitled to fees from any settlement that were commensurate with their relative contribution to the prosecution and settlement of the Rezulin Litigation.

39.     On July 18, 2007, Defendant Dugan wrote to Defendant Mark Fischer claiming a 1/3 interest in legal fees generated by the Settlement, specifically referencing the fees to be generated from the Settlement and calculating his alleged fee interest pursuant to the terms of the Settlement Agreement as $1.5 million.  *See* Exhibit 21 and Exhibit A thereto.

40.     That same day, July 18, 2007, almost two months before the Settlement became binding and the Fund came into existence, Defendants Dugan and Murray sued Murphy, Lowey

Dannenberg, Fischer, Rawlings, and Rawlings & Associates in the Civil District Court of the Parish of Orleans in New Orleans, Louisiana claiming breach of contract, and breach of fiduciary duty by virtue of their not paying to Dugan and Murray legal fees generated from the Settlement of the Rezulin litigation (the "Louisiana Action").  *See* Exhibit 5.  The Louisiana Action was filed notwithstanding that there was not yet a Settlement nor any legal fees to distribute.

41.     None of Defendants Elwood Simon, Kershaw Cutter, Wallace Jordan, Berman DeValerio, and Shipman & Goodwin, each of which has an interest in the Fund, was named or joined as a party to the Louisiana Action.

42.     On August 10, 2007, defendants removed the Louisiana Action to the United States District Court for the Eastern District of Louisiana, claiming diversity on the grounds of fraudulent joinder of Murphy.  On August 22, 2007, Defendants Dugan and Murray filed a motion to remand the Louisiana Action back to state court.  All proceedings in the Louisiana Action were stayed by the Eastern District of Louisiana by Order entered September 12, 2007.  *See* Exhibit 11.

43.     Thereafter, on or about September 14, 2007, the Fund first came into existence when Pfizer made the first of two Settlement payments.

44.     On December 12, 2007, the Judicial Panel on Multi-District Litigation transferred the Louisiana Action to the Honorable Lewis A. Kaplan of this Court.

45.     On January 16, 2008, this Court issued an order remanding the Louisiana Action to  the Civil District Court of the Parish of Orleans in New Orleans, Louisiana on grounds it lacked subject matter jurisdiction.

46.     On January 17, 2008, Plaintiff initiated this action, and the Honorable Kenneth M.

Karas of this Court issued a temporary restraining order enjoining prosecution of the Louisiana Action. *See* Exhibit 12.

47.    Absent preliminary and permanent injunctive relief by this Court, Dugan and Murray will continue prosecution of the Louisiana Action and/or other competing actions, the effect of which would be to subject Plaintiff, Rawlings, Fischer, Rawlings & Associates, Murphy, and other Defendants to multiple litigation and liability concerning the exact same object, *i.e.* entitlement to a portion of the Fund.

48.    Plaintiff and every Defendant other than Dugan and Murray are claimants in the Fund and have asserted claims to a portion thereof.

49.    Defendants Dugan and Murray are claimants to the Fund, which claim Plaintiff disputes due to their actions which tried to prevent the occurrence of the Settlement from which the Fund was created.

50.    This Court is the only tribunal with personal jurisdiction over all claimants to the Fund and *in rem* jurisdiction over the Fund itself, and is the only Court with power to adjudicate the claims of all parties to the Fund.

51.    Lowey Dannenberg cannot safely determine all of the various claims to the Fund by the Defendants and itself without great hazard and multiple liability, making this interpleader action necessary.

52.    Under the provisions of 28 U.S.C. § 1335, Lowey Dannenberg is entitled to join all persons asserting claims against the Fund in this single proceeding so that Lowey Dannenberg and other Defendants may avoid duplicative litigation and avoid multiple or inconsistent judgments on the conflicting and adverse claims of Defendants to recover fees and expenses

from the Fund.

## V.    PRAYER FOR RELIEF

WHEREFORE, Lowey Dannenberg prays for judgment that:

1.    Defendants be required to interplead and assert in this proceeding and settle between themselves and Plaintiff any and all claims which each or any of them have to the Fund;

2.    That Lowey Dannenberg be discharged from all liability relating to such benefits except to pay from the Fund, if returned to it by the Court, amounts owed to the party or parties whom the Court shall judge entitled to the Fund;

3.    Pursuant to 28 U.S.C. § 2361, Dugan and Murray be permanently restrained from instituting, prosecuting, or continuing to prosecute any competing action in any other state or United States court, including *Dugan, et al. v. Murphy, et al.*, (filed July 18, 2007), affecting the Fund or concerning their entitlement to any monies from the Settlement;

4.    Defendants, and each of them, be permanently restrained from commencing or continuing to prosecute any competing action for the recovery of the Fund or any part thereof, or any claims related to their entitlement to money from the Settlement, as against Lowey Dannenberg or the other parties named herein;

5.    Lowey Dannenberg recover out of the Fund its costs and attorneys' fees incurred in this action and all actions connected to the Fund; and

6.    Awarding such other relief as the Court may deem just and equitable.

Respectfully submitted this 28th day of January, 2008.
White Plains, NY

LOWEY DANNENBERG COHEN, P.C.

Stephen Lowey (SL-7677)
Richard W. Cohen (RC-5220)
Peter St. Phillip (PS-0726)
Thomas Skelton  (TS-7908)
Todd S. Garber  (TG-4620)
One North Broadway, Suite 509
White Plains, NY 10601
Telephone:  (914) 997-0500
Telecopier: (914) 997-0035

## VERIFICATION

I, RICHARD W. COHEN, declare under the penalty of perjury pursuant to 28 U.S.C.

§ 1746, that

1.      I am an attorney admitted to practice in New York and before this Court, and am a

shareholder and officer of Lowey Dannenberg Cohen, P.C., proceeding as counsel *pro se* for

Plaintiff.  I make this declaration on personal knowledge of the facts set forth herein.

2.      I have read the Amended Verified Complaint and Bill in the Nature of

Interpleader filed January 28, 2008 and verify that the facts alleged in that document are true and

correct to my personal knowledge.

Dated:          January 28, 2008
                White Plains, New York

                                        _____
                                        RICHARD W. COHEN

EXHIBIT 8

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, __William A. Breskin____ , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __August 20__ , 2007

_____
NAME

Chief Washington Counsel
_____
TITLE

Blue Cross Blue Shield Association
Federal Employee Program
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, <u>Alfred J. Fortin</u>, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>August 23</u>, 2007

NAME Alfred J. Fortin

<u>Senior Vice President</u>
TITLE

<u>Hawaii Medical Service Association</u>
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Robert E. Burkett, Jr._____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 26 , 2007

_____
NAME

_____
TITLE       V.P. & Deputy G.C.

_____
HEALTH PLAN       BANKERS LIFE

CONSECO LITIGATION          FAX No. 317 817 5637          P. 002

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, *Robert E. Burkett, Jr.* , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on *August 14* , 2007

_____
NAME

*V.P. & Deputy G.C.*
_____
TITLE

*Bankers Life & Casualty*
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Larry McEnroe_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _Aug. 27_, , 2007

_Larry McEnroe_
NAME

_Vice President_
TITLE

_Government Employees Health Associ Inc_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, ___**Robert Evraets**___, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on ___8 / 21___, 2007

_____
NAME

___Manager, Special Investigations___
TITLE

___Guardian Life Ins Co. of America___
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY __, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, [name], am [title] for [Participating Health Plan].  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by [Participating Health Plan] to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes [Participating Health Plan's] participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _____8/23_____, 2007

_Edward Papst_
[NAME]  EDWARD  PAPST
[TITLE]  ASSISTANT COUNSEL
[NAME OF PARTICIPATING HEALTH PLAN]  HIGHMARK INC.

1596 / MISC / 00083443.WPD v1

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Cheryl A. Howe_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 24_, 2007

_Cheryl Howe_
NAME

_EVP_
TITLE

_HealthNow New York Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Mary C. St. John, Associate General Counsel for California Physicians' Service dba Blue Shield of California ("Blue Shield"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Blue Shield to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Shield's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on August 23, 2007

Mary C. St. John
Associate General Counsel
Blue Shield of California

{1596 / MISC / 00083463.DOC v1}

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Trudy Tappan_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 16_, 2007

_Trudy Tappan_
NAME

_Risk Manager_
TITLE

_Av Med, Inc._
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, <u>William E. Kirk, III</u>, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>July    19</u>, 2007

_____
NAME

<u>Vice President General Counsel</u>
TITLE


<u>BCBSD, Inc.</u>
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _Coni K Fries_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/23/_, 2007

_Coni K Fries_
NAME

_Associate General Counsel_
TITLE

_Blue Cross and Blue Shield of Kansas City_
HEALTH PLAN
_Good Health HMO, Inc._

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Robert C. Williams_, hold the title specified below for the Participating Health Plan Identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 18_, 2007

_Robert C. Williams_
NAME

_Vice President Legal & Corporate Secretary_
TITLE

_Blue Cross & Blue Shield of Mississippi_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _N. KING PRATHER_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 30_, 2007

_____
NAME

_VICE PRESIDENT, LEGAL SERVICES_
TITLE

_BLUE CROSS BLUE SHIELD NORTH CAROLINA_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Michael B. Unhiem_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 24_, 2007

_Michael B Unhiem_
NAME

President and CEO
TITLE

Noridian Mutual Insurance Company
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Russell S. Collins_ , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 30_ , 2007

_Russell S. Collins_
NAME

_Vice President Provider Contracts + Negotiation_
TITLE _+ Associate General Counsel_

_BlueCross BlueShield of Nebraska_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Alison R Partridge_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/27_, 2007

_Alison R Partridge_
NAME

_Director of Legal Services_
TITLE

_Blue Cross and Blue Shield of Vermont_
HEALTH PLAN _and The Vermont Health Plan_

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Michael B. Wolfe_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 24_, 2007

_Michael B. Wolfe_
NAME

_Corporate Counsel_
TITLE

_Capital BlueCross_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Andrea Chenensia_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 16_, 2007

_Andrea B Chenensia_
NAME

_Director_
TITLE

_Care First, Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Thomas Zielinski_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on __7/26____, 2007

_Thomas Zielinski / R. Zielinski_____
NAME

_SVP / General Counsel____
TITLE

_Coventry Health Care. Inc_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _____Dean A. Sutton_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _____July 23rd_____, 2007

_____Dean A. Sutton_____
NAME

_____Attorney_____
TITLE

_____Dean Health Plan, Inc._____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Thomas S. Eddie_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 24_, 2007

_Thomas S. Eddie_
NAME

_SIU Supervisor_
TITLE

_Federated Mutual Ins. Co._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Deborah L. Kronberg_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_, 2007

_Deborah L. Kronberg_
NAME

_VP Pricing & Pharmacy_
TITLE

_Great-West Life_
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, __Joseph P. Franklin__, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __July 30__, 2007

__Joseph P. Franklin__
NAME

__Senior Counsel, Litigation__
TITLE

__Fortis Insurance Company, n/k/a Time Insurance Company__
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _____Chet Roberts_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on __July 26__, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Chet Roberts_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 26_, 2007

_Chet Rbrt_
NAME

_Senior Counsel_
TITLE

_HMO Partner, Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Jeffrey D. Chansler_ , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/25_, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _PHILIP G. DAVIS_ , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __7/30__ , 2007

_PHILIP G. DAVIS_
NAME

_V.P., Deputy Gen'l Counsel_
TITLE

_HEALTH NET, INC._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Philip S. Clark_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

    I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

    I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 27_ , 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Nicholas P. Kambolis_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 24_, 2007

_Nicholas Kambolis_
NAME

_Deputy General Counsel & Vice President_
TITLE

_HIP Health Plan Of New York_
HEALTH PLAN
_and as successor in interest to_
_Vytra Health Plans_

## "EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS.**

I, Donnalee Austin and Cris Krisologo-Elliott, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plan (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 19, 2007

**NAME**    Donnalee Austin

**NAME**    Cris Krisologo-Elliott

Asset Retention & Recovery Manager
**TITLE**

VP Government Affairs & Individual Sales
**TITLE**

KPS Health Plans
**HEALTH PLAN**

KPS Health Plans
**HEALTH PLAN**

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Richard K. Diamond_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on ___7/25___, 2007

_Richard K. Diamond_
NAME

_Receiver of Lifeguard, Inc._
TITLE

_Lifeguard, Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, __Brien W. Shanahan_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __7 - 30 -__, 2007

_____
NAME

Director of Legal Affairs
_____
TITLE

Medical Mutual of Ohio
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Gregory K. Smith_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 27,____, 2007

_____
NAME

President & CEO
_____
TITLE

Mountain State Blue Cross Blue Shield
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Richard A. Brown_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7, 30_, 2007

_Richard A. B_
NAME

_General Counsel_
TITLE

_National Health Insurance Co._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, ___Gail McIntosh_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 27_, 2007

_Gail N. McIntosh_____
NAME

_Assistant Vice President_
TITLE

_Pacific Life & Annuity Company_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Judith W. Hooyenga_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/20_, 2007

_Judith W. Hooyenga_
NAME

_General Counsel + Secretary_
TITLE

_Priority Health & Mercy Health Plans_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Scott R. Jamison_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_, 2007

_Scott R. Jamison_
NAME

_Counsel_
TITLE

_SAMBA Health Benefit Plan_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Scott R. Jamison_ , hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_ , 2007

_Scott R. Jamison_
NAME

_Counsel_
TITLE

_I.B.T. Local No. 145 Health_
HEALTH PLAN     _Services & Insurance Plan_

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _GERALD M. COHEN_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _JULY 26_, 2007

_____
NAME

_Sr. V. P. + Gen. Counsel_____
TITLE

_HP Health plan of Florida_____
HEALTH PLAN
n/k/a Vista Healthplc, Inc.

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _James Gerber_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 20_, 2007

_James C. Gerber_
NAME

_Deputy Rehabilitator_
TITLE

_The Wellness Plan_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Assistant General Counsel for Blue Cross and Blue Shield of Michigan. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement"). Blue Cross and Blue Shield of Michigan is a "Tolled Health Plan," represented by Kimberly West of Wallace, Jordan, Ratliff & Brandt LLC.

I have been authorized by Blue Cross and Blue Shield of Michigan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Cross and Blue Shield of Michigan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 30, 2007

Daniel W. McKelvey
Assistant General Counsel
Blue Cross and Blue Shield of
Michigan and its wholly owned
Subsidiary Blue Care Network

{1596 / MISC / 00083463.DOC v1 }

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY ___, 2007 BY AND AMONG PFIZER, INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Sandra L. Jesse, am Executive Vice President and Chief Legal Counsel for Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (collectively, "BCBSMA"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer, Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSMA to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSMA's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 31_____, 2007

Sandra L. Jesse
Executive Vice President, Chief Legal Counsel
Blue Cross and Blue Shield of Massachusetts, Inc. and
Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Assistant General Counsel for BlueCross BlueShield of Florida ("BCBSFL"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSFL to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSFL participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 2_ , 2007

Brendan T. Hager
Assistant General Counsel
BlueCross BlueShield of Florida

{1596 / MISC / 00083463.DOC v1}

## "EXHIBIT C"

### PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am Michael Hirsch, Executive Vice President of UNITE HERE FUND Administrators, the administrator for Eastern States Health & Welfare Fund, now the UNITE HERE National Health Fund ("Eastern States"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Eastern States to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Eastern States' participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc., Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on August 1, 2007

_____
Michael Hirsch
Vice President of UNITE HERE FUND
Administrators, the administrator for
Eastern States Health & Welfare Fund,
NOW the UNITE HERE National
Health Fund

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I am Managing Attorney for Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana ("LABCBS"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by LABCBS to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes LABCBS' participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 26, 2007

ROBIN W. BUECHE
Managing Attorney
LOUISIANA HEALTH SERVICE
INDEMNITY COMPANY

{1596 / MISC / 00083463.DOC v1}

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _____Chet Roberts_____, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _____July 26_____, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

## "EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am the President of CIGNA Pharmacy Management, ("Participating Health Plan"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 30_ , 2007

[PRINT NAME] _Eric S. Elliott_

{1596 / MISC / 00083608.DOC v1}

## "EXHIBIT C"

### PARTICIPATING IN HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATES AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am D. Gary Reed, Senior Legal Counsel for Humana Inc. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>August 3, 2007</u>

D. Gary Reed

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, __Albert L. Carver,__ hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert LLC that the foregoing is true and correct.

Executed on ___Sep 20___, 2007

_____
NAME

VP, Pharmacy Strategy and Operations
TITLE

Kaiser Foundation Health Plan, Inc.,
on behalf of itself and its subsidiary health plans[1]
HEALTH PLAN

1 See Attachment 1 for a list of Kaiser Participating Health Plans.

**Attachment 1**

**Kaiser Participating Health Plans**

Kaiser Foundation Health Plan, Inc.
Kaiser Foundation Health Plan of Colorado
Kaiser Foundation Health Plan of Georgia, Inc.
Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.
Kaiser Foundation Health Plan of the Northwest
Kaiser Foundation Health Plan of Ohio

1 See Attachment 1 for a list of Kaiser Participating Health Plans.

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am _Head of Litigation_ for _Aetna Inc._ ("Participating Health Plan"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 24_, 2007

JOHN EDWARD NEUGEBAUER

{1596 / MISC / 00083608.DOC v1}

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY _____, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Robert J. Milis, am Vice President, Legal Affairs, for BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Blue Cross and Blue Shield of Minnesota to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Cross and Blue Shield of Minnesota's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on September 27, 2007

_Robert J. Mil_

_____
Robert J. Milis
Vice President, Legal Affairs
BCBSM, Inc.
d/b/a Blue Cross and Blue Shield of Minnesota

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Michael Patterson, Vice President of Legal Services for Blue Cross and Blue Shield of Alabama ("BCBSAL"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSAL to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSAL's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on September 27, 2007

_____
Michael Patterson
Vice President, Legal Services
Blue Cross and Blue Shield of Alabama

{1596 / MISC / 00083463.DOC v1}

# EXHIBIT 8

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I,  William A. Breskin , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on   August 20  , 2007

NAME

Chief Washington Counsel

TITLE

Blue Cross Blue Shield Association

Federal Employee Program

HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Alfred J. Fortin_____, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 23__, 2007

NAME Alfred J. Fortin

_Senior Vice President_____
TITLE

_Hawaii Medical Service Association___
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Robert E. Burkett, Jr._, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 26_, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

CONSECO LITIGATION        FAX No. 317 817 5657        P. 002

## "EXHIBIT C"

### PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, *Robert E. Burkett, Jr.*, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on *August 14*, 2007

_____
NAME

*V.P. & Deputy G.C.*
TITLE

*Bankers Life & Casualty*
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Larry McEnroe_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _Aug. 27_, 2007

_Larry McEnroe_
NAME

_Vice President_
TITLE

_Government Employees Health Association Inc_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, __Robert Evraets__, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on __8 / 21__, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY __, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, [name], am [title] for [Participating Health Plan]. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by [Participating Health Plan] to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes [Participating Health Plan's] participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on ___8/23___, 2007

_Edward Papst_
[NAME] EDWARD PAPST
[TITLE] ASSISTANT COUNSEL
[NAME OF PARTICIPATING HEALTH
PLAN] HIGHMARK INC.

1596 / MJSC / 00083443.WPD v1

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Cheryl A. Howe_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 24_, 2007

_Cheryl Howe_
NAME

_EVP_
TITLE

_HealthNow New York Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I am Mary C. St. John, Associate General Counsel for California Physicians'
Service dba Blue Shield of California ("Blue Shield"). I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Blue Shield to enter into the Agreement on its behalf.
My execution of this Exhibit C to the Agreement constitutes Blue Shield's participation in
the Agreement as a "Participating Health Plan" and its acceptance of every term and
condition of the Agreement, the terms of which are incorporated by reference into this
Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on August 23, 2007

Mary C. St. John
Associate General Counsel
Blue Shield of California

{1596 / MISC / 00083463.DOC v1}

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Trudy Tappan_, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 16_, 2007

_Trudy Tappan_
NAME

_Risk Manager_
TITLE

_Av Med, Inc._
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, ___William E. Kirk, III___, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on ___July___ __19__, 2007

_____
NAME

___Vice President General Counsel___
TITLE

___BCBSD, Inc.___
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _Coni K Fries_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/23/_, 2007

_Coni K Fries_
NAME

_Associate General Counsel_
TITLE

_Blue Cross and Blue Shield of Kansas City_
HEALTH PLAN
_Good Health HMO, Inc._

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Robert C. Williams_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 18_, 2007

_Robert C. Williams_
NAME

_Vice President Legal & Corporate Secretary_
TITLE

_Blue Cross & Blue Shield of Mississippi_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _*N. KING PRATHER*_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _*July 30*___, 2007

_____*WKing Prather*_____
NAME

____*VICE PRESIDENT, LEGAL SERVICES*____
TITLE

___*BLUE CROSS BLUE SHIELD NORTH CAROLINA*___
HEALTH PLAN

**"EXHIBIT C"**

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _Michael B. Unhjem_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 24_, 2007

_Michael B Unhjem_
NAME

President and CEO
TITLE

Noridian Mutual Insurance Company
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Russell S. Collins_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 30_, 2007

_Russell S. Collins_
NAME

_Vice President Provider Contracts + Negotiation_
TITLE _+ Associate General Counsel_

_BlueCross Blueshield of Nebraska_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Alison R Partridge_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/27_, 2007

_Alison R Partridge_
NAME

_Director of Legal Services_
TITLE

_Blue Cross and Blue Shield of Vermont_
HEALTH PLAN _and The Vermont Health Plan_

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Michael B. Wolfe_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 24_, 2007

_Michael B. Wolfe_
NAME

_Corporate Counsel_
TITLE

_Capital BlueCross_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Andrea Cherensia_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 16_, 2007

_Andrea B Cherensia_
NAME

_Director_
TITLE

_Care First, Inc._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Thomas Zielinski_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/26_, 2007

_Thomas Zielinski / (signature)_
NAME

_SVP / General Counsel_
TITLE

_Coventry Health Care Inc_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _____Dean A. Sutton_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __July 23rd__, 2007

_____Dean A. Sutton_____
NAME

_____Attorney_____
TITLE

_____Dean Health Plan, Inc._____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Thomas S. Eddie_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 24_, 2007

_Thomas S. Eddie_
NAME

_SIU Supervisor_
TITLE

_Federated Mutual Ins. Co._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Deborah L. Kronberg_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_, 2007

_Deborah L. Kronberg_
NAME

_VP Pricing & Pharmacy_
TITLE

_Great-West Life_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, ___Joseph P. Franklin___, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on ___July 30___, 2007

___Joseph P. Franklin___
NAME

___Senior Counsel, Litigation___
TITLE

___Fortis Insurance Company,
n/k/a Time Insurance Company___
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _____Chet Roberts_____, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _____July 26_____, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _____Chet Roberts_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on ___July 26___, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Jeffrey D. Chansler_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __7/25__, 2007

_____
NAME

_____
TITLE

_____
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _PHILIP G. DAVIS_ , hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _7/3v_ , 2007

_Philip N_
_PHILIP G. DAVIS_
NAME

_V.P., Deputy Gen'l Counsel_
TITLE

_HEALTH NET, INC._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Philip S. Clark_ , hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 27_ , 2007

_[signature]_
NAME

_V.P._
TITLE

_HealthSpring_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, *Nicholas P. Kambolis*, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on *July 24*, 2007

_____
NAME

*Deputy General Counsel & Vice President*
TITLE

*HIP Health Plan Of New York*
HEALTH PLAN
*and as successor in interest to*
*Vytra Health Plans*
_____

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS.**

I, Donnalee Austin and Cris Krisologo-Elliott, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plan (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 19, 2007

**NAME**        Donnalee Austin

Asset Retention & Recovery Manager
**TITLE**

KPS Health Plans
**HEALTH PLAN**

**NAME**        Cris Krisologo-Elliott

VP Government Affairs & Individual Sales
**TITLE**

KPS Health Plans
**HEALTH PLAN**

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, ___*Richard K. Diamond*___, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on ___7/25___, 2007

_____
NAME

_____
TITLE     *Receiver of Lifeguard, Inc.*

_____
HEALTH PLAN     *Lifeguard, Inc.*

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, __Brien W. Shanahan_____, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __7 - 30 -__, 2007

_____
NAME

Director of Legal Affairs
_____
TITLE

Medical Mutual of Ohio
_____
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, __Gregory K. Smith_____, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on __July 27,___, 2007

_____
NAME

_____President & CEO_____
TITLE

___Mountain State Blue Cross Blue Shield___
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Richard A. Brown_, hold the title specified below
for the Participating Health Plan identified below. I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf. My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _7, 30_, 2007

_Richard A. B_
NAME

_General Counsel_
TITLE

_National Health Insurance Co._
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, ___Gail McIntosh_____, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 27_, 2007

_____Gail N. McIntosh_____
NAME

_____Assistant Vice President_____
TITLE

_____Pacific Life & Annuity Company_____
HEALTH PLAN

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _Judith W. Hooyenga_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on __7/20__, 2007

_Judith W. Hooyenga_
NAME

_General Counsel + Secretary_
TITLE

_Priority Health & Mercy Health Plans_
HEALTH PLAN

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _Scott R. Jamison_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 25_, 2007

_Scott R. Jamison_
NAME

_Counsel_
TITLE

_SAMBA Health Benefit Plan_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I, _Scott R. Jamison_, hold the title specified below
for the Participating Health Plan identified below.  I have read and understand the
Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert
Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter
into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement
constitutes the Participating Health Plan's participation in the Agreement as a
"Participating Health Plan" and its acceptance of every term and condition of the
Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is
true and correct.

Executed on _July 25_, 2007

_Scott R Ja_
NAME

_Counsel_
TITLE

_I.B.T. Local No. 145 Health_
HEALTH PLAN _Services & Insurance Plan_

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, _GERALD M. COHEN_ , hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _JULY 26_ , 2007

_____
NAME

_Sr. V. P. + Gen. Counsel_
TITLE

_HIP Health plan of Florida_
HEALTH PLAN
_nkla Vista Healthplan, Inc._

**"EXHIBIT C"**

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, _James Gerber_, hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 20_, 2007

_James C. Gerber_
NAME

_Deputy Rehabilitator_
TITLE

_The Wellness Plan_
HEALTH PLAN

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE
SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG
PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH
PLANS**

I am Assistant General Counsel for Blue Cross and Blue Shield of Michigan.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").  Blue Cross and Blue Shield of Michigan is a "Tolled Health Plan," represented by Kimberly West of Wallace, Jordan, Ratliff & Brandt LLC.

I have been authorized by Blue Cross and Blue Shield of Michigan to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes Blue Cross and Blue Shield of Michigan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 30, 2007

Daniel W. McKelvey
Assistant General Counsel
Blue Cross and Blue Shield of
Michigan and its wholly owned
Subsidiary Blue Care Network

{1596 / MISC / 00083463.DOC v1 }

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY ___, 2007 BY AND AMONG PFIZER, INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Sandra L. Jesse, am Executive Vice President and Chief Legal Counsel for Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (collectively, "BCBSMA"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer, Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSMA to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSMA's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _July 31_, 2007

_Sandra L. Jesse_
Sandra L. Jesse
Executive Vice President, Chief Legal
Counsel
Blue Cross and Blue Shield of
Massachusetts, Inc. and
Blue Cross and Blue Shield of
Massachusetts HMO Blue, Inc.

## "EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Assistant General Counsel for BlueCross BlueShield of Florida ("BCBSFL"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSFL to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSFL participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 2_ , 2007

Brendan T. Hager
Assistant General Counsel
BlueCross BlueShield of Florida

{1596 / MISC / 00083463.DOC v1}

AUG 01 2007  4:13 PM FR EXECUTIVE OFFICE212 473 1354 TO 19149970035     P.02

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Michael Hirsch, Executive Vice President of UNITE HERE FUND Administrators, the administrator for Eastern States Health & Welfare Fund, now the UNITE HERE National Health Fund ("Eastern States"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Eastern States to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Eastern States' participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc., Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on August 1, 2007

_____

Michael Hirsch
Vice President of UNITE HERE FUND
Administrators, the administrator for
Eastern States Health & Welfare Fund,
NOW the UNITE HERE National
Health Fund

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Managing Attorney for Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana ("LABCBS"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by LABCBS to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes LABCBS' participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on July 26, 2007

ROBIN W. BUECHE
Managing Attorney
LOUISIANA HEALTH SERVICE
INDEMNITY COMPANY

{1596 / MISC / 0003463.DOC v1}

"EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I, ___*Chet Roberts*___, hold the title specified below for the Participating Health Plan identified below.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf.  My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on ___*July 26*___, 2007

___*Chet Rob...*___
NAME

___*Senior Counsel*___
TITLE

___*Arkansas Blue Cross and Blue Shield*___
HEALTH PLAN

## "EXHIBIT C"

## PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am the President of CIGNA Pharmacy Management, ("Participating Health Plan"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 30_, 2007

[PRINT NAME] _Eric S. Elliott_

{1596 / MISC / 00083608.DOC v1}

## "EXHIBIT C"

### PARTICIPATING IN HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATES AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS

I am D. Gary Reed, Senior Legal Counsel for Humana Inc.  I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on <u>August 3, 2007</u>

D. Gary Reed

**"EXHIBIT C"**

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, ___Albert L. Carver,___ hold the title specified below for the Participating Health Plan identified below. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by the Participating Health Plan identified below to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes the Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert LLC that the foregoing is true and correct.

Executed on ___Sept 20___, 2007

_____
NAME

VP, Pharmacy Strategy and Operations
TITLE

Kaiser Foundation Health Plan, Inc.,
on behalf of itself and its subsidiary health plans[1]
HEALTH PLAN

---

1 See Attachment 1 for a list of Kaiser Participating Health Plans.

**Attachment 1**

**Kaiser Participating Health Plans**

Kaiser Foundation Health Plan, Inc.
Kaiser Foundation Health Plan of Colorado
Kaiser Foundation Health Plan of Georgia, Inc.
Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.
Kaiser Foundation Health Plan of the Northwest
Kaiser Foundation Health Plan of Ohio

1 See Attachment 1 for a list of Kaiser Participating Health Plans.

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am _Head of Litigation_ for _Aetna Inc._ ("Participating Health Plan"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by this Participating Health Plan to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes this Participating Health Plan's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on _August 24_, 2007

JOHN EDWARD NEUGEBAUER

{1596 / MISC / 00083608.DOC v1}

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY _____, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I, Robert J. Milis, am Vice President, Legal Affairs, for BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota. I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by Blue Cross and Blue Shield of Minnesota to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes Blue Cross and Blue Shield of Minnesota's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on September 27, 2007

_____
Robert J. Milis
Vice President, Legal Affairs
BCBSM, Inc.
d/b/a Blue Cross and Blue Shield of Minnesota

"EXHIBIT C"

**PARTICIPATING HEALTH PLAN'S AGREEMENT TO ENTER INTO THE SETTLEMENT AGREEMENT DATED AS OF JULY 12, 2007 BY AND AMONG PFIZER INC., WARNER-LAMBERT COMPANY LLC AND PARTICIPATING HEALTH PLANS**

I am Michael Patterson, Vice President of Legal Services for Blue Cross and Blue Shield of Alabama ("BCBSAL"). I have read and understand the Agreement dated as of July 12, 2007 by and among Pfizer Inc., Warner-Lambert Company LLC and the Participating Health Plans (the "Agreement").

I have been authorized by BCBSAL to enter into the Agreement on its behalf. My execution of this Exhibit C to the Agreement constitutes BCBSAL's participation in the Agreement as a "Participating Health Plan" and its acceptance of every term and condition of the Agreement, the terms of which are incorporated by reference into this Exhibit C.

I certify to Pfizer Inc. and Warner-Lambert Company LLC that the foregoing is true and correct.

Executed on September 27, 2007

_____
Michael Patterson
Vice President, Legal Services
Blue Cross and Blue Shield of Alabama

{1596 / MISC / 00083463.DOC v1}

# EXHIBIT 9

# MURRAY LAW FIRM

SUITE 1100, POYDRAS CENTER
650 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

## 27 August 2007

STEPHEN B. MURRAY*
STEPHEN B. MURRAY, JR.
JULIE A. ARDOIN**
ARTHUR M. MURRAY
NICOLE IEYOUB-MURRAY
JESSICA W. HAYES
JAMES R. DUGAN, II
JUSTIN BLOOM ****
DOUGLAS R. PLYMALE, Ph.D.

* CERTIFIED AS A SPECIALIST IN
  CIVIL TRIAL ADVOCACY BY THE NATIONAL
  BOARD OF TRIAL ADVOCACY
** LICENSED IN LA & MS
*** LICENSED IN LA & TX
**** LICENSED IN FL & NY

TELEPHONE 504.525.8100
1.800.467.8100
FAX 504.584.5249
www.murray-lawfirm.com

OF COUNSEL

JOSEPH A RACE
ROBERT J. DILIBERTO***
DAMON A. KIRIN

WILLIAM W. GOODELL, JR., LL.M.
Energy and Environment

U.S. Court of Appeals, Second Circuit
Office of the Clerk of Court
The Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007

Re:    *Louisiana Health Services Indemnity Company d/b/a*
       *Blue Cross/Blue Shield of Louisiana v. Warner-Lambert Company*
       (C.A No. 05-6249-CV)

Honorable Members of the Court:

I represent third-party payers who are members of the putative plaintiff class in the matter styled *Louisiana Health Services Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana v. Warner-Lambert Company* (E.D. La. 2:00-2566) (S.D.N.Y., MDL 1348, No. 1:00-8064) ("BCBSLA action") in which an appeal is currently pending before this Honorable Court (C.A. No. 05-6249-CV). On July 27, 2007, Peter D. St. Phillip and David Klingsberg, counsel in the BCBSLA case wrote to this Court advising that a settlement had been reached and that, presumably, the appeal will be withdrawn and the BCBSLA action dismissed.[1]

---

[1] The letter from Mssrs. St. Phillip and Klingsberg to this Honorable Court is identified on the PACER docket history, but as of the writing of this letter, undersigned counsel have been unable to view the letter itself, which is not available for download from PACER.

Honorable Members of the Court
27 August 2007
Page 2

It is my understanding that the settlement referenced in the July 27, 2007 letter to this Court is not a class action settlement, but is rather a settlement with the named plaintiffs and certain individual third party payers represented by counsel for the named plaintiffs. Jurisprudence in this Circuit holds that when putative class representatives seek to dismiss a putative class action prior to certification, the Court must conduct an inquiry into the propriety of compromising the putative class action. Specifically, prior to allowing a putative class representative to dismiss a putative class action in order to compromise their individual claims only, the court must inquire into: 1) whether the settling named plaintiff has used the compromise of the class action to enhance the value of his/her own claim without attaining benefit for the class; and 2) whether the claims of putative class members will be prejudiced by the dismissal of the putative class action. *See e.g. Jaen v. New York Telephone Co.*, 81 F.R.D. 696 (S.D.N.Y. 1979). While undersigned counsel lack sufficient information at this time to determine whether the former concern is present, it is apparent that the latter certainly is the case.

Subsequent to filing of the Blue Cross Blue Shield of Louisiana case, undersigned counsel filed a similar class action on behalf of consumers and third-party payer Allied Services Welfare Fund ("Allied Services"), and all persons similarly situated (*Mary Millner, Anita Kivell, and Allied Services Division Welfare Fund v. Warner-Lambert, L.L.C. and Pfizer, Inc.*, MDL 1348, No. 05-6673). By agreement, this class action was stayed pending resolution of the appeal of the grant of summary judgment in the BCBSLA action. The logic behind staying the later filed class action was compelling. First, if the BCBSLA plaintiffs were successful in their appeal, presumably their action would be remanded to district court for further proceedings, including consideration of class certification. If the BCBSLA action were certified, that class would subsume the class alleged in the later filed Allied Services action. Second, even assuming that the BCBSLA plaintiffs elected not to pursue class certification, proceedings in the later filed action would be informed by this Court's holdings with respect to the BCBSLA appeal.

Now that it appears that a decision from this Court which would inform all future actions is imminent, the named plaintiffs to this appeal are seeking to dismiss their appeal, in effect setting back all proceedings on behalf of absent putative class members by years. Plaintiffs in the still-pending, subsequently filed class action will have to conduct all new discovery, present an entirely new record, be heard on motions to dismiss and summary judgment, and presumably have to seek an appeal of that judgment, just in order to put the putative class action in the posture that it is in today. The delay to be occasioned by dismissal of the pending appeal, to say nothing of the waste of judicial resources, will act as definite detriment to the absent class members who desire to assert their claims.

Honorable Members of the Court
27 August 2007
Page 3


  In light of the prejudice to the putative class members, I am writing to advise this Court that plaintiffs in the Allied Services class action, who are putative members of the class asserted in the compromised BCBSLA action, wish to be heard on the matter before any order withdrawing the BCBSLA appeal or dismissing the BCBSLA action is entered. Accordingly, I would request that any motion to withdraw the appeal be set for adversary hearing, and counsel for plaintiffs in the Allied Services matter be given notice of said hearing and an opportunity to file a brief in opposition to any such motion.

  Thank you for your attention to this matter.

       Very truly yours,



       James R. Dugan, II


JRDII:sj:hf

cc: Honorable Sonia Sotomayor, Judge
   Honorable Robert A. Katzmann, Judge
   Honorable Barrington D. Parker, Judge
   David Klingsberg, Esq.
   Peter D. St. Phillip, Esq.

# 05-6249

00-8064-cv; 01-2466-cv

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

### In Re: Rezulin Litigation

Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of
Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund,

*Plaintiffs-Appellants,*

v.

Warner-Lambert Company

*Defendant-Appellee,*

On Appeal from the United States District Court
for the Southern District of New York
No. 00-cv-8064

## OPPOSITION TO VOLUNTARY DISMISSAL OF PUTITIVE CLASS
## ACTION APPEAL

Douglas R. Plymale
James R. Dugan, II
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
Murray Law Firm
Suite 1100, Poydras Center
650 Poydras Street
New Orleans, Louisiana 70112-4000

# TABLE OF CONTENTS

Table of Contents ................................................................ii

Table of Authorities ............................................................iii

Opposition .................................................................. 1-6

Verification .................................................................. 7

Affidavit ....................................................................8-9

# TABLE OF AUTHORITIES

**Cases**                                                              **Page**

*Culver v. City of Milwaukee,*
    277 F.3d 908 (7th Cir. 2002)...…………………………………………… 3

*Greenfield v. Villager Industries, Inc.,*
    483 F.2d 824 (3d Cir. 1973)...……………………………………….….... 3

*Schick v. Berg,*
    2004 WL 856298 …………………………………………….……….... 4

**Rules**

FED. R. APP. P. 42(b) ……………………………………………… 1

FED. R. CIV. P. 23(e)(1) ………………..………………………… 2, 3, 4, 6

## OPPOSITION TO VOLUNTARY DISMISSAL
## OF PUTATIVE CLASS ACTION APPEAL

MAY IT PLEASE THE COURT:

On September 4, 2007, defendant and named plaintiffs/putative class representatives entered a stipulation of voluntary dismissal of appeal pursuant to Federal Rule of Appellate Procedure 42(b). Undersigned counsel, on behalf of plaintiffs in the matter of *Mary Millner, Anita Kivell, and Allied Services Division Welfare Fund v. Warner-Lambert, L.L.C. and Pfizer, Inc.*, MDL 1348, No. 05-6673 ("Allied Services Plaintiffs"), hereby oppose an entry of an Order of Dismissal pursuant to the stipulation. The Allied Services Plaintiffs are members of the putative class on behalf of whom named plaintiffs voluntary undertook representation and to whom named plaintiffs owe a fiduciary obligation. The Allied Services Plaintiffs, and all other members of the putative class asserted in the above-captioned action will be severely prejudiced by dismissal of this appeal. As a practical matter, the only way to avoid the prejudice to the putative class which would be occasioned by dismissal of the instant appeal is for this Court to decline to enter the dismissal, and to entertain (either under this Court's own auspices, or by remand to the trial court) the question of whether a dismissal of this putative class action at this critical juncture is proper.

In a September 7, 2007 letter to this Court, counsel for named plaintiffs and defendant represented to this Court that no review of the propriety of the dismissal

1

and settlement is warranted, because the 2003 revisions to Federal Rule of Civil Procedure 23(e)(1) provide that court approval of a class action compromise and dismissal is required only with respect to certified classes. While the 2003 revisions to Rule 23(e)(1) clarified that court approval of a settlement is *required* only with respect to certified classes, nothing in those revisions relieved putative class representatives of their long-recognized fiduciary duty to absent putative class members, or the courts of their duty to ensure that the putative class representatives fulfill that fiduciary duty.

There is nothing in the 2003 revision to suggest that a court cannot voluntarily exercise its discretion to ensure that a proposed compromise of a class action has not been an abuse of the fiduciary duty of the putative class representatives, or to conduct an inquiry into whether the proposed dismissal acts to the prejudice of absent class members. Rather, the 2003 revisions simply clarify whether a court *must* jump through all of the procedural hurdles imposed for compromise of a certified class, which would be binding on absent class members.

Had Congress intended to relieve putative class representatives of their fiduciary duty to absent class members, then it most certainly would have made that intent clear. Instead, the 2003 revisions are silent as to compromise of

2

uncertified putative class actions.[1]  It has long been recognized that both putative class counsel and courts overseeing putative class actions owe a fiduciary duty to absent class members to ensure that the actions of the self-appointed putative class representatives do not prejudice absent class members.  *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 (3d Cir. 1973); *Culver v. City of Milwaukee*, 277 F.3d 908, 914-15 (7th cir. 2002).  While court approval of a pre-certification settlement may no longer be *required* in every instance under the 2003 revisions, courts may still exercise discretion to protect the interests of absent class members by reviewing the propriety of such settlements.  Indeed, courts have a fiduciary duty to do so.

More than a year *after* the passage of the 2003 revisions to Rule 23, a district court in the Southern District of New York recognized that the fiduciary duty to absent putative class members is still alive and well, and that courts have means within their discretion, short of formal approval under Rule 23(e)(1), to ensure that duty is fulfilled.  The Southern District held:

---

[1]  Tellingly, the comments to the 2003 revisions to Rule 23(e) state that purpose of the revisions is to "*strengthen* the process of reviewing proposed class action settlements." (emphasis added). Eliminating a court's authority to ensure that putative class representatives fulfill their duty to the class before dismissing a putative class action would be antithetical to that stated purpose.

> [P]re-certification class counsel owe a fiduciary duty not to prejudice the interests that putative class members have in their class action litigation. These duties arise because class counsel acquires certain limited abilities to prejudice the substantive legal interests of putative class members even prior to class certification. In electing to put themselves forward as class counsel, they assume the duty of not harming those rights. After certification, class members have the opportunity to formally state whether they want to be represented by that counsel. Prior to certification, class members have no control over who may come forward as a named plaintiff and class counsel, and so their interests at that stage require protection. Requiring court approval (under Rule 23(e)) is *one* means of ensuring this protection. Imposing limited fiduciary duties upon pre-certification class counsel is yet another.

> *Schick v. Berg*, 2004 WL 856298, at p. 6 (emphasis added).

While the 2003 revisions to rule 23(e) may state that court of approval is no longer required, courts continue to have both the power and the obligation to ensure that putative class representatives fulfill their fiduciary duty. The *Schick* court concluded:

> Under this analysis, we may venture a few statements about the scope of the fiduciary duty owed by class counsel to putative class members prior to class certification. In short, the scope of those duties is limited to protecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class members on notice and provide them with an opportunity to object.

4

*Id.*

As undersigned counsel have previously noted to this Court, the compromise of this putative class action on the eve of the issuance of an opinion by this Court severely prejudices the interests of absent class members. By agreement, the Allied Services class action was stayed pending resolution of the appeal of the grant of summary judgment in the above-captioned action. The logic behind staying the later filed class action was compelling. First, if the plaintiffs in the instant action were successful in their appeal, presumably their action would be remanded to district court for further proceedings, including consideration of class certification. If the instant action were certified, then that class would subsume the class alleged in the later filed Allied Services action. Second, even assuming that the named plaintiffs in this action elected not to pursue class certification, proceedings in the later filed Allied Services action would be informed by this Court's holdings with respect to the this appeal.

Now that it appears that a decision from this Court which would inform all future actions is imminent, the named plaintiffs in this action are seeking to dismiss their appeal, in effect setting back all proceedings on behalf of absent putative class members by years. Plaintiffs in the still-pending, subsequently filed class action will have to conduct all new discovery, present an entirely new record, be heard on motions to dismiss and summary judgment, and presumably have to

seek an appeal of that judgment, just in order to put the putative class action in the posture that it is in today. The delay to be occasioned by dismissal of the pending appeal, to say nothing of the waste of judicial resources, will act as definite detriment to the absent class members who desire to assert their claims.

Regardless of the 2003 revisions to Rule 23(e)(1), this Court and the trial court have both the authority and the duty to prevent putative class representatives from leveraging their roles as plaintiffs in a class action to the detriment of absent putative class members. Prior to allowing self-appointed class representatives to derail the actions of putative class representatives, this Court should either conduct its own inquiry into the propriety of such a course of action, or remand this matter to the trial court for expeditious consideration of whether putative class representatives should be permitted to dismiss this appeal.

DATED: September 18, 2007          Respectfully submitted,
New Orleans, LA

_____
Douglas R. Plymale (La. Bar No. 28409)
James R. Dugan, II (La. Bar No. 24785)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
THE MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 648-0180
Fax: (504) 648-0181

**A F F I D A V I T**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned authority, personally came and appeared:

**DOUGLAS R. PLYMALE**

who, after first being duly sworn, did depose and state:

That he is the Attorney in the State of Louisiana; and

That, pursuant to the rules of this Court, a copy of the Opposition to Voluntary Dismissal of Putative Class Action Appeal in the matter entitled *In Re: Rezulin Litigation, Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar Romney, as trustee of Eastern States Health & Welfare Fund v. Warner-Lambert Company*, Docket 05-6249-cv, has been has been filed in the office of the Clerk for the United States Court of Appeals for the Second Circuit, and a true and correct copy of same has been provided to counsel of record listed below via Federal Express on the 19th day of September, 2007.

David Klingsberg Esq.
Kaye Scholer, LLP
425 Park Ave.
New York , NY , 10022

Peter D. St. Phillip Esq.
Lowey Dannenberg Bemporad &
Selinger, P.C.
One North Lexington Ave.
White Plains , NY , 10601

_____
**DOUGLAS R. PLYMALE**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS __18th__ DAY OF SEPTEMBER, 2007.

_____
**NOTARY PUBLIC**

DAVID L. BROWNE #20729

DAVID L. BROWNE
NOTARY PUBLIC
State of Louisiana
My Commission is issued for Life.

8

## VERIFICATION OF SERVICE

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, personally came and appeared

### DOUGLAS R. PLYMALE

who, after being duly sworn, did depose and declare that he hereby certifies that a

copy of the foregoing Opposition to Voluntary Dismissal of Putative Class Action

Appeal in the matter entitled *In Re: Rezulin Litigation, Louisiana Health Service*

*Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, and Edgar*

*Romney, as trustee of Eastern States Health & Welfare Fund v. Warner-Lambert*

*Company*, Docket 05-6249-cv for the United States Court of Appeals for the

Second have been served upon the following:

David Klingsberg, Esq.
Kaye Scholer, LLP
425 Park Ave.
New York , NY , 10022

Peter D. St. Phillip, Esq.
Lowey Dannenberg Bemporad &
Selinger, P.C.
One North Lexington Ave.
White Plains , NY , 10601

Dated: September 18, 2007

_____
DOUGLAS R. PLYMALE

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _18th_ DAY OF SEPTEMBER, 2007.

_____
NOTARY PUBLIC

DAVID L. BROWNE
NOTARY PUBLIC
State of Louisiana
My Commission is issued for Life.

David L. Browne #20729

7

# EXHIBIT 10

**MANDATE**

Case 1:08-cv-00461-LAK-RMB    Document 045    Filed 09/19/2007    Page 1 of 2

SDNY/NYNY
00-cv-2848
Kaplan

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

LOUISIANA HEALTH SERVICES
INDEMNITY COMPANY, d/b/a LOUISIANA
BLUECROSS BLUESHIELD, and EDGAR
ROMNEY, as trustee of EASTERN STATES
HEALTH AND WELFARE FUND

Case No. 05-6249

*Appellants,*

v.

WARNER LAMBERT COMPANY,

*Appellee.*

#### VOLUNTARY DISMISSAL

Appellants, Louisiana Health Services Indemnity Company, d/b/a Louisiana BlueCross

BlueShield and Edgar Romney, as trustee of Eastern States Health and Welfare Fund, and

Appellee, Warner Lambert Company, hereby request, pursuant to Fed. R. App. P. 42(b), that the

Clerk of the Court dismiss this appeal. Each party to this appeal shall bear its own costs.

1596 / NOT / 00083591.WPD v1

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____

CERTIFIED:    9/18/2007

Dated: White Plains, New York
    August 29, 2007

LOWEY DANNENBERG BEMPORAD
SELINGER & COHEN, P.C.

By: _____
    Peter D. St. Phillip, Jr.

White Plains Plaza - 5th Floor
One North Broadway
White Plains, New York 10601-2310
Telephone:    914-997-0500
Facsimile:     914-997-0035
pstphillip@lowey.com

*Attorneys for Appellants*

KAYE SCHOLER, LLP

By: _____
    David Klingsberg

425 Park Avenue
New York, New York 10022-3598
Telephone:    212-836-8281
Facsimile:     212-836-8689
dklingsberg@kayescholer.com

*Attorneys for Appellee*

---

## ORDER

Before: Hon. Sonia Sotomayor, Hon. Robert A. Katzmann, Hon. Barrington D. Parker, *Circuit Judges*

SO ORDERED.

SEP 1 4 2007
_____
      Date

UNITED STATES COURT OF APPEALS
FILED
SEP 1 4 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk
by _____

Howard B. Zakai
Acting Motions Staff Attorney

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

**LOUISIANA HEALTH SERVICES INDEMNITY COMPANY, d/b/a LOUISIANA BLUECROSS BLUESHIELD, and EDGAR ROMNEY, as trustee of EASTERN STATES HEALTH AND WELFARE FUND**

          *Appellants,*

v.

**WARNER LAMBERT COMPANY,**

          *Appellee.*

Case No. 05-6249

### CERTIFICATE OF SERVICE

ANGELA R. VICARI, an attorney associated with the law firm of Kaye Scholer LLP, does hereby certify that on August 31, 2007, she caused a true copy of the Voluntary Dismissal to be served by overnight delivery on the following:

Richard W. Cohen
Peter D. St. Phillip, Jr.
Todd S. Garber
Lowey Dannenberg Bemporad & Selinger, P.C.
One North Lexington Avenue, 11th Floor
White Plains, NY 10601-1714

Mark D. Fisher
Mark M. Sandmann
Rawlings and Associates
1700 Waterfront Plaza
325 West Main Street
Louisville, KY 40201-7427

J. Gregory Murphy
Morain & Murphy
6555 Perkins Road, Suite 200
Baton Rouge, Louisiana 70808

C. Brooks Cutter
Lyle W. Cook
Kershaw, Cutter & Ratinoff, LLP
980 9th Street, 19th Floor
Sacramento, CA 95814

*[signature]*

ANGELA R. VICARI

31531735.DOC

# EXHIBIT 11

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES R. DUGAN, II AND STEPHEN B. | * | CIVIL ACTION |
| MURRAY D/B/A THE MURRAY LAW FIRM | * | |
| | * | |
| VERSUS | * | |
| | * | NO. 07-4073 |
| GREG MURPHY, GEORGE RAWLINGS, MARK | * | |
| FISCHER, RAWLINGS & ASSOCIATES, PLLC, AND | * | |
| LOWEY DANNENBERG BEMPORAD & SELIGNER, PC | * | SECTION "L"(5) |

### ORDER

Having considered Defendants' Motion to Stay the Proceedings (Rec. Doc. No. 17);

IT IS ORDERED that Defendants' Cross-Motion to Stay the Proceedings is GRANTED and this action is STAYED pending decision by the Judicial Panel on Multidistrict Proceedigns whether to transfer this action to the United States District Court for the Southern District of New York for coordinated pretrail proceedings in *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348.

New Orleans, Louisiana, this 12th day of September, 2007.

UNITED STATES DISTRICT JUDGE

# EXHIBIT 12

*Karas, J*

**JUDGE KARAS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**08 CIV. 0461**

LOWEY DANNENBERG COHEN,
PC, in its capacity as account holder of, and party
with interest in, the REZULIN SETTLEMENT
FUND,

Plaintiff,

Case No.

HONORABLE

ECF CASE

- vs -

JAMES R. DUGAN, II, STEPHEN B.
MURRAY d/b/a THE MURRAY LAW FIRM,
RAWLINGS AND ASSOCIATES, PLLC,
GREG MURPHY, MORAIN & MURPHY, LLC,
WALLACE JORDAN RATLIFF & BRANDT,
LLC, ELWOOD S. SIMON & ASSOCIATES,
P.C., KERSHAW, CUTTER & RATINOFF,
LLP, BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, MARK
FISCHER, GEORGE RAWLINGS,

Defendants.

**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

Upon Plaintiff's Complaint filed January 17, 2008, the Declaration of Richard W. Cohen

dated January 17, 2008, and the Memorandum of Law In Support of Plaintiff's Order To Show

Cause For a Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief

dated January 17, 2008, and for good cause shown, it is hereby:

**ORDERED**, that Defendants James R. Dugan II and Stephen B. Murray d/b/a the Murray

2027 / ORD / 00086269.WPD v1

Law Firm show cause before a motion term of this Court, at Room _521_, United States

Courthouse, 300 Quarropas Street, White Plains, NY 10601-4150, on _January_,

_31_, 2008, at _10:30_, at _____ am/pm, or as soon thereafter as counsel may

be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil

Procedure enjoining these defendants during the pendency of this action from instituting,

prosecuting, or continuing to prosecute any proceeding in any state or United States court other

than this Court, including *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the

Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), affecting

the funds defined in the accompanying complaint as the "Rezulin Settlement Fund" until further

order of this Court;

     **ORDERED** that, sufficient reason having been shown therefor, pending the

hearing of Plaintiff's application for a preliminary and permanent injunction, pursuant to Rule

65, Fed. R. Civ. P., and 28 U.S.C. § 2361, the Defendants are temporarily restrained and enjoined

from instituting, prosecuting, or continuing to prosecute any proceeding in any state or United

States court other than this Court, including *Dugan, et al. v. Murphy, et al.*, 2007-06907 from

Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July

18, 2007), affecting the Rezulin Settlement Fund until further order of this Court; and it is further

     **ORDERED** that security in the amount of $ _500,000_ be posted by the Plaintiff prior to

_January_, _22_, 2008; and it is further

     **ORDERED** that service of a true copy of the Summon and Complaint, this Order to

Show Cause, and the Plaintiffs Memorandum of Law in Support of Plaintiff's Motion for a

Temporary Restraining Order and Preliminary and Permanent Injunction, via email, facsimile, or

overnight delivery upon Defendants on or before January 18, 2008 at 5:00 pm shall be deemed

good and sufficient service.

**ORDERED,** that any responsive papers shall be served by ⟨Each⟩ Defendant upon counsel for

Plaintiff on or before 5:00 pm on January 23, 2008; and any reply by Plaintiff be served upon

Defendants on or before 5:00 pm on January 28, 2008.

NO PRIOR APPLICATION FOR SUCH RELIEF HAS BEEN SOUGHT.

SO ORDERED.

Dated: New York, New York
       January 17, 2008

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 13

01/21/2008  12:18    5046480181

JAN 2 2 2008

**Dane S. Ciolino LLC**
*Attorney at Law*
P.O. Box 850848
New Orleans, LA 70185-0848
dciolino@gmail.com

Dane S. Ciolino
Admitted in LA & NY

Tel.: (504) 834-8519
Fax: (504) 324-0143

January 18, 2008

**BY FEDERAL EXPRESS**

The Honorable Kenneth M. Karas
U.S. District Court, Southern District of New York
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

The Honorable Lewis A. Kaplan
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

# MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re:    *In re Rezulin Settlement Fund v. James R. Dugan, II et al.*
No. 08-cv-0461

Dear Judges Karas and Kaplan:

Defendants, James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, in the above-captioned action respectfully request that *Lowey Dannenberg Cohen, P.C. in re Rezulin Settlement Fund v. James R. Dugan, II et al.*, No. 08-cv-0461, ("*Rezulin Settlement Fund* action") be transferred to Judge Kaplan for consolidation with the *In re Rezulin Products Liability Litigation*, No. 00-Civ.-2843, MDL No. 1348 (the "Rezulin MDL") pursuant to Rule 15 of this Court's Rules for the Division of Business Among District Judges ("Rule 15"). Transfer would serve "the interests of justice and efficiency," as set forth in Rule 15(a), because this *in rem* action concerns the settlement proceeds of a Rezulin case, ("Louisiana BlueCross Rezulin action") and seeks to enjoin an *in personam* action concerning a joint-venture agreement, *James R. Dugan, II and Stephen B. Murray, Sr. d/b/a Murray Law Firm v. Murphy*, et al, 2007-6907, Civil District Court for the Parish of Orleans ("Dugan action"), both of which have been before Judge Kaplan.

-1-

Plaintiffs in the *Rezulin Settlement Fund* action admit that the funds at issue arise from a Rezulin MDL case, the Louisiana BlueCross Rezulin action which had been before Judge Kaplan. These same plaintiffs moved to transfer the Dugan action to the Rezulin MDL, and argued before the Joint Panel on Multidistrict Litigation (JPMDL), that the Dugan action was related and should be transferred to Judge Kaplan. (See attached Exhibit A, August 13, 2007 Letter from Lowey Dannenberg to JPMDL requesting transfer of that case to the Rezulin MDL: "Because the claims asserted herein relate to the claims pending in *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, we respectfully request that the Panel transfer the within action pursuant to 28 U.S.C. § 1407 to the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York). The JPMDL subsequently granted the transfer of the Dugan action to Judge Kaplan. (See attached Exhibit B, Transfer Order). On January 16, 2008, Judge Kaplan granted Plaintiffs Motion to Remand in the Dugan action. (See attached Exhibit C, Order). Only thereafter, did plaintiffs file the instant Rezulin Settlement Fund action, seeking a temporary restraining order against further prosecution of the Dugan action. (See attached Exhibit D, Complaint and Bill in the Nature of an Interpleader). Tellingly, the instant plaintiffs chose not even attempt to deposit the Rezulin Settlement Fund proceeds into the registry of the Court while that case was before Judge Kaplan, and they failed to indicate this case as a related case to the Rezulin MDL in violation of Local Rule 15.

The Dugan action is separate and distinct from the *Rezulin Settlement Fund* action: it is an *in personam* action for alleged breach of a joint venture agreement.

Judge Kaplan is knowledgable about the underlying BlueCross Rezulin action, and the action the instant plaintiffs seek to enjoin, the Dugan action, having both been on his docket. The Rezulin Settlement Fund is an uncategorized portion of the settlement proceeds of the BlueCross Rezulin action.

For the foregoing reasons, *Lowey Dannenberg Cohen, P.C. in re Rezulin Settlement Fund v. James R. Dugan, II et al.*, No. 08-cv-0461 should be transferred to Judge Kaplan for consolidation with the MDL Proceeding pursuant to Rule 15.

In conclusion, Judge Karas has granted a temporary restraining order ("TRO") and set it for hearing on January 31, 2008. Given that our substantive response is due January 23, 2008, it would be greatly appreciated if your Honors could notify counsel expeditiously of your decision on this request, so that responsive pleadings can be filed in the appropriate court and counsel can make appropriate travel arrangements to either White Plains or Manhattan for the TRO hearing.

*Application granted. Judge Kaplan will assume responsibility for this case.*

Respectfully submitted,

Dane

Dane S. Ciolino
Counsel for James R. Dugan, II and
 Stephen B. Murray, Sr., d/b/a
 Murray Law Firm

-2-

SO ORDERED

KENNETH M. KARAS U.S.D.J.

1/24/08

01/21/2008  12:10    5046480181                                              PAGE  04

cc:    Lowey Dannenberg Cohen, P.C.
       Rawlings and Associates, PLLC
       Greg Murphy
       Morain & Murphy, LLC
       Wallace Jordan Ratliff & Brandt, LLC
       Elwood S. Simon & Associates, P.C.
       Kershaw, Cutter & Ratinoff, LLP
       Berman Devalerio Pease Tabacco Burt & Pucillo
       Mark Fischer
       Gearge Rawlings

-3-

EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

　　　　　　　　Plaintiff,

　　- vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

　　　　　　　　Defendants.

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

## DECLARATION OF KIMBERLY R. WEST, ESQ.

　　KIMBERLY R. WEST, ESQ., hereby declares under the penalty of perjury pursuant to

28 U.S.C. § 1746, the truth of the following:

　　1.　　I am a member of Wallace, Jordan, Ratliff & Brandt, LLC ("Wallace Jordan") a

　　　　law firm organized as a limited liability company under the laws of the State of

　　　　Alabama.

　　2.　　Wallace Jordan maintains its only offices in Birmingham, Alabama.

　　3.　　Wallace Jordan does not maintain an office in the State of Louisiana.

{2027 / DECL / 00086324.DOC v1}

4.     Wallace Jordan does not regularly practice law in the State of Louisiana.

5.     In connection with the settlements which led to the creation of the Rezulin

Settlement Fund at issue in this litigation, no one from Wallace Jordan engaged in

any activity or practice of law in the state of Louisiana.

6.     Wallace Jordan represented Blue Cross Blue Shield of Alabama, Blue Shield of

California, Blue Cross Blue Shield of Massachusetts, Blue Cross Blue Shield of

Michigan, Blue Cross Blue Shield of Minnesota and Blue Cross Blue Shield of

Florida, Inc. in the settlement of various claims relating to any and all Pfizer

products which could be asserted at any time prior to June 30, 2012 against

Warner Lambert or its parent company Pfizer (collectively "Pfizer") or Pfizer's

affiliates.

7.     In 2001, Wallace Jordan secured tolling agreements with Pfizer for its clients as to

their individual, non-class complaints arising from the Rezulin litigation which

were to be brought in Alabama.

8.     For this reason, Wallace Jordan did not appear in any litigation against Pfizer

relating to the prescription drug Rezulin in Louisiana or in any Court in the

country.

9.     Wallace Jordan had no agreement with any law firm regarding any joint venture

or sharing of its attorneys' fees, and did not participate in any way as putative

class counsel or otherwise in the Rezulin MDL.  Throughout, Wallace Jordan

pursued its clients' separate individual claims against Pfizer until the final

negotiations and ultimate resolution, which at Pfizer's insistence, included the

health plans represented by Plaintiffs and other Defendants.

10.     Wallace Jordan has been informed of the pendency of the case captioned *Dugan,*
        *et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court
        for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which
        Wallace Jordan was not named as a party.

11.     Wallace Jordan claims an attorneys' fee interest and costs in the Rezulin
        Settlement Fund.

12.     Wallace Jordan does not consent to the jurisdiction of the Civil District Court for
        the Parish of Orleans, State of Louisiana to determine Wallace Jordan's interest in
        the Rezulin Settlement Fund.

13.     Wallace Jordan consents to jurisdiction of the Southern District of New York to
        determine the parties' respective entitlement to the Rezulin Settlement Fund.

        _____
        KIMBERLY R. WEST, ESQ.

EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND, <br><br> Plaintiff, <br><br> - vs - <br><br> JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, <br><br> Defendants. | Case No. 08-CIV-0461 (KMK) <br><br> **ECF CASE** |

## DECLARATION OF ELWOOD S. SIMON, ESQ.

ELWOOD S. SIMON, ESQ., hereby declares under the penalty of perjury

pursuant to 28 U.S.C. § 1746, the truth of the following:

1.    I am the sole shareholder of Elwood S. Simon and Associates, P.C.

      ("ESS&A") a law firm organized as a professional corporation under the

      laws of the state of Michigan.

2.    ESS&A maintains its only offices in Birmingham, Michigan.

3.   ESS&A does not maintain an office in the state of Louisiana, or have any general contacts with the state of Louisiana.

4.   ESS&A does not practice law in the state of Louisiana.

5.   In connection with the litigation which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from ESS&A engaged in any activity or practice of law in the state of Louisiana.

6.   In connection with the litigation which led to the creation of the Rezulin Settlement Fund, ESS&A's sole activity in this matter was to assist Lowey Dannenberg in the litigation in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

7.   ESS&A has been informed of the pendency of the case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which ESS&A was not named as a party.

8.   ESS&A claims an interest in the Rezulin Settlement Fund.

9.   ESS&A will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine ESS&A's interest in the Rezulin Settlement Fund.

10.  ESS&A consents to jurisdiction of the Southern District of New York to determine the parties respective entitlement to the Rezulin Settlement Fund.

ELWOOD S. SIMON, ESQ.

# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

                    Plaintiff,

        - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

                    Defendants.

---

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

## DECLARATION OF C. BROOKS CUTTER, ESQ.

C. BROOKS CUTTER, ESQ., hereby declares under the penalty of perjury pursuant to

28 U.S.C. § 1746, the truth of the following:

1.    I am a partner in Kershaw, Cutter & Ratinoff, LLP ("Kershaw Cutter") a

      law firm organized as a limited liability partnership under the laws of the

      state of California.

2.    Kershaw Cutter maintains its only offices in Sacramento, California.

3.    No Kershaw Cutter partner is a citizen of Louisiana.

{2027 / DECL / 00086331.DOC v1}

4.    Kershaw Cutter does not maintain an office in the state of Louisiana.

5.    In connection with the litigation and/or settlements which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from Kershaw Cutter engaged in any activity or practice of law in the state of Louisiana.

6.    In connection with the litigation and/or settlements which led to the creation of the Rezulin Settlement Fund, Kershaw Cutter's sole activity in this matter was to act as co-counsel in the litigation in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

7.    Kershaw Cutter has been informed of the pendency of the case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which Kershaw Cutter was not named as a party.

8.    Kershaw Cutter claims an interest in the Rezulin Settlement Fund.

9.    Kershaw Cutter will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine Kershaw Cutter's interest in the Rezulin Settlement Fund.

10.    Kershaw Cutter consents to jurisdiction of the Southern District of New York to determine the parties' respective entitlement to the Rezulin Settlement Fund.

C. BROOKS CUTTER, ESQ.

{2027 / DECL / 00086331.DOC v1}

EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,<br><br>               Plaintiff,<br><br>  - vs -<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS,<br><br>               Defendants. | Case No. 08-CIV-0461 (KMK)<br><br>**ECF CASE** |

## DECLARATION OF MARK FISCHER, ESQ.

MARK FISCHER, ESQ., hereby declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, the truth of the following:

1.     I am the Chairman of Rawlings & Associates, PLLC ("Rawlings & Associates") a law firm organized as a professional limited liability company under the laws of the state of Kentucky.

2.     I am a citizen of the state of Kentucky.

3.     I do not have any general contacts with the state of Louisiana.

4.  Rawlings & Associates maintains its only offices in LaGrange, Kentucky.

5.  Rawlings & Associates does not maintain an office in the state of Louisiana, or have any general contacts with the state of Louisiana.

6.  Rawlings & Associates represented approximately 64 non-litigating health insurers in the settlement of various claims relating to any and all Pfizer products which could be asserted at any time prior to June 30, 2012 against Warner Lambert or its parent company Pfizer (collectively "Pfizer") or Pfizer's affiliates.

7.  In connecting therewith, I met with counsel for Pfizer in New York City to negotiate the settlement.

8.  In connection with the litigation and settlements which led to the creation of the Rezulin Settlement Fund, Rawlings & Associates appeared as counsel for the litigating plaintiffs in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

9.  I personally, along with Rawlings & Associates have been named as Defendants in a case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007).

10. I personally, along with Rawlings & Associates claim an interest in the Rezulin Settlement Fund.

11. I personally, along with Rawlings & Associates, will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of

Louisiana to determine my personal interest or Rawlings & Associates'
interest in the Rezulin Settlement Fund.

12.     I personally, along with Rawlings & Associates, consent to jurisdiction of
the Southern District of New York to determine the parties respective
entitlement to the Rezulin Settlement Fund.

MARK FISCHER, ESQ.

# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND.

             Plaintiff,

   - vs -

JAMES R. DUGAN, II. STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS.

             Defendants.

---

Case No. 08-CIV-0461 (LAK)

**ECF CASE**

## <u>DECLARATION OF MARK FISCHER, ESQ.</u>

MARK FISCHER, ESQ.. hereby declares under the penalty of perjury pursuant to 28

U.S.C. § 1746, the truth of the following:

    1.     I am the Chairman of Rawlings & Associates, PLLC ("Rawlings &

          Associates") a law firm organized as a professional limited liability

          company under the laws of the state of Kentucky.

    2.     On October 22, 2007, Rawlings & Associates received a distribution in the

          amount of $5,348,443.20 from Lowey Dannenberg Bemporad Selinger &

Cohen, P.C. as attorneys for Rezulin Settlement Fund Citibank Account No. 9977643705.

3.  The entire $5,348,443.20 (minus a $7,614.54) overpayment was distributed to settling insurers pursuant to the settlement agreement dated as of July 12, 2007.

4.  The $7,614.54 overpayment was returned to Citibank Account No. 9977643705 on October 24, 2007.

5.  No part of the $5,348,443.20 was retained by Rawlings & Associates as attorneys fees or expenses, and Rawlings & Associates has not received any legal fees or been reimbursed any expenses incurred in connection with the Rezulin Litigation.

MARK FISCHER, ESQ.

EXHIBIT 19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,<br><br>           Plaintiff,<br><br>  - vs -<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS,<br><br>           Defendants. | Case No. 08-CIV-0461 (KMK)<br><br>**ECF CASE** |

## DECLARATION OF GEORGE RAWLINGS, ESQ.

GEORGE RAWLINGS, ESQ., hereby declares under the penalty of perjury pursuant to

28 U.S.C. § 1746, the truth of the following:

1.     I am a principal in Rawlings & Associates, PLLC ("Rawlings & Associates") a law firm organized as a professional limited liability company under the laws of the state of Kentucky.

2.     I am a citizen of the state of Kentucky.

3.     I do not have any general contacts with the state of Louisiana.

4.     I have been named as a Defendant in a case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007).

5.     I claim an interest in the Rezulin Settlement Fund.

6.     I will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine my personal interest in the Rezulin Settlement Fund.

7.     I consent to jurisdiction of the Southern District of New York to determine the parties respective entitlement to the Rezulin Settlement Fund.

GEORGE RAWLINGS, ESQ.,

{2027 / DECL / 00086338.DOC v1}

# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN,
P.C., in its capacity as account holder of, and
party with interest in, the REZULIN
SETTLEMENT FUND,

                Plaintiff,

      - vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC,
ELWOOD S. SIMON & ASSOCIATES, P.C.,
KERSHAW, CUTTER & RATINOFF, LLP,
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO, MARK FISCHER,
GEORGE RAWLINGS,

                Defendants.

Case No. 08-CIV-0461 (KMK)

**ECF CASE**

## DECLARATION OF JOSEPH J. TABACOO, JR., ESQ.

JOSEPH J. TABACOO, JR., ESQ., hereby declares under the penalty of perjury pursuant

to 28 U.S.C. § 1746, the truth of the following:

    1.     I am a partner in Berman DeValerio Pease Tobacco Burt & Pucillo

          ("Berman DeValerio"), admitted to practice before this Court.

    2.     Berman DeValerio maintains its offices in Boston, Massachusetts, San

          Francisco, California, and West Palm Beach, Florida.

3.     No Berman DeValerio partner is a citizen of Louisiana, and Berman DeValerio does not maintain an office in the state of Louisiana

4.     Berman DeValerio's only business contacts with Louisiana have been in connection with occasional representation of certain Louisiana clients in securities litigation, none of which were litigated in any Louisiana forum.

5.     Berman DeValerio does not practice law in the state of Louisiana.

6.     In connection with the litigation which led to the creation of the Rezulin Settlement Fund at issue in this litigation, no one from Berman DeValerio engaged in any activity or practice of law in the state of Louisiana.

7.     In connection with the litigation which led to the creation of the Rezulin Settlement Fund, Berman DeValerio's sole activity in this matter was to assist Lowey Dannenberg in the litigation in the United States District Court for the Southern District of New York and/or the United States Court of Appeals for the Second Circuit.

8.     Berman DeValerio has been informed of the pendency of the case captioned *Dugan, et al. v. Murphy, et al.*, 2007-06907 from Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), in which Berman DeValerio was not named as a party.

9.     Berman DeValerio claims an interest in the Rezulin Settlement Fund

10.     Berman DeValerio will not consent to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana to determine Berman DeValerio's interest in the Rezulin Settlement Fund.

{2027 / DECL / 00086389.DOC v1}

11.  Berman DeValerio consents to jurisdiction of the Southern District of New

York to determine the parties respective entitlement to the Rezulin

Settlement Fund.

_____
JOSEPH J. TABACOO, JR., ESQ. (JT1994)

EXHIBIT 21

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

JAMES R. DUGAN, II and STEPHEN B.
MURRAY D/B/A THE MURRAY LAW
FIRM

             Plaintiffs,

   - vs -

GREG MURPHY, GEORGE RAWLINGS,
   MARK FISCHER, RAWLINGS AND
ASSOCIATES, PLLC, and LOWEY
DANNENBERG BEMPORAD &
SELINGER, PC,

             Defendants.

Case No. _____

**DECLARATION OF MARK D. FISCHER, ESQ.
IN SUPPORT OF PETITION FOR REMOVAL**

MARK D. FISCHER, ESQ., hereby declares pursuant to 28 U.S.C. § 1746, as follows:

1.    I am the Chairman of Rawlings & Associates, PLLC, a law firm located in
Louisville, Kentucky.

2.    On July 18, 2007, I received a letter from Plaintiff James R. Dugan II concerning
his fee interest in what he calls the "Rezulin Litigation" in his Petition filed in
*James R. Dugan, et al. v. Greg Murphy, et al.*, Docket No. 2007-06907 from
Section 10-F of the Civil District Court for the Parish of Orleans, State of
Louisiana.

3.    A true and correct copy of Mr. Dugan's July 18, 2007 letter is attached hereto as
Exhibit A. In this letter, Mr. Dugan demanded $1,500,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2007.

                                  MARK D. FISCHER, ESQ.

{1596 / DECL / 00083635.DOC v1}

# MURRAY LAW FIRM
### SUITE 1100 POYDRAS CENTER
### 650 POYDRAS STREET
### NEW ORLEANS, LOUISIANA 70130

STEPHEN B. MURRAY*
STEPHEN B. MURRAY, JR.
JULIE A. ARDOIN**
ARTHUR M. MURRAY
NICOLE IEYOUB-MURRAY
JESSICA W. HAYES
JAMES R. DUGAN, II
JUSTIN BLOOM ****
DOUGLAS R. PLYMALE, Ph.D.

* CERTIFIED AS A SPECIALTY IN
CIVIL TRIAL ADVOCACY BY THE NATIONAL
BOARD OF TRIAL ADVOCACY
** LICENSED IN LA & MS
*** LICENSED IN LA & TX
**** LICENSED IN FL & NY

TELEPHONE 504.525.8100
1.800.467.8100
FAX 504.584.5249
www.murraylawfirm.com

OF COUNSEL

JOSEPH A RACE
ROBERT J. DILIBERTO***
DAMON A. KIRIN

WILLIAM W. GOODELL, JR., L.L.M.
Energy and Environment

July 18, 2007

**Via Facsimile & E-Mail**

George Rawlings
Mark Fischer
The Rawlings Company, LLC
325 West Main Street, Suite 1700
Louisville, KY 40202

Dear Mark:

As per our conversation today, and all the reasons discussed, I am willing to settle our dispute for 1/3 of the total attorney's fees issued in this case. You stated that the attorney's fees will be coming out of the 5 million allocated in Article 3- Terms Relating To Rezulin Paragraph 1 Page 3 of the agreement which specifically authorizes $5,000,000.00 to be paid to you and Richard Cohen. In addition, you stated that approximately $300,000 to $500,000 will be going to Blue Cross Blue Shield of Louisiana and Eastern States Health and Welfare Fund as an award to dismiss their appeals. Consequently the total attorney's fees subject to this agreement are approximately 4.5 million to 4.7 million. My demand is for 1/3 of that amount or 1.5 million.

If you have any questions or comment in reference to the above please do not hesitate to call.

With kind personal regards, I am

Very truly yours,

James R. Dugan, II

JRD/tb
F:\Case Files\Rezulin\Correspondence 2007\letter.001.Steve.6.13.07.wpd