UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,

        Plaintiff,

- vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, SHIPMAN & GOODWIN, LLP,

        Defendants.

Case No. 08 Civ. 0461 (LAK)

HONORABLE LEWIS A. KAPLAN

**ECF CASE**

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS
JAMES R. DUGAN, II AND STEPHEN B. MURRAY
<u>d/b/a THE MURRAY LAW FIRM</u>**

Plaintiff Lowey Dannenberg Cohen, P.C., in its capacity as account holder of, and party with interest in, the Rezulin Settlement Fund (the "Fund") respectfully submits this Memorandum of Law in Support of its Motion for a Default Judgment, pursuant to Federal Rules of Civil Procedure 54 and 55 and Local Civil Rule 55.2. Plaintiff seeks the entry of a Final Default Judgment by the Court against Defendants James R. Dugan II, and Stephen B. Murray d/b/a the Murray law firm (collectively the "Dugan Defendants") for their failure to serve an Answer or to otherwise respond to Plaintiff's Amended Verified Complaint and Bill in the Nature of an Interpleader (the "Amended Complaint") within the time set forth in the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The Dugan Defendants have defaulted by their failure to answer, move or otherwise respond to the Amended Complaint within the time allowed by the Federal Rules of Civil Procedure. The Dugan Defendants' default has been noted by the Clerk of this Court, which has entered a Certificate of Default against the Dugan Defendants pursuant to Rule 55.1 of the Local Rules. *See* Exhibit 1 to the Affidavit of Todd S. Garber dated February 27, 2008.[1] A default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) should now be entered against the Dugan Defendants, and there being no just reason for delay, the Court should enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action seeks a judgment settling between Plaintiff and Defendants, including the Dugan Defendants, all claims which each or any of them have to the Fund, and to establish that Plaintiff and all Defendants other than the Dugan Defendants are entitled to compensation from

---

[1] Hereinafter references to the Affidavit of Todd S. Garber dated February 27, 2008 shall be referred to as "Garber Aff. ¶ ____."

2027 / BRF / 00087160.WPD v1

the Fund for their respective efforts which led to its creation. Garber Aff. ¶ 9.

This action was commenced on January 17, 2008 by the filing of the Complaint and Bill in the Nature of an Interpleader. Garber Aff ¶ 5. Copies of the Summons and Complaint were served on the Dugan Defendants on January 18, 2008, by personal service on James Dugan and by personal service at Defendant Stephen Murray's dwelling house or usual place of abode on Ken Huerta, a person of suitable age and discretion then residing therein. Proof of service was filed with the Court on January 22, 2008. (D.E. 4). Garber Aff. ¶ 5.

On January 23, 2008 the Dugan Defendants appeared through counsel, filing a motion to dismiss the Complaint and other papers. (D.E. 9-17). Garber Aff. ¶ 6. On January 26, 2008, Plaintiff filed an Amended Complaint. (D.E. 24). Garber Aff. ¶ 7. A copy of the Amended Complaint was served on the Dugan Defendants on January 26, 2008 via the Court's ECF system and on January 28, 2008 via email as an acceptable method of service by agreement of the parties. (D.E. 24 and 26). Garber Aff. ¶ 7.

The Dugan Defendants have not answered the Amended Complaint. Garber Aff. ¶ 9. Their time to serve a responsive pleading to the Amended Complaint expired on February 19, 2008, 24 days following January 26, 2008 (the date of service of the Amended Complaint by ECF) and 22 days following January 28, 2008 (the date of service by email). Fed. R. Civ. P. 12(a)(1)(A)(i).[2] Garber Aff. ¶ 9. The Dugan Defendants have not obtained an order enlarging their time to answer the Amended Complaint. Garber Aff. ¶ 9.

## ARGUMENT

A default judgment may be entered against any party over whom the court has jurisdiction

---

[2]February 16 and 17, 2008 were a Saturday and Sunday respectively and February 18, 2008 was President's Day, during which days the Court was closed.

who fails to plead or otherwise defend within the 20 days allowed by Rule 12(a). *See*, 10A *Charles Alan Wright, Arthur F. Miller & Mary Kay Kane*, Federal Practice and Procedure § 2682 (3d Ed. 1998). Federal Rule of Civil Procedure 55(b)(2) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." *Fed. R. Civ. P.* 55(b)(2). Pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.1, the Clerk of the Court issued a Certificate of Default signed February 26, 2008, noting the default of the Dugan Defendants for failure to answer Plaintiff's Amended Complaint.

As a result of the Dugan Defendant's failure to answer the Amended Complaint, the factual allegations set forth therein should be accepted by the Court as true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Amended Complaint alleges among other things that "Lowey Dannenberg and all Defendants other than Dugan and Murray are entitled to compensation from the Fund for their respective efforts which led to its creation." *See* Amended Complaint ¶¶ 36.

The Second Circuit has held that the default of interpleader defendants expedites the conclusion of interpleader actions by obviating the need for judicial determination of answering defendants' entitlement to a stake in the *res*. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir.1983). Furthermore, it has been repeatedly held that "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *See Amoco Production Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) quoting *General Accident Group v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn.1984); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir.1984) ("if all but one named interpleader

defendants defaulted, the remaining defendant would be entitled to the fund." ); *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, F. Supp. 197, 203 (S. D. Miss 1993) (same).

Because the Dugan Defendants have failed to answer or otherwise respond to the Amended Complaint, the allegations contained therein are accepted as true. Therefore, the Court may grant a default judgment against the Dugan Defendants, and the Dugan Defendants will have forfeited any claim of entitlement they might otherwise have had to the Rezulin Settlement Fund.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiff's Motion for a Default Judgment Against the Dugan Defendants dismissing with prejudice claims the Dugan Defendants have, may have, or may have had relating to or arising out of the Rezulin Settlement Fund, and enter the proposed form of final default judgment attached as exhibit 1 hereto.

Respectfully submitted this 27th day of February, 2008.
White Plains, NY

LOWEY DANNENBERG COHEN & HART, P.C.

/S/ Todd Garber
Richard W. Cohen (RC-5220)
Peter D. St. Phillip (PS-0726)
Thomas Skelton (TS-7908)
Todd S. Garber (TG-4620)
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: (914) 997-0500
Telecopier: (914) 997-0035

## CERTIFICATE OF SERVICE

I, Todd S. Garber, hereby certify under penalty of perjury that on February 27, 2008, I caused to be electronically filed the foregoing (1) Plaintiff's Motion For Final Default Judgment Against Defendants James R. Dugan, II and Stephen B. Murray, d/b/a The Murray Law Firm; (2) Plaintiff's Memorandum In Support of Its Motion For Final Default Judgment Against Defendants James R. Dugan, II and Stephen B. Murray, d/b/a The Murray Law Firm; (3) the February 27, 2008 Affidavit of Todd S. Garber; and (4) a Proposed Final Judgment and Order using the CM/ECF system which will send notification of such filing to registered counsel electronically.  A true and correct copy of the foregoing was sent via email to any party or counsel not receiving electronic service from the CM/ECF on this 27th day of February 2008.

/S/ *Todd Garber*
Todd S. Garber

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,<br><br>Plaintiff,<br><br>- vs -<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, SHIPMAN & GOODWIN, LLP,<br><br>Defendants. | Case No. 08 Civ. 0461 (LAK)<br><br>HONORABLE LEWIS A. KAPLAN<br><br>ECF CASE |

**FINAL JUDGMENT AND [PROPOSED] ORDER GRANTING DEFAULT JUDGMENT
AGAINST DEFENDANTS JAMES R. DUGAN, II AND STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM**

Lewis A. Kaplan, District Judge:

WHEREAS, this matter having come before the Court pursuant to the motion of Plaintiff Lowey Dannenberg Cohen, P.C., in its capacity as account holder of, and party with interest in, the Rezulin Settlement Fund (as that term is defined in the Amended Complaint filed January 26, 2008) For Default Judgment Against Defendants James R. Dugan, II and Stephen Murray d/b/a The Murray Law Firm (the "Dugan Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2); and

WHEREAS, this action having been commenced on January 17, 2008 by the filing of the a Complaint and Bill in the Nature of an Interpleader; and

WHEREAS, a copy of the Summons and Complaint having been served on the Dugan Defendants on January 18, 2008, by personal service on James Dugan and by personal service at Defendant Stephen Murray's dwelling house or usual place of abode on Ken Huerta, a person of suitable age and discretion then residing therein; and

WHEREAS, proof of service having been filed with the Court on January 22, 2008; and

WHEREAS, on January 23, 2008 the Dugan Defendants appeared through counsel, filing a motion to dismiss the Complaint and other papers.

WHEREAS, on January 26, 2008, Plaintiff having filed an Amended Complaint; and

WHEREAS, a copy of the Amended Complaint having been served on the Dugan Defendants on January 26, 2008 via the Court's ECF system and on January 28, 2008 via email as an acceptable method of service by agreement of the parties; and

WHEREAS, following a hearing on January 31, 2008, at which the Dugan Defendants appeared through counsel and participated in oral argument, the Dugan Defendants were permanently enjoined and restrained from instituting, prosecuting, or continuing to prosecute any

action or proceeding in any state or United States Court, including without limitation, *Dugan, et al. v. Murphy, et atl*, 2007-06907 in Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), relating to, affecting, or asserting any claim to the Rezulin Settlement Fund as that term is defined in the Amended Complaint; and

WHEREAS, the Dugan Defendants have not answered Plaintiff's Amended Complaint; and

WHEREAS, the time for the Dugan Defendants to serve a responsive pleading to the Amended Complaint expired on February 19, 2008, 24 days following January 26, 2008 (the date of service of the Amended Complaint via ECF) and 22 days following January 28, 2008 (the date of service via email). Fed. R. Civ. P. 12(a)(1)(A)(i); and

WHEREAS, the Dugan Defendants having not obtained an order enlarging their time to answer the Amended Complaint; and

WHEREAS, the Dugan Defendants are not minors, mentally incompetent, nor in the military service of the United States; and

WHEREAS, the Clerk having certified a default of the Dugan Defendants on February 26, 2008; and

WHEREAS, the Court having considered the Amended Complaint in this action, the Affidavit of Todd S. Garber supporting Plaintiff's Motion for a Final Default Judgment Against the Dugan Defendants, and Plaintiff's Memorandum of Law in Support of Its Motion for Final Default Judgment Against the Dugan Defendants; and

WHEREAS, the Court having found that all of the requirements for maintenance of an interpleader action have been met; it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiff's motion for a Final Default

Judgment Against the Dugan Defendants is granted, and it is further

ORDERED, ADJUDGED AND DECREED that any claim that the Dugan Defendants' have, or may have, or may claim to have to the Rezulin Settlement Fund or to any portion of the Rezulin Settlement Fund and any claims the Dugan Defendants have, may have or may claim to have against Plaintiff or the other Defendants relating to or arising out of the Rezulin Settlement Fund or to any portion of the Rezulin Settlement Fund, are hereby dismissed with prejudice; and

ORDERED, ADJUDGED AND DECREED that pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay of entry of this Final Judgment against the Dugan Defendants;

The Clerk of the Court is hereby directed to enter this Final Default Judgment against the Dugan Defendants without further delay or action by the Court.

Dated: New York, New York
       February _____, 2008

                                              _____
                                              UNITED STATES DISTRICT JUDGE