UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,

           Plaintiff,

- vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, SHIPMAN & GOODWIN, LLP,

           Defendants.

Case No. 08 Civ. 0461 (LAK)

HONORABLE LEWIS A. KAPLAN

ECF CASE

**AFFIDAVIT FOR FINAL JUDGMENT BY DEFAULT**

---

## AFFIDAVIT OF TODD S. GARBER

**COUNTY OF WESTCHESTER**    )
                                        : ss.:
**STATE OF NEW YORK**           )

TODD S. GARBER, being duly sworn, deposes and says:

1.    I am a lawyer admitted to practice before this court. I am employed as an associate with the firm of Lowey Dannenberg Cohen & Hart, P.C., counsel *pro se* for Plaintiff Lowey Dannenberg Cohen, P.C., in its capacity as account holder of, and party with interest in,

the Rezulin Settlement Fund (the "Fund") and I am familiar with all the facts and circumstances in this action.

2.  I make this affidavit pursuant to Rules 54 and 55 of the Federal Rules of Civil Procedure and Rule 55.2 of the Local Civil Rules for the Southern District of New York, in support of Plaintiff's Motion For Final Default Judgment Against Defendants James R. Dugan II, and Stephen B. Murray d/b/a the Murray Law Firm (the "Dugan Defendants").

3.  This is an action in the nature of an interpleader to determine between Plaintiff and the Defendants, including the Dugan Defendants, any and all claims which each or any of them have to the Fund.

4.  Jurisdiction of the subject matter of this action is based on 28 U.S.C. § 1335 because (a) the Fund constitutes property, an amount of money, or an obligation to pay money in excess of $500, (b) two or more adverse claimants of diverse citizenship as defined by 28 U.S.C. § 1332, claim to be entitled to the Fund; and (c) the Fund has been deposited into the registry of this Court.

5.  This action was commenced on January 17, 2008 by the filing of a Complaint and Bill in the Nature of an Interpleader. A copy of the summons and complaint was served on the Dugan Defendants on January 18, 2008, by personal service on James Dugan and by personal service at Defendant Stephen Murray's dwelling house or usual place of abode on Ken Huerta, a person of suitable age and discretion then residing therein. Proof of service was filed with the Court on January 22, 2008. (D.E. 4).

6.  On January 23, 2008 the Dugan Defendants appeared through counsel, filing a motion to dismiss the Complaint and other papers. (D.E. 9-17).

2027 / AFF / 00087164.WPD v1

7. On January 26, 2008, Plaintiff filed an Amended Complaint. (D.E. 24). A copy of the Amended Complaint was served on the Dugan Defendants on January 26, 2008 via the Court's ECF system and on January 28, 2008 via email as an acceptable method of service by agreement of the parties. (D.E. 24 and 26).

8. On January 31, 2008, following a hearing at which the Dugan Defendants appeared through counsel and participated in oral argument, the Dugan Defendants were permanently enjoined and restrained from instituting, prosecuting, or continuing to prosecute any action or proceeding in any state or United States Court, including without limitation, *Dugan, et al. v. Murphy, et atl*, 2007-06907 in Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), relating to, affecting, or asserting any claim to the Rezulin Settlement Fund as that term is defined in the Amended Complaint.

8. The Dugan Defendants have not answered Plaintiff's Amended Complaint. The time for the Dugan Defendants to serve a responsive pleading to the Amended Complaint expired on February 19, 2008, 24 days following January 26, 2008 (the date of service of the Amended Complaint by ECF) and 22 days following January 28, 2008 (the date of service by email). Fed. R. Civ. P. 12(a)(1)(A)(i). The Dugan Defendants have not obtained an order enlarging their time to answer the Amended Complaint.

9. This action seeks a judgment settling between Plaintiff and Defendants, including the Dugan Defendants, all claims which each or any of them have to the Fund, and to establish that Plaintiff and all Defendants other than the Dugan Defendants are entitled to compensation from the Fund for their respective efforts which led to its creation.

10. James Dugan and Stephen Murray are not minors, mentally incompetent, nor in the military service of the United States.

11. On February 26, 2008, the Clerk of the Court signed a Certificate of Default noting the default of the Dugan Defendants. A true and copy of the Clerk's Certificate of Default is annexed hereto as Exhibit 1.

_____
TODD S. GARBER

Sworn to before me this

27Th day of February, 2008.

_____
Notary Public

Scott V. Papp
Notary Public, State of New York
No. 01PA5006225
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Dec 29, 2009

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,<br><br>Plaintiff,<br><br>- vs -<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, SHIPMAN & GOODWIN, LLP,<br><br>Defendants. | Case No. 08 Civ. 0461 (LAK)<br><br>HONORABLE LEWIS A. KAPLAN<br><br>**ECF CASE**<br><br>**CLERK'S CERTIFICATE** |

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on January 17, 2008 with the filing of a Summons and Complaint, and Plaintiff filed a proof of service on January 22, 2008 showing that a copy of the Summons and Complaint was served on defendants James R. Dugan II, and Stephen B. Murray d/b/a the Murry law firm (collectively the "Dugan Defendants") by personal service on James Dugan and by personal service at Defendant Stephen Murray's dwelling house or usual place of abode on Ken Huerta, a person of suitable age and discretion then residing therein. (D.E. 4).

2027 / MISC / 00087138.WPD v2

I further certify that on January 23, 2008, the Dugan Defendants appeared through counsel, filing a motion to dismiss the Complaint and other papers. (D.E. 9-17).

I further certify that on January 26, 2008, Plaintiff filed an Amended Complaint. (D.E. 24). A copy of the Amended Complaint was served on the Dugan Defendants on January 26, 2008 via the Court's ECF system and on January 28, 2008 Plaintiff filed a proof of service showing that a copy of the Amended Complaint was served on the Dugan Defendants via email as an acceptable method of service by agreement of the parties. (D.E. 24 and 26).

I further certify that the docket entries indicate that the Dugan Defendants have not answered Plaintiff's Amended Complaint, their time to answer has expired, and the Dugan Defendants have neither sought nor obtained an extension of their time to answer the Amended Complaint filed. The default of the Dugan Defendants is hereby noted.

Dated: White Plains, New York

February 26, 2008

J. MICHAEL MCMAHON
CLERK OF THE COURT

BY: _____
Deputy Clerk

2027 / MISC / 00087138.WPD v2