UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND<br>Plaintiff<br>vs.<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS and SHIPMAN & GOODWIN<br>Defendants | Case No. 08 Civ. 0461<br>HONORABLE LEWIS A. KAPLAN<br><br>**ECF CASE** |

**DEFENDANTS', JAMES R. DUGAN, II AND STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RULE 12(B) OBJECTIONS, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT AND BILL IN THE NATURE OF AN INTERPLEADER**

NOW INTO COURT, come defendants, JAMES R. DUGAN, II and STEPHEN B. MURRAY d/b/a MURRAY LAW FIRM (hereinafter "Dugan and Murray"), by and through undersigned counsel, who defend, answer, aver and otherwise plead to Lowey Dannenberg Cohen, P.C.'s (hereinafter "Plaintiff") Amended Verified Complaint and Bill in the Nature of an Interpleader (hereinafter "Amended Complaint") as follows:

**RULE 12(B) OBJECTIONS/FIRST AFFIRMATIVE DEFENSE**

Pursuant to Rule 12(b)(1), Dugan and Murray object to Plaintiff's Amended Verified Complaint and Bill in the Nature of an Interpleader, for lack of subject matter jurisdiction. For all of the reasons set forth in Defendants' James R. Dugan, II and Stephen B. Murray d/b/a the Murray Law Firm Memorandum of Law in Support of Motion to Dismiss [Plaintiff's Original]

Complaint and Bill In Nature of Interpleader, incorporated in their entirety herein by reference, Plaintiff has not satisfied the jurisdictional requirements for an interpleader action, and Plaintiff's Amended Complaint did not cure any deficiencies except the addition of defendant, Shipman & Goodwin as a necessary party. Dugan and Murray herein reserve their right to raise this objection and set such Rule 12(b)(1) motion for hearing.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Dugan and Murray specifically give notice that they intend to rely upon such other defenses as may become available by law, statute, or during discovery proceedings of this case, and hereby reserve the right to amend their Answer and assert any such defenses.

Dugan and Murray respond to each individually numbered paragraph in the Amended Complaint as follows:

1.    The allegations of Paragraph 1 of the Amended Complaint are admitted.

2.    The allegations of Paragraph 2 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

3.    The allegations of Paragraph 3 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

4.    The allegations of Paragraph 4 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

5.    The allegations of Paragraph 5 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

6.    The allegations of Paragraph 6 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

7.    The allegations of Paragraph 7 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

8.      The allegations of Paragraph 8 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

9.      The allegations of Paragraph 9 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

10.     The allegations of Paragraph 10 of the Amended Complaint are admitted.

## THE PARTIES

11.     The allegations of Paragraph 11 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

12.     The allegations of Paragraph 12 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

13.     The allegations of Paragraph 13 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

14.     Dugan and Murray admit that James R. Dugan II ("Dugan") is an attorney who resides in, and is licensed to practice law in, Louisiana.  Dugan and Murray admit that Dugan is subject to personal jurisdiction of this Court.  Dugan and Murray admit that to the extent that the Fund is comprised of attorneys fees, Dugan claims and interest in the Fund.  Dugan and Murray deny the remaining allegations of Paragraph 14 of the Amended Complaint as written.

15.     Dugan and Murray admit that Stephen B. Murray d/b/a Murray Law Firm ("Murray") is an attorney who resides in, and is licensed to practice law in, Louisiana.  Dugan and Murray admit that Murray is subject to personal jurisdiction of this Court.  Dugan and Murray admit that to the extent that the Fund is comprised of attorneys fees, Murray claims and interest in the Fund.  Dugan and Murray deny the remaining allegations of Paragraph 15 of the Amended Complaint as written.

16.     The allegations of Paragraph 16 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

17.     The allegations of Paragraph 17 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

18.     The allegations of Paragraph 18 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

19.     The allegations of Paragraph 19 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

20.     The allegations of Paragraph 20 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

## JURISDICTION AND VENUE

21.     The allegations of Paragraph 22 of the Amended Complaint are denied as written.

22.     The allegations of Paragraph 23 of the Amended Complaint are denied as written.

## FACTS

23.     The allegations of Paragraph 23 of the Amended Complaint are admitted.

24.     The allegations of Paragraph 24 of the Amended Complaint are admitted.

25.     The allegations of Paragraph 25 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

26.     The allegations of Paragraph 26 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

27.     Dugan and Murray admit that Dugan and Murray appeared in the various cases in the Rezulin MDL 1348.  The remaining allegations of Paragraph 27 of the Amended Complaint are denied.

28.    The allegations of Paragraph 28 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

29.    The allegations of Paragraph 29 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

30.    The allegations of Paragraph 30 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

31.    The allegations of Paragraph 31 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

32.    The allegations of Paragraph 32 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

33.    The allegations of Paragraph 33 of the Amended Complaint are denied.

34.    The allegations of Paragraph 34 of the Amended Complaint are denied.

35.    The allegations of Paragraph 35 of the Amended Complaint are denied.

36.    The allegations of Paragraph 36 of the Amended Complaint are denied.

### DUGAN AND MURRAY'S ASSERTION OF CLAIMS TO THE FUND

37.    The allegations of Paragraph 37 of the Amended Complaint are denied as written.

38.    The allegations of Paragraph 38 of the Amended Complaint are denied as written.

39.    The allegations of Paragraph 39 of the Amended Complaint are denied as written.

40.    The allegations of Paragraph 40 of the Amended Complaint are denied as written.

41.    The allegations of Paragraph 41 of the Amended Complaint are denied as written.

42.    The allegations of Paragraph 42 of the Amended Complaint are admitted.

43.    The allegations of Paragraph 43 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

44.    The allegations of Paragraph 44 of the Amended Complaint are admitted.

45.    The allegations of Paragraph 45 of the Amended Complaint are admitted.

46.    The allegations of Paragraph 46 of the Amended Complaint are admitted.

47.    The allegations of Paragraph 47 of the Amended Complaint are denied as written.

48.    The allegations of Paragraph 48 of the Amended Complaint are denied.

49.    The allegations of Paragraph 49 of the Amended Complaint are denied.

50.    The allegations of Paragraph 50 of the Amended Complaint are denied.

51.    The allegations of Paragraph 51 of the Amended Complaint are denied as written.

52.    The allegations of Paragraph 52 of the Amended Complaint are denied as written.

## PRAYER FOR RELIEF

The allegations of the WHEREFORE paragraph, including subparts, 1. through 6., do not require a response by Dugan and Murray.  To the extent that they are deemed to require a response, however, they are denied.

## COUNTERCLAIM AND CROSS-CLAIMS

Dugan and Murray were counsel of record for and provided valuable attorney services for the "litigating insurers" in the "Rezulin litigation", as those terms are defined in the Amended Complaint.

Dugan and Murray allege that they are entitled to a substantial share of the Fund, to the extent that the Fund constitutes attorneys fees generated from the settlement of the Rezulin Litigation, pursuant to a joint-venture agreement as set forth in Defendants' James R. Dugan, II and Stephen B. Murray d/b/a the Murray Law Firm Memorandum of Law in Support of Motion to Dismiss [Plaintiff's Original] Complaint and Bill In Nature of Interpleader, incorporated in their entirety herein by reference.

Dugan and Murray allege, in the alternative, that they are entitled to a substantial share of the Fund, to the extent that the Fund constitutes attorneys fees generated from the settlement of the Rezulin Litigation, in consideration for their services in the Rezulin Litigation.

### DUGAN AND MURRAY'S PRAYER FOR RELIEF

WHEREFORE, Dugan and Murray pray that:

1.    This Answer be deemed good and sufficient;

2.    Plaintiff takes nothing by reason of Plaintiff's Amended Complaint;

3.    This Court award Dugan and Murray the full amount of the Fund to which they are entitled pursuant to the joint venture agreement;

4.    This Court award Dugan and Murray the full amount of the Fund to which they are otherwise entitled; and

5.    This Court award such other and further relief as this Court may deem just and proper.

Dated:        New Orleans, Louisiana
              February 29, 2008

                              Respectfully submitted,

                              /s/ Dane S. Ciolino_____
                              Dane S. Ciolino (DC-1964)
                              DANE S. CIOLINO, LLC
                              526 Pine Street, Fourth Floor
                              P.O. Box 850848
                              New Orleans, LA 70185-0848
                              Telephone: (504) 834-8519
                              Facsimile: (504) 324-0143
                              E-Mail: dciolino@loyno.edu

                              Counsel of record for Defendants, James R. Dugan, II and
                              Stephen B. Murray d/b/a The Murray Law Firm

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I caused to be electronically filed the foregoing Defendants', James R. Dugan, II And Stephen B. Murray d/b/a The Murray Law Firm, Rule 12(B) Objections, Answer and Affirmative Defenses to Plaintiff's First Amended Verified Complaint and Bill in the Nature of an Interpleader using the Court's CM/ECF system which will send notification of such filing to registered counsel electronically.  Pursuant to that notification, a true and exact copy of the foregoing was sent via email, fax, and/or U.S. mail to any party or counsel not receiving electronic service from CM/ECF this 29th day of February, 2008.

/s/ Dane S. Ciolino_____
Dane S. Ciolino (DC-1964)