UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOWEY DANNENBERG COHEN, P.C., its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND
Plaintiff,

vs.

JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS and SHIPMAN & GOODWIN, LLP
Defendants.

Case No. 08 Civ. 0461

HONORABLE LEWIS A. KAPLAN

**ECF CASE**

**DEFENDANTS', JAMES R. DUGAN, II AND STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT**

NOW INTO COURT, through undersigned counsel, come defendants, JAMES R. DUGAN, II and STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM ("Dugan and Murray"), and respectfully submit this Memorandum of Law in Support of Motion to Vacate Default.

On February 27, 2008, Plaintiff, Lowey Dannenberg Cohen, PC ("Lowey") moved this Court to enter a Default Judgment, pursuant to Federal Rules of Civil Procedure 54 and 55, and Local Civil Rule 55.2, against defendants Dugan and Murray on the grounds that they have failed to answer, move, or otherwise respond to Plaintiff's Amended Verified Complaint and Bill in the Nature of Interpleader (the "Amended Complaint") within the time set forth in the Federal Rules of Civil Procedure. Pursuant to Local Rule 55.2, Plaintiff had secured a Certificate from the Clerk of Court noting the Default of Dugan and Murray on February 26, 2008. On February

28, 2008, Dugan and Murray filed their Rule 12(b) Objections, Answer and Affirmative Defenses to the Amended Complaint. Defendants Dugan and Murray now move this Court, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, for an Order Vacating the Default of Dugan and Murray because 1) Justice demands a judgment on the merits rather than a default judgment; 2) since the filing of the Amended Complaint, Dugan and Murray have actively and constantly participated in this case by appearing in open court, complying with the Court's scheduling Order**,** and worked towards responding to Plaintiff's discovery while complying with the requirements of Rule 11, discussing settlement; and other acts in furtherance of this case, all of which make a default judgment inappropriate under Rule 55; 3) Dugan and Murray have now Answered the Amended Complaint; and 4) Plaintiff will not prejudiced by vacating the default.

**BACKGROUND**

On January 26, 2008, Plaintiff filed an Amended Complaint which was served on Dugan and Murray on January 26, 2008 via the Court's ECF system. Thereafter, on January 31, 2008, Dugan and Murray appeared, through undersigned counsel, at a hearing before the Court. That same day, this Court subsequently entered a Scheduling Order that set a discovery deadline of March 31, 2008, and deadlines for other pretrial proceedings in this case, including a deadline that the case be "read for trial" on April 30, 2008. On February 7, 2008, Plaintiff propounded discovery upon Dugan and Murray, and Noticed the depositions of James R. Dugan, II, Stephen B. Murray, Sr., and the Rule 30(b)(6) witnesses for Murray Law Firm, Dugan & Browne LLC, and Kahn Gauthier Swick, LLC. On February 20, 2008, Plaintiff filed a Stipulation and Proposed Order to enlarge the time that all the defendants except Dugan and Murray had to respond to the Amended Complaint. On February 21, 2008, this Court "So Ordered" that Stipulation, extending until April 30, 2008, the time for all Defendants, except Dugan and

Murray, to respond to the Amended Complaint—the same day of the deadline that the case be "ready for trial." On February 26, 2008, Plaintiff secured a Certificate from the Clerk of Court noting the Default of Dugan and Murray. On February 27, 2008, Plaintiff moved for a Default Judgment against Dugan and Murray. On February 28, 2008, Dugan and Murray filed their Rule 12(b) Objections, Answer and Affirmative Defenses to the Amended Complaint.

**ARGUMENT**

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c). "The filing of a late answer is analogous to a motion to vacate a default." See *John v. Sotheby's, Inc.*, 141 F.R.D.29, 35 (S.D.N.Y. 1992)(internal citations omitted). "This is because the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] moved under Rule 55(c) to set it aside.'" *Id*. (quoting *Meehan v. Snow*, 652 F.2d 274 at 276 (2d Cir. 1981). Accordingly, Dugan and Murray's Rule 12(b) Objections, Answer and Affirmative Defenses to the Amended Complaint, and all of Dugan and Murray's reasons and arguments contained herein, should be considered altogether as a motion, under Rule 55(c), to vacate the default noted by the Clerk of Court on February 26, 2008.

Defaults are disfavored and disputed in connection with a motion to vacate a default are resolved in favor of the movant so as to encourage a decision on the merits. See *Sotheby's*, F.R.D. 29 at 35, (citing *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983), *Snow*, 652 F.2d at 277.) In considering whether to set aside a default, either pursuant to Rule 55(c) or Rule 60(b), courts must consider whether: 1) the default was willful; 2) defendant has a meritorious defense; and 3) any prejudice will result to the non-defaulting party if relief is granted. *Id.* (citing *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983); *SEC v. Hasho*, 134 F.R.D. 74, 76 (S.D.N.Y. 1991).

All three of these factors weigh heavily in favor of granting Dugan and Murray's Motion to Vacate Default.

First, in light of the discussion at the hearing before the Court on January 31, 2008, Dugan and Murray, mistakenly, thought that submitting a formal Answer was moot, because the Court seemed to consider the Amended Complaint in its decision to deny Dugan and Murray's Motion to Dismiss the Original Complaint and Bill in the Nature of Interpleader for lack of subject matter jurisdiction and to proceed with this case by issuing a scheduling order for various pretrial deadlines. The Court's scheduling order did not address dates for responsive pleadings to the Amended Complaint. After the hearing before the Court, Dugan and Murray, in good faith have proceeded with this case. This is not a situation, like all of the cases cited by Plaintiff, where a defendant in an interpleader action did absolutely nothing and was then defaulted. Since the filing of the Amended Complaint, Dugan and Murray have actively and constantly participated in this case by appearing in open court, complying with the Court's scheduling Order**,** and worked towards responding to Plaintiff's discovery while complying with the requirements of Rule 11, discussing settlement; and other acts in furtherance of this case. Counsel for Dugan and Murray have been in near daily contact with Plaintiff, in discussing potential settlement and a discovery schedule, including setting dates for Rule 26 disclosures, document production, and various depositions of Plaintiff and Dugan and Murray. In no way can Dugan and Murray's failure to file a timely Answer to the Amended Complaint be equated to not vigorously proceeding with this case.

Second, Dugan and Murray certainly have a meritorious defense. Dugan and Murray claim entitlement to the *res* in this interpleader action via a joint-venture agreement for attorneys' fees, and in consideration for the valuable services performed in the underlying Rezulin Litigation. Dugan was the original counsel of record for one of the two plaintiffs in that

litigation, BlueCross BlueShield of Louisiana, and filed the original action in New Orleans, Louisiana. Dugan and Murray are therefore entitled to some portion of the Fund that has been deposited with this Court in this interpleader action.

Third, Plaintiff is not, and cannot be, prejudiced by vacating Dugan and Murray's default. Plaintiff has admitted that *all of the other Defendants* "are entitled to compensation from the Fund . .". See Amended Complaint at ¶ 36. Plaintiff stipulated with *all* of the other defendants that their time to respond to the Amended Complaint was extended until April 30, 2008. See Stipulation and Order Enlarging Time to Respond to Plaintiff's Amended Complaint and Bill in the Nature of Interpleader, February 21, 2008. April 30, 2008, is thirty (30) days after the deadline for discovery set by the Court, and is the date that this case is to be "ready for trial." See Scheduling Order, January 31, 2008. Plaintiff cannot, in good faith, claim that it will be prejudiced by vacating Dugan and Murray's default and allowing them to Answer sixty (60) days before any other Defendant will answer, and when Plaintiff is, and has always been, fully aware of Dugan and Murray's positions on all the issues in this case.

Finally, not permitting Dugan and Murray to Answer the Amended Complaint, and allowing them to assert the counterclaims and cross-claims alleged therein, and proceed to a judgment on the merits, would not serve the interests of justice by not providing *res judicata* preclusion of the related *in personam* claims, that are not currently part of this interpleader action but are included in Dugan and Murphy's Answer to the Amended Complaint, currently pending, but enjoined, in the *Dugan et al. v. Murphy et al*. case in Louisiana state court.

**CONCLUSION**

For the foregoing reasons, this Court should grant Defendants', James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm, Motion to Vacate Default.

Dated: New Orleans, Louisiana
February 29, 2008

Respectfully Submitted,

/s/ Dane S. Ciolino_________________
Dane S. Ciolino (DC-1964)
DANE S. CIOLINO, LLC
526 Pine Street, Fourth Floor
P.O. Box 850848
New Orleans, LA 70185-0848
Telephone: (504) 834-8519
Facsimile: (504) 324-0143
E-Mail: dciolino@loyno.edu

Counsel of record for Defendants, James R. Dugan, II and Stephen B. Murray d/b/a The Murray Law Firm

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I caused to be electronically filed the foregoing Memorandum of Law in Support of Motion to Vacate Default using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, a true and exact copy of the foregoing was sent via email, fax, and/or U.S. mail to any party or counsel not receiving electronic service from CM/ECF by ordinary U.S. Mail, this 29th day of February, 2008.

/s/ Dane S. Ciolino_________________
Dane S. Ciolino (DC-1964)