UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOWEY DANNENBERG COHEN, P.C., in its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND,

          Plaintiff,

- vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC, ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS, SHIPMAN & GOODWIN, LLP,

          Defendants.

Case No. 08 Civ. 0461 (LAK)

HONORABLE LEWIS A. KAPLAN

ECF CASE

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS
JAMES R. DUGAN, II AND STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM
AND IN OPPOSITION TO DEFENDANTS JAMES R. DUGAN, II AND STEPHEN B.
<u>MURRAY'S MOTION TO VACATE THE DEFAULT</u>**

2027 / BRF / 00087342.WPD v1

Plaintiff Lowey Dannenberg Cohen, P.C., in its capacity as account holder of, and party with interest in, the Rezulin Settlement Fund (the "Fund") respectfully submits this reply Memorandum of Law in Support of its Motion for a Default Judgment, pursuant to Federal Rules of Civil Procedure 54 and 55 and Local Civil Rule 55.2. Plaintiff seeks the entry of a Final Default Judgment by the Court against Defendants James R. Dugan II and Stephen B. Murray d/b/a the Murray law firm (collectively the "Dugan Defendants") for their failure to serve an Answer or motion in response to Plaintiff's Amended Verified Complaint and Bill in the Nature of an Interpleader (the "Amended Complaint") within the time allowed by the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The relevant facts are not in dispute. The Dugan Defendants were properly served with the Amended Complaint on January 26, 2008 via the Court's ECF system. Their deadline to respond was February 19, 2008. The Dugan Defendants defaulted. (D.E. 24, 26, 42-44). The Dugan Defendants' default has been noted by the Clerk of this Court, which has entered a Certificate of Default against the Dugan Defendants pursuant to Rule 55.1 of the Local Rules. *See* Exhibit 1 to the Affidavit of Todd S. Garber dated February 27, 2008. (D.E. 44).[1]

The Dugan Defendants now plead for leniency, but they have made no showing of good cause to set aside the default.

---

[1] Hereinafter references to the Affidavit of Todd S. Garber dated February 27, 2008 shall be referred to as "Garber Aff. ¶ ____."

2027 / BRF / 00087342.WPD v1

## ARGUMENT

I. **DEFENDANTS HAVE FAILED TO SET FORTH ANY "GOOD CAUSE" TO HAVE THE DEFAULT SET ASIDE**

The default against the Dugan Defendants should not be vacated, and a final default judgment should be entered by the Court. The Dugan Defendants fail to set forth any "good cause," as required by Fed. R. Civ. P. 55(c), sufficient to set aside the default.

The Second Circuit has established three criteria for "good cause": (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir.1994) (relying on Fed.R.Civ.P. 55(c)). Opposition to a motion for default judgment is evaluated under the same standards that apply to a Rule 55(c) motion to set aside an entry of default. *Id.* The default by the Dugan Defendants was willful. No meritorious defense has been presented. Finally, setting aside the default would prejudice Plaintiff. Therefore, the default should not be set aside and instead a final judgment of default should be entered.

Defaults are willful when a defendant ignores a complaint without action. *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998); *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d at 243-44 (default willful when attorney failed to answer the complaint); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991) (granting motion for default judgment upon defendant's admission that he deliberately chose not to appear); *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984) (granting motion for default when defendant knew of time to respond, but ignored obligation); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.

1980) (default found willful when attorney failed to comply with scheduling orders, particularly in light of the fact that party himself was an attorney).

The Dugan Defendants' argue in their motion to vacate that they "thought that submitting a formal Answer was moot, because the Court seemed to consider the Amended Complaint in its decision to deny Dugan and Murray's Motion to Dismiss the Original Complaint." *Def. Mem.* at 4. Their argument is frivolous. Counsel for the Dugan Defendants acknowledged twice on the record during the January 31, 2008 hearing on Plaintiff's motion for injunctive relief that Defendants' "time for answering or responding to the amended complaint is February 18." Transcript at 4 and 13.

In an effort to paint the false picture that the Dugan Defendants have been actively litigating this case, the Dugan Defendants' Memorandum compounds their disingenuous practice before this Court, asserting "Counsel for Dugan and Murray have been in near daily contact with Plaintiff." *Def. Mem.* at 4. That is a lie. The Dugan Defendants have persistently stonewalled Plaintiff on discovery since the January 31, 2008 hearing, ignoring Plaintiff's calls and correspondence and engaging in exactly one fruitless conversation on February 20, 2008, from January 31, 2008 until after they had defaulted *See* Skelton Decl. at ¶¶ 3-8.

The Dugan Defendants' default was willful.

The Dugan Defendants also have not demonstrated meritorious defense. To set aside a default, the defendant "must present **evidence of facts** that, if proven at trial, would constitute a complete defense." *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (emphasis added). The Amended Complaint alleges, and the January 28, 2008 Affidavit of Richard Cohen evidences, that the Fund, from which the Dugan Defendants now claim an interest, came into being despite, not

because of, the actions of the Dugan Defendants and that the Dugan Defendants have no interest in the Fund. Cplt. ¶¶ 33-36, 48; Cohen Aff. (D.E. 23-24). The Dugan Defendants have not offered any evidence to the contrary.

Finally, Plaintiff will suffer prejudice if the default is set aside. A party will suffer prejudice if setting aside a default will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *See C. Wright, A. Miller and M. Kane*, § 2699 at 536-37. Plaintiff cannot now serve timely discovery relating to the Dugan Defendants' Answer, as the time to serve such discovery has passed. *Fitzgibbon v. Sanyo Sec. America*, No. 92 Civ. 2818, 1994 WL 281928 (S.D.N.Y. Jun. 22, 1994); *James W. Moore, et al.*, 7 Moore's Federal Practice § 33.41[5] (3d ed. 2000) (parties must serve discovery in sufficient time to permit responding party the response time allowed under the Federal Rules of Civil Procedure before the discovery cut-off date).

Even if Plaintiff did not suffer prejudice, "an absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment [as] 'courts have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.'" *S.E.C. v. McNulty*, 137 F.3d 732, 738. Thus, the Court "has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." *Id.* The Dugan Defendants default was willful and the Dugan Defendants failed to present any evidence of any meritorious defense. Therefore, a default is appropriate.

## CONCLUSION

For the foregoing reasons, the Dugan Defendants' motion to set aside the default should be denied in its entirety, and this Court should enter a default judgment against the Dugan Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

Respectfully submitted this 7th day of March, 2008.
White Plains, NY

                            LOWEY DANNENBERG COHEN & HART, P.C.


                            ___/S/_____
                            Richard W. Cohen (RC-5220)
                            Peter D. St. Phillip (PS-0726)
                            Thomas Skelton  (TS-7908)
                            Todd S. Garber  (TG-4620)
                            One North Broadway, Suite 509
                            White Plains, NY 10601-2310
                            Telephone:  (914) 997-0500
                            Telecopier: (914) 997-0035

## CERTIFICATE OF SERVICE

I certify that I am over eighteen years of age and am not a party to this action. On March 7, 2008, I served a copy of the following documents:

1.  Reply Memorandum of Law in Support of Plaintiff's Motion For Final Default Judgment Against Defendants James R. Dugan, II and Stephen B. Murray D/b/a the Murray Law Firm and in Opposition to Defendants James R. Dugan, II and Stephen B. Murray's Motion to Vacate the Default, and

2.  Declaration of Thomas M. Skelton, including one appended exhibit,

using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, a true and correct copy of the foregoing was sent via email to any party or counsel not receiving electronic service from the CM/ECF pursuant to the consent of all parties to this form of service.

Dated:   March 7, 2008
         White Plains, New York


                                        /s/ Scott V. Papp
                                        SCOTT V. PAPP