UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOWEY DANNENBERG COHEN, P.C., its capacity as account holder of, and party with interest in, the REZULIN SETTLEMENT FUND<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>JAMES R. DUGAN, II, STEPHEN B. MURRAY d/b/a THE MURRAY LAW FIRM, RAWLINGS AND ASSOCIATES, PLLC, GREG MURPHY, MORAIN & MURPHY, LLC, WALLACE JORDAN RATLIFF & BRANDT, LLC ELWOOD S. SIMON & ASSOCIATES, P.C., KERSHAW, CUTTER & RATINOFF, LLP, BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, MARK FISCHER, GEORGE RAWLINGS and SHIPMAN & GOODWIN, LLP<br>　　　　　　　　　　Defendants. | Case No. 08 Civ. 0461<br>HONORABLE LEWIS A. KAPLAN<br><br>**ECF CASE** |

## DECLARATION OF JAMES R. DUGAN, II

I, JAMES R. DUGAN, II, hereby declare pursuant to 28 U.S.C. § 1746, as follows:

1.　I am an attorney admitted to practice in Louisiana, working for the Murray Law Firm.

2.　On Wednesday, January 30, 2008, at approximately 2:00 p.m. Central Standard Time (CST), I spoke via telephone with Thomas Sobol, esq., engaging his services to mediate settlement of this case and deliver that day a settlement offer to Richard Cohen of Lowey Dannenberg Cohen, P.C.

3.　On Wednesday, January 30, 2008, at 2:39 p.m. CST, Thomas Sobol, esq., sent me an email stating that he had spoken with Richard Cohen, but that the respective positions of each side were too far apart to make settlement probable.

4.  On Wednesday, January 30, 2008, at 3:07 p.m. CST, I sent an email to Thomas Sobol, asking him to relay a revised settlement offer to Richard Cohen.

5.  On Wednesday, January 30, 2008, at 3:07 p.m. CST, Thomas Sobol sent an email to me stating that he had left a message for Richard Cohen regarding settlement and was waiting to hear back from Mr. Cohen.

6.  On Thursday, January 31, 2008, at approximately 11:00 p.m. CST, I spoke via telephone with Thomas Sobol, who informed me that Richard Cohen would not accept my latest settlement offer.

7.  On Thursday, January 31, 2008, at approximately 12:30 p.m. CST, settlement was discussed among Dane Ciolino, esq., and Richard Cohen prior to the hearing on this matter; however no agreement was reached.

8.  On Thursday, February 7, 2008, Plaintiff propounded discovery to James R. Dugan, II and Stephen B. Murray d/b/a Murray Law Firm ("Dugan and Murray"), and Noticed both of their depositions for March 14, 2008. Plaintiff did not Notice the deposition of any other defendant aside from Dugan and Murray.

9.  On Friday, February 8, 2008, at 12:12 p.m. CST, I sent an email to Thomas Sobol, asking him to deliver that day another settlement offer to Lowey Dannenberg Cohen, P.C.

10. On February 20, 2008, Dane Ciolino spoke via telephone with Tom Skelton, esq., of Lowey Dannenburg Cohen, P.C., and informed him that Dugan and Murray were in the process of gathering responsive discovery materials and, and that since the process was still ongoing Mr. Ciolino could not agree to Plaintiff's proposed schedule for discovery and would need additional time to complete the process, but would inform Mr. Skelton of a date certain when Dugan and Murray would be able to respond to Plaintiff's written discovery.

11. On Friday, February 26, 2008, Thomas Sobol sent me an email informing me that Richard Cohen refused my latest settlement offer, and proposed a counter-offer. I replied to this email via email to Thomas Sobol, declining Richard Cohen's settlement counter-offer.

12. On Friday, February 28, 2008, Dane Ciolino, esq., sent an email to Thomas Skelton, of Lowey Dannenburg Cohen, P.C., offering that Dugan and Murray would accept Richard Cohen's settlement offer of January 31, 2008.

13. On Saturday, February 29, 2008, Thomas Skelton sent Dane Ciolino an email wherein Mr. Skelton refused Dane Ciolino's latest settlement of February 28, 2008, and proposed a substantially lower counter-offer.

14. On March 3, 2008, Dugan and Murray propounded written discovery on all other parties.

15. On March 3, 2008, in an effort to efficiently and expeditiously complete all discovery in a timely manner and at a mutually convenient location, rather than conducting the depositions of the parties at their principle places of business around the country, Dugan and Murray noticed the depositions of all other parties to be held consecutively on March 19, 2008, in New York City, for one hour each in duration starting with Dugan and Murray.

16. On March 4, 2008, Dane Ciolino proposed to all parties that written discovery be exchanged by March 14, 2008

17. On March 5, 2008, I contacted the chambers of Magistrate Judge Katz regarding potential settlement conference dates and Dane Ciolino relayed to all parties via email that Judge Katz was available for a settlement conference in this matter on March 19, 2008 at 10:00 a.m. Eastern Daylight Time (EDT), March 20, 2008 at 2:00 p.m. EDT, and March 21, 2008 at 10:00 a.m. EDT. Dane Ciolino requested that all parties respond to coordinate discovery responses,

scheduling the depositions of all parties, and the scheduling of the settlement conference with Judge Katz.

18.     On March 6, 2008, Jill M. O'Toole, esq., of Defendant, Shipman & Goodwin LLP, sent an email to Dane Ciolino stating that Shipman & Goodwin LLP was available to attend the settlement conference with Judge Katz on March 21, 2008, but not March 19, 2008 or March 20, 2008, and requested that the noticed deposition of Ross Garber, be moved to March 21, 2008.

19.     On March 7, 2008, Tom Skelton, sent via email a confrontational letter to Dane Ciolino advising that Plaintiff would not agree to Dugan and Murray's proposed discovery schedule, yet proposed no alternate discovery schedule. This letter further advised that Plaintiff would not respond to Dugan and Murray's discovery requests. This letter further threatened that Plaintiff would seek sanctions if Dugan and Murray did not respond to Plaintiff's discovery requests, despite refusing to respond to Dugan and Murray's discovery requests and refusing to even discuss dates for depositions of all parties.

20.     On March 9, 2008, Dane Ciolino sent a letter via email to Tom Skelton, repeating the request that all parties exchange written discovery responses on March 14, 2008. This letter also repeated the explanation that Dugan and Murray would be prepared to exchange written discovery on March 14, 2008, but not before then as they were still collecting responsive materials from multiple firms. This letter also repeated a request for a response as to the noticed deposition dates of all parties. This letter also reminded Mr. Skelton that the Court had referred this matter to Judge Katz for settlement by way of an Order of January 31, 2008, and repeated the request for a response as to when Plaintiff would be available for a settlement conference with Judge Katz.

21. On March 9, 2008, Tom Skelton sent via email a confrontational letter to Dane Ciolino advising that if Dugan and Murray responded to Plaintiff's discovery requests by "12:00 noon" of an undisclosed time zone, that Plaintiff would no longer seek sanctions. This letter further advised that if Dugan and Murray responded to Plaintiff's discovery requests, Plaintiff demanded that the deposition of Dugan and Murray take place on March 17, 2008 and March 18, 2008, at the Plaintiff's office in White Plains, New York, in contravention of Federal Rule of Civil Procedure Rule 26 and case law. This letter affirmed that Plaintiff refused to respond to Dugan and Murray's discovery and refused to produce Mr. Cohen for deposition. This letter denied that this Court ordered a settlement conference with Magistrate Judge Katz, but proposed alternate dates in April for such settlement conference, without consultation on whether Judge Katz was available on those dates or not

22. On March 10, 2008, Dane Ciolino sent a letter via email to Tom Skelton attaching a copy of this Court's Order of January 31, 2008, ordering a settlement conference with Judge Katz. This letter further advised Mr. Skelton that unilateral cessation of responding to discovery by Plaintiff was inappropriate and not fair, and suggested that either all parties suspend discovery while Plaintiff's Motion for Default Judgment was pending, or that discovery proceed by all parties, including Plaintiff, and that Dugan and Murray preferred to proceed with discovery.

23. On March 11, 2008, Tom Skelton sent another confrontational letter via email to Dane Ciolino advising that Plaintiff still refused to respond to Dugan and Murray's discovery or produce Mr. Cohen for deposition while still threatening sanctions if Dugan and Murray did not respond to Plaintiff's written discovery by March 14, 2008, and produce myself and Stephen B. Murray, Sr. for depositions on March 17, 2008 and March 18, 2008 at Plaintiff's offices in White Plains, New York.

Case 1:08-cv-00461-LAK   Document 54   Filed 03/11/2008   Page 6 of 7

24. Dugan and Murray have not agreed to be deposed in Plaintiff's office in White Plains, New York, which is inappropriate under the Federal Rules of Civil Procedure and case law, but have instead proposed that all parties agree to be deposed in the most mutually convenient location, New York City.

25. On March 11, 2008, Dane Ciolino sent an email to Tom Skelton requesting the authority upon which Plaintiff contends that unilateral cessation of discovery by one party is appropriate.

26. Dugan and Murray have not received discovery from any other defendant.

27. Except for Plaintiff noticing the depositions of Dugan and Murray, and Dugan and Murray noticing the depositions of all other defendants, no other depositions have been set either via notice or subpoena in this case.

28. Except for Shipman & Goodwin, LLP, no other defendant has responded to any of Dane Ciolino's communications regarding discovery.

29. I declare under penalty of perjury that the forgoing is true and correct.

Dated:   March 11, 2008
         New Orleans, Louisiana

                                                    _____
                                                    JAMES R. DUGAN, II

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, I caused to be electronically filed the foregoing Declaration of James R. Dugan, II using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, a true and exact copy of the foregoing was sent via email, fax, and/or U.S. mail to any party or counsel not receiving electronic service from CM/ECF by ordinary U.S. Mail, this 11th day of March, 2008.

/s/ Dane S. Ciolino
Dane S. Ciolino (DC-1964)