UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LOWEY DANNENBERG COHEN PC, etc.,

                Plaintiff,

      -against-                          08 Civ. 0461 (LAK)

JAMES R. DUGAN, II, et al.,

                Defendants.
------------------------------------x

**MEMORANDUM OPINION**

    Appearances:

           Richard W. Cohen
           Peter D. St. Phillip
           Thomas Skelton
           Todd S. Garber
           LOWEY DANNENBERG COHEN PC
           *Plaintiff* Pro Se

           Dane S. Ciolino
           DANE S. CIOLINO, LLC
           *Attorney for Defendants*


LEWIS A. KAPLAN, *District Judge.*

        This is an interpleader action involving a dispute over fees among plaintiffs' attorneys in the *Rezulin* multidistrict litigation. The matter is before the Court on the motion of defendants

Dugan and Murray, d/b/a The Murray Law Firm, to vacate the default entered against them by the Clerk on February 26, 2008.

*Facts*

The present dispute has its genesis in two actions brought against Warner-Lambert and Pfizer on behalf of certain third-party payers with respect to the diabetes drug, Rezulin. After extensive proceedings in which the Lowey Dannenberg firm ("Lowey"), plaintiff here, played an important role, the cases were settled and a sum of money was generated for payment of plaintiffs' counsel. Dugan and Murray then commenced an action against Lowey in a Louisiana state court claiming that they had entered into a joint venture with Lowey and others to work on the third-party payer cases and that Dugan and Murray were entitled to a share of the fees. The action was removed to the district court and transferred here by the Multidistrict Panel. I then granted the motion of Dugan and Murray to remand the case to the Louisiana state court for lack of subject matter jurisdiction.[1]

On January 17, 2008, Lowey filed the present action, interpleading Dugan, Murray and other claimants to the fund. It promptly moved for leave to pay the disputed funds into Court and for a preliminary injunction barring Dugan and Murray from pursuing other litigation with respect to this dispute, the latter doubtless having been directed at Dugan's and Murray's then recently remanded Louisiana state court action.

---

[1] *In re Rezulin Prods. Liability Litig.,* No. 00 Civ. 2843 (LAK), 2008 WL 149147 (S.D.N.Y. Jan. 16, 2008).

3

On January 26, 2008, Lowey served and filed (through the CM/ECF system) an amended complaint. An answer or responsive motion therefore was due on February 19, 2008.[2] Dugan and Murray defaulted. The Clerk signed a certificate of default on February 26, 2008.[3] On the following day, Lowey moved for a default judgment against Dugan and Murray. That motion remains pending and will be decided after disposition of the present motion.

*Discussion*

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." The question therefore is whether there is good cause to set aside the Clerk's certificate.

"[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."[4] "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[5] Accordingly, the Court proceeds to those factors.

---

[2] Docket item 26.

[3] Garber Aff. ¶ 11 & Ex. 1 (docket item 44)

[4] *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981).

[5] *Id.* at 277.

4

As an initial matter, Lowey has made no persuasive showing of prejudice. While the time for discovery now has passed, it lies within the Court's power to afford a further opportunity if that were appropriate. Thus, this factor favors Dugan and Murray. They do not fare so well, however, on the remaining factors.

To begin, the only excuse offered by Dugan and Murray for failing to answer or move with respect to the complaint on or before February 19, as required, is the assertion – unsworn and appearing only in their memorandum – that "in light of the discussion at the hearing before the Court on January 31, 2008, Dugan and Murray, mistakenly, thought that submitting a formal Answer was moot, because the Court seemed to consider the Amended Complaint in its decision to deny" their motion to dismiss the original complaint for lack of subject matter jurisdiction.[6] Even putting aside the fact that the claim of mistake is unsupported by any affidavit or declaration, and the Court declines to put it aside, it is irreconcilable with the events of January 31. On that occasion, counsel for Dugan and Murray said:

> "Your Honor, I believe it [i.e., the motion to dismiss] is moot because they [Lowey] filed an amended complaint that cured many of the problems that we raised with the original complaint. *Our time for filing a responsive pleadings [sic] I think runs until February 18*. At that point we will evaluate whether to file a motion to dismiss the amended complaint."[7]

A few moments later, counsel for Dugan and Murray reiterated the same point, stating that "[o]ur time for answering or responding to the amended complaint is February 18 . . . ."[8] In consequence,

---

[6] Def. Mem. 4.

[7] Tr., Jan. 31, 2008, at 3-4.

[8] *Id.* at 13.

5

the failure to file an answer or responsive motion was not the product of a mistaken belief that the Court had dispensed with any need to do so.

Wilfullness, in the context of a default, typically "refer[s] to conduct that is more than merely negligent or careless."[9] Willfulness does not require a finding of bad faith. "[I]t is sufficient that the defendant defaulted deliberately."[10]

As the Court of Appeals said in *McNulty*:

> "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained. *See, e.g., American Alliance,* 92 F.3d at 60-61 (discussing cases). Thus, defaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment, *see United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976) (*'Cirami I'*); or failed, for flimsy reasons, to comply with scheduling orders, *see, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666 (2d Cir.1980); or failed, for untenable reasons, after defendants had 'purposely evaded service for months,' to answer the complaint, *Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d at 243-44; or failed, for incredible reasons, to appear for a scheduled pretrial conference and unaccountably delayed more than 10 months before moving to vacate the ensuing default, *see Dominguez v. United States,* 583 F.2d 615, 618 (2d Cir.1978) (per curiam), *cert. denied,* 439 U.S. 1117, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1979)."[11]

Here, Dugan and Murray have offered no explanation at all under oath. Their unsworn excuse is, to put it more charitably than it deserves, "flimsy." In the circumstances, the Court finds that the default was willful.

---

[9] *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998); *see also New York v. Green*, 420 F.3d 99, 104-05 (2d Cir. 2005).

[10] *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998).

[11] *McNulty*, 137 F.3d at 738-39.

6

Turning to the question whether Dugan and Murray have shown sufficiently that they have a meritorious defense, we begin with the pertinent standard. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, . . . but he must present evidence of facts that, if proven at trial, would constitute a complete defense."[12] Dugan and Murray have made a bald and conclusory assertion that they had formed a joint venture with Lowey and others to pursue the two third-party payer cases.[13] They have offered no factual allegations, affidavits, or other evidence to support their assertion that there was a joint venture. Thus, they have not presented "evidence of facts that, if proven at trial, would constitute a complete defense."[14]

In the last analysis, a motion to vacate a default is addressed to the sound discretion of the district court.[15] Even bearing in mind that this discretion should be exercised in light of the strong preference for resolving disputes on the merits rather than by default, the Court on balance declines to exercise its discretion in favor of Dugan and Murray. Their underlying claim is unsupported by anything other than a bald assertion. The only excuse offered for the default was

---

[12] *Id.* at 740 (internal quotation marks and citations omitted).

[13] Dugan/Murray Mem. [DI 10], at 2-4; Dugan/Murray Mem. Ex. A (copy of the Dugan and Murray's petition filed in Louisiana court); Dugan/Murray Answer & Cross-Cl. [DI 45], at 6-7.

[14] *See, e.g.*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) ("A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense."); *Sony Corp. V. Elm State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) ("[T]he moving party on a motion to reopen a default must support its general denials with some underlying facts.").

[15] *E.g., New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

7

blatantly false. Accordingly, notwithstanding the fact that Lowey has not advanced any persuasive claim of prejudice, the motion to vacate the default [docket item 46] is denied.

        SO ORDERED.

Dated:       March 28, 2008

                                                    Lewis A. Kaplan
                                             United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)