UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08
```

LOWEY DANNENBERG COHEN, P.C., in its
capacity as account holder of, and party with interest
in, the REZULIN SETTLEMENT FUND,

    Plaintiff,

- vs -

JAMES R. DUGAN, II, STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM, RAWLINGS
AND ASSOCIATES, PLLC, GREG MURPHY,
MORAIN & MURPHY, LLC, WALLACE
JORDAN RATLIFF & BRANDT, LLC, ELWOOD
S. SIMON & ASSOCIATES, P.C., KERSHAW,
CUTTER & RATINOFF, LLP, BERMAN
DEVALERIO PEASE TABACCO BURT &
PUCILLO, MARK FISCHER, GEORGE
RAWLINGS, SHIPMAN & GOODWIN, LLP,

    Defendants.

Case No. 08 Civ. 0461 (LAK)

HONORABLE LEWIS A. KAPLAN

ECF CASE

**FINAL JUDGMENT AND [PROPOSED] ORDER GRANTING DEFAULT JUDGMENT
AGAINST DEFENDANTS JAMES R. DUGAN, II AND STEPHEN B. MURRAY
d/b/a THE MURRAY LAW FIRM**

2027 / ORD / 00087163.WPD v1

Lewis A. Kaplan, District Judge:

WHEREAS, this matter having come before the Court pursuant to the motion of Plaintiff Lowey Dannenberg Cohen, P.C., in its capacity as account holder of, and party with interest in, the Rezulin Settlement Fund (as that term is defined in the Amended Complaint filed January 26, 2008) For Default Judgment Against Defendants James R. Dugan, II and Stephen Murray d/b/a The Murray Law Firm (the "Dugan Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2); and

WHEREAS, this action having been commenced on January 17, 2008 by the filing of the a Complaint and Bill in the Nature of an Interpleader; and

WHEREAS, a copy of the Summons and Complaint having been served on the Dugan Defendants on January 18, 2008, by personal service on James Dugan and by personal service at Defendant Stephen Murray's dwelling house or usual place of abode on Ken Huerta, a person of suitable age and discretion then residing therein; and

WHEREAS, proof of service having been filed with the Court on January 22, 2008; and

WHEREAS, on January 23, 2008 the Dugan Defendants appeared through counsel, filing a motion to dismiss the Complaint and other papers.

WHEREAS, on January 26, 2008, Plaintiff having filed an Amended Complaint; and

WHEREAS, a copy of the Amended Complaint having been served on the Dugan Defendants on January 26, 2008 via the Court's ECF system and on January 28, 2008 via email as an acceptable method of service by agreement of the parties; and

WHEREAS, following a hearing on January 31, 2008, at which the Dugan Defendants appeared through counsel and participated in oral argument, the Dugan Defendants were permanently enjoined and restrained from instituting, prosecuting, or continuing to prosecute any

action or proceeding in any state or United States Court, including without limitation, *Dugan, et al. v. Murphy, et atl*, 2007-06907 in Section 10-F of the Civil District Court for the Parish of Orleans, State of Louisiana (filed July 18, 2007), relating to, affecting, or asserting any claim to the Rezulin Settlement Fund as that term is defined in the Amended Complaint; and

WHEREAS, the Dugan Defendants have not answered Plaintiff's Amended Complaint; and

WHEREAS, the time for the Dugan Defendants to serve a responsive pleading to the Amended Complaint expired on February 19, 2008, 24 days following January 26, 2008 (the date of service of the Amended Complaint via ECF) and 22 days following January 28, 2008 (the date of service via email). Fed. R. Civ. P. 12(a)(1)(A)(i); and

WHEREAS, the Dugan Defendants having not obtained an order enlarging their time to answer the Amended Complaint; and

WHEREAS, the Dugan Defendants are not minors, mentally incompetent, nor in the military service of the United States; and

WHEREAS, the Clerk having certified a default of the Dugan Defendants on February 26, 2008; and

WHEREAS, the Court having considered the Amended Complaint in this action, the Affidavit of Todd S. Garber supporting Plaintiff's Motion for a Final Default Judgment Against the Dugan Defendants, and Plaintiff's Memorandum of Law in Support of Its Motion for Final Default Judgment Against the Dugan Defendants; and

WHEREAS, the Court having found that all of the requirements for maintenance of an interpleader action have been met; it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiff's motion for a Final Default



Judgment Against the Dugan Defendants is granted, and it is further

ORDERED, ADJUDGED AND DECREED that any claim that the Dugan Defendants' have, or may have, or may claim to have to the Rezulin Settlement Fund or to any portion of the Rezulin Settlement Fund and any claims the Dugan Defendants have, may have or may claim to have against Plaintiff or the other Defendants relating to or arising out of the Rezulin Settlement Fund or to any portion of the Rezulin Settlement Fund, are hereby dismissed with prejudice; and

ORDERED, ADJUDGED AND DECREED that pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay of entry of this Final Judgment against the Dugan Defendants *as this judgment fully resolves all claims involving them and there appear to be no other related issues in dispute.*

The Clerk of the Court is hereby directed to enter this Final Default Judgment against the Dugan Defendants without further delay or action by the Court.

Dated: New York, New York
~~February~~ ____, 2008
March 28

_____
UNITED STATES DISTRICT JUDGE

2027 / ORD / 00087163.WPD v1                    4